# EXHIBIT G

**PLAINTIFF'S COMPLAINT
AND DEMAND FOR JURY TRIAL**

*NOAH PETERSEN
V.
CITY OF NEWTON, IOWA, ET AL.,*

## IN THE IOWA DISTRICT COURT FOR JASPER COUNTY

| | |
|---|---|
| **CITY OF NEWTON, IOWA**<br>    Plaintiff,<br><br>vs.<br><br>**NOAH JAMES PETERSEN,**<br>    Defendant | Case No. SMAC016647<br><br><br>ORDER DENYING MOTION TO DISMISS AND VERDICT |

On December 15, 2022 this matter came before the Court on a Motion to Dismiss filed by the Defendant.  The Defendant appeared with counsel Gina Messamer.  The City was represented by City Attorney Shannon Archer.  Briefs were filed and reviewed and argument was heard.  Exhibits were received into evidence.

The Defendant's position is the charge violates the Defendant's First Amendment rights and the complaint filed against the Defendant did not establish probable cause.  The City's position is that Iowa Rule of Criminal Procedure 2.2(1) does not apply to this offense.

After reviewing the briefings, argument, and applicable law, the Court finds probable cause is sustained for the above charge.  State v. Gregory, 327 N.W.2d 218, 220 (Iowa 1982) ("Probable cause to make a warrantless arrest turns upon the circumstances of each case. The facts must rise above mere suspicion but need not be so strong as to convince the officers that the subject is guilty. They must merely provide a reasonable basis for believing the subject is guilty." Citing State v. Harvey, 242 N.W.2d 330, 340 (Iowa 1976)).

In addition, the application of the First Amendment defense requires a factual determination including but not limited to whether or not the Defendant was acting without "lawful authority or color

of authority." Iowa Code 723.4(1)(D). Therefore, the Court denies the Defendant's Motion to Dismiss.

The matter then proceeded to trial. The Court heard testimony from Newton Police Chief Rob Burdess. Exhibits were received into evidence and argument heard.

On October 3, 2022, Defendant Noah Petersen was arrested and charged with Disorderly Conduct, in violation of Iowa Code Section 723.4(1)(D). Subsequently, the complaint was amended to reflect a violation of Newton Iowa Code of Ordinances, Section 130.01(V). The ordinance incorporates the language of Iowa Code Section 723.4. The Defendant filed a plea of not guilty, a notice of defense and a motion to dismiss. The motion to dismiss is discussed above.

Based on the testimony and video exhibit evidence, on October 3, 2022, the Defendant attended a city council meeting at Newton City Hall. A meeting agenda was published and available for all participants which contained the following language:

"**Citizen Participation**

4.     This is the time of the meeting that a citizen may address the Council on matters that are included in the consent agenda or a matter that is not on the regular agenda. After being recognized by the Mayor, each person will be given three (3) minutes to speak. Comments and/or questions must be related to the City policies or the provision of City services and shall not include derogatory statements or comments about any individual. Except in cases of legal emergency, the City Council cannot take formal action at the meeting, but may ask the City staff to research the matter or have the matter placed on a subsequent agenda." (Defense Exhibit C)

Iowa Code Section 21.7 authorizes rules of conduct at meetings open to the public and states in relevant part:

"Nothing in this chapter shall prevent a governmental body from making and enforcing reasonable rules for the conduct of its meetings to assure those meetings are orderly, and free from interference or interruption by spectators."  Iowa Code Section 21.7 (2021).

At the October 3, 2022 City Council meeting, the Defendant was afforded an opportunity to speak.  Once at the podium he began reading a prepared statement from what appeared to be a cell phone. (Defense Exhibit E)  After confirmation is heard off camera that the Defendant's three minute time period was being clocked, the Defendant continued.  The Defendant proceeded with a statement that the Newton Police Department was "pro domestic abuse" and was "currently employing a domestic abuser and choosing not to release the records about that domestic abuser."  It was at this point a gavel is heard pounding off camera as well as the words "you are out of order, sir." Based on the testimony received, the gavel and statement was from the Mayor.   From this point forward, Chief Burdess is summoned and the situation devolves into the Defendant and the Mayor attempting to talk over each other.  Chief Burdess is then asked to escort the Defendant out of the City Council Chambers.  The Defendant asserted his right to speak for his allotted three minutes.  The Mayor asserted the Defendant was violating the City Council's rules.  The Defendant was then placed in handcuffs and escorted from the City Council chambers.  Id. at 2:25.

Newton Code of Ordinances Section 130.01 (V) states: "Disorderly conduct, as defined in Iowa Code section 723.4."  Code of Ordinances, City of Newton, Iowa (2021).  Iowa Code section 723.4 states in relevant part:

"1. A person commits a simple misdemeanor when the person does any of the following:

. . .

d. Without lawful authority or color of authority, the person disturbs any lawful assembly or meeting of persons by conduct intended to disrupt the meeting or assembly."  Iowa Code 723.4 (2022).

