# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| **NOAH PETERSEN**, *Plaintiff,* v. **CITY OF NEWTON, IOWA**, **et al.**, *Defendants.* | Civil Action No.: 4:23-cv-00408-SMR-SBJ  **MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER** |

Under Rule 26(c), Plaintiff Noah Petersen, with the consent of Defendants, moves the Court to enter the attached Proposed Stipulated Protective Order. The Stipulated Protective Order will cover Plaintiff's medical records received in response to a Patient's Waiver signed by Plaintiff on September 20, 2024, which becomes effective on the date of the entry of the Stipulated Protective Order. Plaintiff anticipates providing an additional Patient's Waiver to Defendants, which will also be governed by the Stipulated Protective Order.

## BACKGROUND

Plaintiff filed constitutional claims against Defendants. Plaintiff's alleged damages include, among other things, damages for emotional distress. In response, Defendants asked Plaintiff to provide a "Patient's Waiver" so they could obtain Plaintiff's mental health records.

1

Plaintiff objected to the relevance and discoverability of those records. *See Auer v. City of Minot*, 178 F. Supp. 3d 835, 844–45 (D.N.D. 2016) (relying on *Santelli v. Electromotive*, 188 F.R.D. 306 (N.D.Ill.1999)) (explaining that mental health records are <u>not</u> discoverable when a civil rights plaintiff "(1) limits his or her claim to recovery of damages for hurt feelings, humiliation, anger, and embarrassment; (2) does not offer evidence of treatment or of any resulting physical manifestation; and (3) relies only upon his or her own testimony to support the claim."). The parties discussed this objection with the Court on September 11, 2024.

Later that same day, the parties met-and-confer on the phone to discuss the request for medical records and Plaintiff's objections. The parties then worked together in good faith to resolve the discovery dispute, which included several emails and at least two more phone conversations. While reserving his objections to relevance and admissibility of his mental health records, Plaintiff agreed to provide an executed Patient's Waiver for his mental health records provided the parties first entered into a Stipulated Protective Order. On September 22, 2024, Defendants agreed to the finalized Stipulated Protective Order that is attached to this motion.

## ANALYSIS

Under Rule 26(c), the Court can, "for good cause," enter a protective order that controls the means and manner of discovery, including limiting the "scope of disclosure" of confidential information. *Henne v. Great River Reg. Library*, No. 19-cv-2758, 2021 WL 6804560, at *4 (D. Minn. Jan. 4, 2021) (quoting Fed. R. Civ. P. 26(c) and collecting cases). And where, as here, "parties enter freely into a

stipulated protective order, they are implicitly agreeing that there is good cause to grant [a protective order]." *Blount v. Major*, No. 4:15-cv-322, 2016 WL 2937333, at *1 (E.D. Mo. May 20, 2016). Plus, there is independent good cause here: Mental health records contain quintessential confidential information that deserves protection under Rule 26(c). *See Auer*, 178 F. Supp. 3d at 840–45.

As a result, the Court should enter the Proposed Stipulated Protective Order so Defendants can obtain the requested mental health records with Plaintiff's executed Patient's Waiver.

Date: September 23, 2024.

Respectfully submitted,

/s/ Brian A. Morris
**Brian A. Morris***
**Patrick Jaicomo***
**James T. Knight II***
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, Virginia 22203
Tel: (703) 682-9320
bmorris@ij.org
pjaicomo@ij.org
jknight@ij.org

**Gina Messamer** (AT0011823)
PARRISH KRUIDENIER LAW FIRM
2910 Grand Avenue
Des Moines, Iowa 50312
Tel: (515) 284-5737
gmessamer@parrishlaw.com

*Counsel for Plaintiff Noah Petersen*

*Admitted *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 23, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all registered participants identified on the Notice of Electronic Filing.

*/s/ Brian A. Morris*
Brian A. Morris