UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **NOAH PETERSEN**, *Plaintiff,* v. **CITY OF NEWTON, IOWA**, **et al.**, *Defendants.* | Civil Action No.: 4:23-cv-00408-SMR-SBJ **STIPULATED PROTECTIVE ORDER** |

Under Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby **ORDERS** that the following Protective Order shall apply to all documents and information produced or disclosed pursuant to Plaintiff's Authorization to Release Information ("Patient's Waiver"), signed by Plaintiff on September 20, 2024, or on any subsequent date during this litigation.

DEFINITIONS AND PROCEDURE

1. <u>Confidential Information.</u> All documents, information, or electronically stored information that Defendants receive in response to, or in connection with, the Patient's Waiver is designated as "Confidential Information" because it contains sensitive personal information. Any party may designate additional documents or electronically stored information that contains sensitive personal, business or financial information, or proprietary information, including documents or electronically stored information previously produced in litigation, as "Confidential

1

Information" by stamping or otherwise marking the documents "CONFIDENTIAL." Confidential Information includes (a) sensitive personal, business or financial information and (b) proprietary information.

2. <u>Access to Confidential Information.</u> Confidential Information so designated, and information derived therefrom, may only be used exclusively for purposes of litigation and not for any other purpose. Except as set forth herein, Confidential Information is designated as "ATTORNEYS' EYES ONLY." Absent prior written permission from the producing party or further order of the Court, attorneys receiving Confidential Information may not disclose Confidential Information to any person other than the following:

   a. The parties' respective counsel of record, including employees and staff of their respective law firms;
   b. Court reporters in the performance of their official duties;
   c. This Court or any other court before which litigation is pending, including any court personnel;
   d. Agreed upon mediators;
   e. The parties' risk pool provider, and
   f. Any other person approved in advance of disclosure and in writing by the party that produced and designated the Confidential Information.

3. <u>Designation of Deposition Testimony.</u> In the event that it is necessary to disclose any Confidential Information during a deposition, the terms of this Order shall apply to the contents of such deposition. Deposition testimony that one of the parties to this action reasonably believes will contain Confidential Information shall be taken only in front of persons entitled to access such information under Paragraph 2 of this Protective Order. Prior to the disclosure of Confidential Information at any deposition, the reporter recording the same shall be furnished with a copy of this

Order by the party claiming confidentiality or the party seeking to introduce the Confidential Information at the deposition and shall be informed that testimony, exhibits and other Confidential Information may be disclosed only in accordance with the terms of the Order. When a transcript of the testimony is prepared, the reporter shall place the following legend on the cover of any transcript containing Confidential Information: "This transcript contains Confidential Information subject to a Protective Order of the Court – pages ___ to ___ to be filed under seal." A party shall have the right to designate as confidential the deposition testimony and exhibits related thereto either during the deposition by making an appropriate statement on the record or within ten (10) business days after receipt of the transcript and exhibits. During the ten (10) business day period, the deposition and exhibits thereto shall be treated as confidential.

## CONSENT TO BE BOUND

4.  **Parties Bound.** Parties to litigation and persons falling in category 2(a) above hereby agree to be bound by this Order. Persons agreeing to be bound by this Order pursuant to Paragraph 5 shall also be bound by it.

5.  **Notice of Order.** Prior to receiving, being shown or using Confidential Information, persons falling in categories 2(b), (d), (e), and (f) listed above shall be shown a copy of this Protective Order, and shall agree in writing by signing a declaration in the form of Exhibit A hereto, and if during deposition or trial, by agreeing verbally on the record, to be bound by its terms. Any signed declarations must be provided to all parties to the litigation prior to disclosure of Confidential

Information to such persons. If a deponent refuses to assent, disclosure of such Confidential Information to the witness during the deposition shall not constitute a waiver of confidentiality under the terms of this Protective Order. Under such circumstances, the witness shall be asked to sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or related exhibits shall be given to the deponent.

## CHALLENGE TO DESIGNATIONS

6.  <u>Notification and Challenge.</u> If any of the parties to this action challenges the designation of any Confidential Information, that party shall notify all other interested parties in writing. All interested parties shall use their best efforts to resolve disagreements as to confidentiality without involving the Court. In the event that the interested parties are unable to resolve their disagreements as to confidentiality within ten (10) days of the date the challenging party notifies the other interested parties of the challenge in writing, the challenging party may move this Court for relief with respect to the confidentiality designation of the challenged material. The burden of proof of confidentiality shall be on the party asserting the same.

7.  <u>Effect on Restrictions.</u> In the event that any of the parties to this action moves the Court for de-designation of any Confidential Information, the provisions of this Order shall apply to such information until the motion is decided.

## OTHER PROVISIONS

8.     Filing Under Seal. [REPLACED BY COURT]

This Protective Order does not apply to the filing of documents under seal or submission of documents at a hearing, trial or other court proceeding in this case. Any party seeking to file any documents under seal first must file a motion requesting leave to do so pursuant to Local Rule 5(c). The submission of documents at a hearing, trial or other court proceeding will be determined by the presiding judge.