The Defendant asserts that under these specific circumstances, the First Amendment to the United States' Constitution provided him with "lawful authority" or "color of authority" to engage in the activity exhibited at the October 3, 2022 City Council meeting. In regard to the Newton City Council rule prohibiting derogatory statements or comments about any individual, he further asserts that the term "derogatory" is vague.

The First Amendment to the United States Constitution states:

"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or of abridging the freedom of speech…" U.S. CONST. amend. I. The First Amendment is incorporated to the states via the Due Process Clause of the 14th Amendment. See, Murdock v. Pennsylvania, 319 U.S. 105, 108 (1943).

The First Amendment is an integral part of our law and social framework. Speech concerning public affairs is the essence of self-government. Snyder v. Phelps, 562 U.S. 443, 452 (2011). However, the First Amendment is not absolute. R.A.V. v. City of St. Paul, Minn., 505 U.S.377, 383 (1992) (e.g. obscenity, defamation, "fighting words,"etc.).

The Iowa Supreme Court has applied a three part test when applying the First Amendment to criminal sanctions and meeting rules. State v. Hardin, 498 N.W. 2nd 677 (1993). Criminal sanctions would be warranted only if the Defendant's activity itself and not the content of the activity's expression substantially impaired the effective conduct of a meeting. Id. at 680. The test to apply this measure includes: 1) the nature of the meeting involved; 2) whether the activity substantially impaired the conduct of the meeting; and 3) whether the defendant knew, or should have known, that the conduct violated an applicable custom, usage, or rule of the meeting. Id.

The Newton City Council meeting on October 3, 2022 would be considered a limited public forum under First Amendment analysis. See, e.g., Galena v. Leone, 638 F.3d 186, 199 (3d Cir. 2011) Powell v. Noble, 798 F.3d 690, 699 (8th Cir. 2015). In a limited public forum, certain

restrictions on speech are permitted, so long as they "are reasonable and viewpoint-neutral." Powell, 798 F.3d at 700. In regard to the initial Hardin factor, the nature of this meeting included a specific forum for citizens to participate and share input on City services and policies.

The second factor is whether the activity substantially impaired the conduct of the meeting. The Defendant read from a prepared statement. He used no profane language and engaged in no activity which could be considered as boisterous or disruptive such that it would impair the conduct of the meeting. He remained behind the podium and did not use abusive language or gestures. Nothing in the Defendant's actions substantially impaired the conduct of the meeting.

The final factor is whether the defendant knew, or should have known, that the conduct violated an applicable rule of the meeting. In this case, the rule in question was posted on the City Council agenda. The rule purports to prohibit "derogatory statements" or "comments about any individual." "Derogatory is defined as: 1) expressive of a low opinion: Disparaging, 2) detracting from the character or standing of something." Merriam-Webster's Dictionary, 2022. By definition, the term derogatory cannot be considered view point neutral. The word itself implies a negative or low opinion. Arguably, some derogatory statements can be disruptive and therefore can cause interference or disruption with a meeting while some would not.

In addition, the Newton City Council Participation Rules relate to derogatory statements or comments about individuals. The Defendant identified no individual by name in his statement. The closest he comes is to refer to city positions and official offices. It would be difficult if not impossible for a concerned citizen to comment regarding City policies or the provision of City services without referencing to some extent an official city position (e.g. Mayor, Police Chief, etc.).

To the extent it could be found the Defendant in this case made a "derogatory" comment as commonly defined or a comment about an "individual," the court finds these terms vague and overbroad for purposes of the First Amendment.

The Defendant was not a spectator, but rather a participant in a limited public forum during the recognized citizen participation portion of the City Council's meeting.  He used no profane language, nor did he identify any individual by name.  He did not act in any objectively unreasonable manner.  He read a prepared statement relating to the basic city service of policing.  While some may not agree with the content of his comments, the Court finds the statements made were not "derogatory" nor about an "individual." In the event the statements could be found "derogatory" or a comment about an "individual" as used in the City Council's rules, the Court finds these terms vague and overbroad.  As applied in this particular instance, the Newton City Council rule is violative of the First Amendment to the United States' Constitution.

Based on the testimony and evidence submitted as applied to the applicable law, the court finds that the City has not met its burden of proof beyond a reasonable doubt that a violation of Newton Code of Ordinances Section 130.01(V) – Disorderly Conduct occurred. Balancing the three Hardin factors, the Court finds the Defendant's statements and actions did not exceed any authority he may lawfully claim under the free speech provision of the United States Constitution. Therefore, the court finds the Defendant not guilty of a violation of Newton Code of Ordinances Section 130.01(V) – Disorderly Conduct.

Costs assessed against the City.



State of Iowa Courts

| | |
|---|---|
| **Case Number** | **Case Title** |
| SMAC016647 | CITY OF NEWTON VS PETERSEN, NOAH JAMES |
| **Type:** | Order of Disposition |

So Ordered

Peter Lahn, Magistrate
Fifth Judicial District of Iowa

Electronically signed on 2023-02-01 15:56:14