9.     Return of Documents. This Protective Order, insofar as it restricts the communication and use of Confidential Information, shall continue to be binding throughout and after the final conclusion of these actions, including the exhaustion of all appeals. Within sixty (60) days of the date of the final conclusion of these

actions, all documents, or other information designated as Confidential Information and all copies thereof (except as provided herein with respect to attorney work-product and briefs, pleadings or other filings with the Court) shall promptly be returned to the party or person who produced same, unless the person or party who produced such documents and/or information authorizes in writing that the party who received the Confidential Information destroy the same. Notwithstanding the foregoing sentence, all attorney work product material, briefs, pleadings, and other filings with the Court which incorporate or disclose Confidential Information may remain in the possession of the parties' counsel or may be destroyed, but shall remain subject to the terms and conditions of this Protective Order. Each party shall certify to each person or party from whom that party has received Confidential Information that all Confidential Information produced by that person or party has been returned or destroyed.

10. <u>Use By Producing Party.</u> Nothing in this Protective Order shall prevent or limit the party that produced, or caused to be produced by the execution of the Patient's Waiver, Confidential Information from using or disclosing that information for any purpose. Any party may consent to have material previously designated or requested to be designated by it as Confidential Information pursuant to this Protective Order removed from the scope of this Protective Order by so notifying counsel in writing or by so stating on the record at any hearing or deposition.

11. <u>Application to Court.</u> This Protective Order is without prejudice to the right of any interested party to apply to the Court for an order permitting or further

limiting the disclosure of any Confidential Information or to apply for an order modifying or limiting this Protective Order in any respect.

12. <u>Inadvertent Production, No Waiver of Objections or Privileges</u>. Inadvertent production of any information which a party contends is protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other protection or privilege against disclosure shall be governed by the Federal Rules of Civil Procedure. Neither the provisions of this Protective Order nor any disclosure by any individual pursuant to this Protective Order shall constitute a waiver at any time, or in any other litigation, of any attorney-client, work product or any other privilege recognized under the law, including the protections afforded by Federal Rule of Evidence 501, that it may possess, which arises, or has arisen in litigation or other matters outside of this action. The production of Confidential Information and this Protective Order shall not prejudice in any way the rights of any party to object to the production of information, documents, materials or items it considers not subject to discovery, nor shall such actions prejudice in any way the rights of any party to apply to the Court for any modification of this Protective Order. The production of Confidential Information and this Protective Order shall not prejudice in any way the rights of any party to object to the relevancy or admissibility of such Confidential Information.

13. <u>Additional Parties.</u> In the event that any additional persons or entities become parties to this action, neither they nor their counsel shall have access to Confidential Information previously produced or disclosed in discovery until the

7

newly joined party, by its or his or her counsel, and the existing parties have so agreed in a Supplemental Protective Order signed by all parties or until so ordered by this Court.

14. <u>No Admissions.</u> This Protective Order shall not be construed as an agreement or admission by any party or its counsel: (a) that any material designated as Confidential Information is, in fact, proprietary or confidential, sensitive personal, business or financial information; or (b) with respect to the authenticity, admissibility, or relevance of any document designated as Confidential Information.

IT IS SO ORDERED.

DATED September 24, 2024.

_____
Stephen B. Jackson, Jr.
Chief U.S. Magistrate Judge

Respectfully submitted,

/s/ *Brian A. Morris*
**Brian A. Morris\***
**Patrick Jaicomo\***
**James T. Knight II\***
Institute for Justice
901 N. Glebe Road, Suite 900
Arlington, Virginia 22203
Tel: (703) 682-9320
bmorris@ij.org
pjaicomo@ij.org
jknight@ij.org

**Gina Messamer** (AT0011823)
Parrish Kruidenier Law Firm
2910 Grand Avenue
Des Moines, Iowa 50312
Tel: (515) 284-5737
gmessamer@parrishlaw.com

*Counsel for Plaintiff Noah Petersen*

\*Admitted *Pro Hac Vice*

/s/ *Jason C. Palmer*
**Jason C. Palmer** (AT0006089)
**Georgia R. Rice** (AT0015229)
LAMSON DUGAN & MURRAY, LLP
6400 Westown Pkwy, Ste. 280
West Des Moines, IA 50266
Tel: (515) 823-0458
jpalmer@ldmlaw.com
grice@ldmlaw.com

*Counsel for Defendants*

## EXHIBIT A

(Declaration Regarding Compliance with Protective Order)

I, _____, hereby declare as follows:

    1.    I have read the Protective Order in *Petersen v. City of Newton, Iowa,* et al., Case No. 4:23-cv-00408, U.S. District Court for the Southern District of Iowa.

    2.    I agree to abide by and be bound by the terms of the Protective Order. I understand that any failure to comply with the terms of the Protective Order shall subject me and my agents, assigns and attorneys to contempt of Court. I agree that any proceeding to enforce the Protective Order against me may be adjudicated by the Court in which this action is pending, and I consent to jurisdiction of the Court for that purpose.

    3.    I agree to treat all materials designated as "Confidential Information" and all copies, notes, or other records containing or referring to such materials, in accordance with the terms of the Protective Order. I also agree with the requirements with respect to the disposition of documents upon conclusion of litigation.

    4.    I declare under penalty of perjury under the laws of the State of Iowa, and the United States of America, that the foregoing is true and correct.

Dated: _____

Printed Name: _____

Signed:

_____