**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| **NOAH PETERSEN**, <br> *Plaintiff,* <br><br> v. <br><br> **CITY OF NEWTON, IOWA**, **MICHAEL HANSEN**, Mayor of Newton, sued in his official and individual capacity, and **ROB BURDESS**, Chief of the Newton Police Department, sued in his official and individual capacity <br> *Defendants.* | Civil Action No.: 4:23-cv-00408-SMR-SBJ <br><br> **DEFENDANTS' STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

    **COME NOW** the Defendants, City of Newton, Iowa, Michael Hansen, and Rob Burdess, and for their Statement of Undisputed Facts, state as follows:

1. Plaintiff sent an email to the City of Newton, at the email address of cityofnewton@newtgongov.org, on April 19, 2022, with the subject line "Public comment," which stated the following:

> Hello. This is my public comment for the city council meeting of April 19, 2022. Defund Newton police department. They are a violent, civil and human rights violating organization who do not make our community safer. Reallocate funds from policing to actually help people with substance abuse issues, it is a health issue and the 'war on drugs' is simply a harmful war on human beings in our community. Reallocate funds to an actually viable public transportation system. Reallocate funds to a different organization that deals with traffic infractions instead of an armed paramilitary to deal with traffic. Relocate funds to deal with the housing crisis by creating a robust public housing program for the poor and working class. Thank you

*See* App. 059, April 19 Email.

2. The City of Newton does not have a written policy for handling written comments. *See* App. 025, Davis Deposition Transcript 47:1-3.

1

3.  The City of Newton's practice is to forward comments to the mayor or councilmembers. *See* App. 025, Davis Deposition Transcript 47:4-7.

4.  The presiding officer of City Council meetings determines whether to read written comments aloud during a City Council meeting, but this typically does not occur. *See* App. 025, Davis Deposition Transcript 47:8-48:4.

5.  The 2018 Procedural Rules of the Newton City Council were in effect from July 1, 2018 through March 6, 2023. *See* App. 001-008, 2018 Procedural Rules of the Newton City Council.

6.  The 2023 Newton City Council Rules of Procedure became effective March 6, 2023 and are currently still in effect. *See* App. 167-174, 2023 Newton City Council Rules of Procedure.

7.  The City of Newton held a City Council meeting on September 6, 2022. *See* App. 060, September 6, 2022 Agenda.

8.  The 2018 Procedural Rules of the Newton City Council provided the following relevant rules:

> Part V. Citizen Participation
>
> Rule 33. Citizen's Right to Address Council. The City of Newton is supportive of citizen participation at City Council meetings. In order to ensure that citizen participation occurs in an orderly fashion, the guidelines below must be utilized by persons wishing to speak at the Council meeting. By following these guidelines, persons can be assured that their viewpoint, concerns and comments are brought to the attention of the Council members prior to and during their decision-making process.
>
> Rule 34. Manner of Addressing Council. A person desiring to address the Council must first be recognized by the Mayor. After being recognized by the Mayor, speakers shall proceed to the podium, use the microphone, state his or her name, address, and group affiliation (if any), speak clearly and address his or her comments to the presiding officer.

> Rule 35. Time Limit on Citizen's Remarks. Citizens shall be limited to three minutes speaking time per item. Total citizen input on any subject under Council consideration can be limited to a fixed period by the presiding officer. A three-fourths vote of the Council may extend the time limitations of this rule.
>
> Rule 36. Remarks of Citizens to be Germane. Citizen comments must be directed to the subject under consideration and must be related to City policies or the provision of City services. If the presiding officer finds it appropriate, he or she may refer items not on the agenda to further study by City staff or to a City board or commission. Citizens making irrelevant remarks or who use profanity may be barred by the presiding officer from further comment before the Council during the meeting. The presiding officer shall rule on the germaneness of citizen comments.

*See* App. 004, 2018 Procedural Rules of the Newton City Council.

9.  While Police Chief Burdess is usually present at City Council meetings, he has no involvement in enforcing the meeting's rules. *See* App. 015, Burdess Deposition Transcript 73:9-12.

10. Individuals are not required to obtain advanced permission to speak at the citizen participation portion of the city council meeting. *See* App. 031, 034, Hansen Deposition Transcript 42:14-17; 70:2-11.

11. Citizens do not need to submit written comments prior to presenting them at the public comment portion of a City Council meeting. *See* App. 025, Davis Deposition Transcript 46:20-25; *See* App. 031, Hansen Deposition Transcript 42:14-17.

12. Individuals presenting comments during the citizen participation portion of meetings is generally rare. *See* App. 036-37, Hansen Deposition Transcript 97:6-98:1.

13. Plaintiff spoke during the discussion of an agenda item regarding funding a splash park. *See* App. 063, September 6 Video 39:53-41:15.

14. During Plaintiff's comments, the following exchange occurred:

> MR. PETERSEN: Hello. My name is Noah. Born and raised here. Okay. So -- yes, so everyone that stood before me spoke much better about this park. And

absolutely please fund this park, the whole quarter million, not the current 150 figure. Is that what the current proposal is, right, 150?

MAYOR HANSEN: Correct. That's what's on the agenda.

MR. PETERSEN: Okay. Right. So I'm just going to request that you do the quarter million that they've been asking for, and you apparently agreed to doing, and keep your commitment (inaudible). And if it's for some reason – I highly doubt this is the issue -- that you don't have the money for it, but if that is the case, then defund the Newton police department. They are a violent and human-civil-rights-violating organization.

MAYOR HANSEN: Noah, that's it. We're not going there.

MR. PETERSEN: No. I'm going to speak.

MAYOR HANSEN: No, you're not.

MR. PETERSEN: Yes, I am, actually.

MAYOR HANSEN: Lieutenant Wing, this gentleman has been stopped from speaking disparagingly about the Newton Police Department. We are not going to have that here. This is a business meeting.

OFFICER WING: (Inaudible) they've asked you to stop.

MAYOR HANSEN: If you do not stop, you're going to be escorted out of the chambers.

MR. PETERSEN: You're going to arrest me?

OFFICER WING: Yes, sir.

MR. PETERSEN: For speaking, for criticizing you?

OFFICER WING: You're going to be asked to leave. If you don't leave, you're going to be trespassing.

MR. PETERSEN: Okay. Well, you're a clown.

OFFICER WING: Okay.

MR. PETERSEN: Don't forget. (Inaudible) rights, Chris.

MAYOR HANSEN: Sir, stop your comments.

MR. PETERSEN: Don't have violent people on your police force.

MAYOR HANSEN: Sit down.

UNIDENTIFIED SPEAKER: Thank you, Noah.

MR. PETERSEN: Of course.

*See* App. 063, September 6 Video 39:53-41:15; App. 066-68, September 6 Transcript 3:9-5:8.

15. Plaintiff returned to his seat. *See* App. 063, September 6 Video 41:02.

16. Plaintiff spoke again during the discussion regarding reimbursing non-union employees' uniform purchases. *See* App. 063, September 6 Video 1:11:25-1:12:42.

17. City policy requires citizens' comments during agenda items—as opposed to the citizen participation portion—to be germane to the agenda item. *See* App. 035, Hansen Deposition 76:8-18.

18. The following exchange occurred:

MAYOR HANSEN: Does anyone in the audience wish to speak on the matter?

MR. PETERSEN: Hello, my name is Noah . This is an item about police funding; so I'm going to talk about the police a little bit. And here's --

MAYOR HANSEN: No, you're not.

MR. PETERSEN: Oh, yes, I am.

MAYOR HANSEN: This has to do with clothing allowance.

MR. PETERSEN: (Inaudible) --

MAYOR HANSEN: Have him escorted from the chambers, Lieutenant Wing.

MR. PETERSEN: Oh, no, I'm not. I'm talk --

MAYOR HANSEN: You are out of order.

MR. PETERSEN: I'm literally talking about --

MAYOR HANSEN: Have this gentleman escorted from the chambers, Lieutenant.

MR. PETERSEN: -- touching. I'm going to walk. Don't touch me.

OFFICER WING: (Inaudible.) Walk.

MR. PETERSEN: Also this is called violating the First Amendment. Do not forget that.

MAYOR HANSEN: Escort him out of the chambers, Lieutenant.

MR. PETERSEN: Do you like violating the constitution? (Inaudible) like, let me violate peoples rights, because that's what you do.

MAYOR HANSEN: Thank you, Lieutenant Wing.

*See* App. 063, September 6 Video 1:11:25-1:12:42; App. 069-70, September 6 Transcript 6:2-7:7.

19. Plaintiff was escorted out of the meeting. *See* App. 063, September 6 Video 1:12:26.

20. The City of Newton held a City Council meeting on October 3, 2022. *See* App. 074, October 3, 2022, Agenda.

21. During City Council meetings, the City of Newton allows members of the public to speak during the "Citizen Participation" agenda item. *See* App. 074, October 3, 2022 Agenda.

22. The agenda on October 3, 2022 contained the following language:

**Citizen Participation**: This is the time of the meeting that a citizen may address the Council on matters that are included in the consent agenda or a matter that is not on the regular agenda. After being recognized by the Mayor, each person will be given three (3) minutes to speak. Comments and/or questions must be related to City policies or the provision of City services and shall not include derogatory statements or comments about any individual. Except in cases of legal emergency, the City Council cannot take formal action at the meeting, but may ask the City staff to research the matter or have the matter placed on a subsequent agenda.

*See* App. 077, October 3, 2022 Agenda.

23. This language was not in the 2018 Procedural Rules of the Newton City Council, and as such, was not voted on by the Council. *See generally* App. 001-08, 2018 Procedural Rules

of the Newton City Council.

24. Mayor Hansen read this statement aloud during the October 3, 2022 meeting. *See* App. 079, October 3 Video 14:28-15:02; App. 081, October 3 Transcript 2:16-3:4.

25. Other individuals spoke during the "Citizen Participation" period regarding the City's rental inspection program, predominately focused on the program's methodology and costs. *See* App. 038-39, Hansen Deposition Transcript 113:21-114:13; App. 079, October 3 Video 14:30-43:49

26. Plaintiff cannot identify comments made by other citizens that were similar to his own. *See* App. 053-54, Peterson's Deposition Transcript 39:24-40:10.

27. Mayor Hansen believed the comments complied with the meeting's rules because they did not attack a specific individual's reputation. *See* App. 040-41, Hansen Deposition Transcript 117:23-118:6.

28. Plaintiff spoke during the "Citizen Participation" period of the October 3 City Council meeting. *See* App. 079, October 3 Video 43:49-46:15.

29. The following was said:

> MR. PETERSEN: Hello. My name is Noah. I'm going to read this statement that you -- I sent April 19th that was very oddly called derogatory.
>
> UNIDENTIFIED SPEAKER: Noah, for some of us, state your address. As you noticed, everyone else has.
>
> MR. PETERSEN: I'm not going do to that, and I don't have to do that, and you can't make me do that. So here is my statement: Hello -- sorry.
>
> UNIDENTIFIED SPEAKER: You got your three minutes going, Dave?
>
> MR. PETERSEN: All right. Hello. This is my public comment for city council meeting, well, now October 3rd, 2022. Defund Newton Police Department. They are a violent civil- and human-rights-violating organization who do not make the community safer. They are also pro domestic abuse, because they are currently employing a domestic abuser and choosing to not release the records

about that domestic abuse.

MAYOR HANSEN: You are out of order, sir. Stop your comments.

MR. PETERSEN: No, I'm not.

MAYOR HANSEN: You are out of order.

MR. PETERSEN: As I was saying --

MAYOR HANSEN: Chief --

MR. PETERSEN: -- reallocate funds from policing --

MAYOR HANSEN: -- escort this gentleman --

MR. PETERSEN: -- to actually people --

MAYOR HANSEN: Stop your comments.

MR. PETERSEN: -- with substance abuse --

MAYOR HANSEN: You are out of order.

MR. PETERSEN: -- issues. It is a health issue --

MAYOR HANSEN: You are violating council rules. You are violating council rules.

MR. PETERSEN: You are violating the United States Constitution.

MAYOR HANSEN: Please escort this gentleman out of the chambers.

MR. PETERSEN: As I was saying, reallocate funds --

POLICE CHIEF: (Inaudible) –

MR. PETERSEN: -- from policing to actually help people --

MAYOR HANSEN: Chief, escort this gentleman from the chambers.

MR. PETERSEN: Don't touch me. Get your hands off me.

POLICE CHIEF: Let's go.

MR. PETERSEN: No. I'm speaking my three-minute period.

MAYOR HANSEN: Okay. Your three-minute period --

MR. PETERSEN: I have --

MAYOR HANSEN: -- has ceased.

MR. PETERSEN: It has not ceased.

MAYOR HANSEN: Escort him from the chambers.

MR. PETERSEN: I have a right to criticize the government if I want to criticize the government.

MAYOR HANSEN: You are violating the city --

MR. PETERSEN: You are violating the First Amendment.

MAYOR HANSEN: -- (inaudible) rules.

MR. PETERSEN: And you are violating the First Amendment.

MAYOR HANSEN: Escort him from the chambers, please.

POLICE CHIEF: You will be arrested if you don't leave.

MR. PETERSEN: Arrest me, then.

POLICE CHIEF: Okay. Is that your choice?

MR. PETERSEN: Yes.

POLICE CHIEF: Okay.

MR. PETERSEN: Because I'm going to be speaking my three-minute period --

POLICE CHIEF: Okay.

MR. PETERSEN: -- to voice my criticisms about the government.

POLICE CHIEF: The mayor has told you to leave.

MR. PETERSEN: Yes. And I have three minutes to give the government --

POLICE CHIEF: Okay.

MR. PETERSEN: -- some criticism.

POLICE CHIEF: He's told you to leave.

MR. PETERSEN: Okay. I'm not leaving until -- are my three minutes up?

POLICE CHIEF: He's told you to leave.

MR. PETERSEN: I'm not leaving.

POLICE CHIEF: Okay. Do you want to be arrested?

MR. PETERSEN: Sure. Arrest me, then.

POLICE CHIEF: Okay. Place your hands behind your back.

MR. PETERSEN: Arrest me for speaking my First Amendment rights.

POLICE CHIEF: Okay.

MR. PETERSEN: Go ahead. You should be ashamed of yourselves.

POLICE CHIEF: Okay.

*See* App. 079, October 3 Video 43:49-46:15; App. 087-88, October 3 Transcript 26:6-30:11.

30. The "domestic abuser" that Plaintiff was referring to is Newton Police Officer Nathan Winters. *See* App. 055, 056, Petersen Deposition Transcript 83:16-21, 88:12-16; App. 089-91, DACV122471 Protective Order by Consent Agreement; App. 092-94, DACV122471 Cancellation, Modification, or Extension of Chapter 236 Order.

31. The Jasper County District Court entered a Protective Order by Consent Agreement between a protected party and Officer Winters on October 1, 2021. *See* App. 089-91, DACV122471 Protective Order by Consent Agreement.

32. Officer Winters was not criminally convicted of domestic abuse. *Id.*; *See* App. 032, Hansen Deposition Transcript 54:10-55:7.

10

33. Mayor Hansen believed Plaintiff's speech was defamatory. *See* App. 042-43, Hansen Deposition Transcript 133:11-134:8.

34. Mayor Hansen requested Police Chief Burdess' assistance due to Plaintiff's refusal to stop disrupting the meeting. *See* App. 044, Hansen Deposition Transcript 137:5-10.

35. Mayor Hansen did not order Plaintiff's arrest because he does not have authority to order any law enforcement agent to effectuate an arrest. *See* App. 045, Hansen Deposition Transcript 142:6-11.

36. Police Chief Burdess placed Plaintiff under arrest and escorted him out of the meeting. *See* App. 079, October 3 Video 46:00-46:15.

37. Plaintiff was charged with violating Iowa Code Section 723.4(1)(D) – disorderly conduct – disrupt/disturb lawful assembly and taken into custody. *See* App. 095-96, SMAC016647 Criminal Complaint.

38. Police Chief Burdess believed there was probable cause to arrest Plaintiff for disorderly conduct once Plaintiff violated the meetings rules, the Mayor issued the lawful order for Plaintiff to leave the meeting and Plaintiff continued to refuse to leave the meeting. *See* App. 011-13, Burdess Deposition Transcript 49:5-21, 54:8-57:18.

39. The content of Plaintiff's speech did not factor into Police Chief Burdess' decision to arrest Plaintiff. *See* App. 013-14, Burdess Deposition Transcript 57:23-58:12.

40. Police Chief Burdess believed the city's rules were valid because it had been on the books for years and was drafted with input from the city's attorney. *See* App. 016, Burdess Deposition Transcript, 75:17-23.

41. Mayor Hansen was not involved with determining what charge to file against Plaintiff. *See* App. 049, Hansen Deposition 186:2-11.

42. The affidavit statement supporting the elements of the alleged crime in the Criminal

Complaint stated:

> On 10/03/2022, the defendant attended a city hall assembly at 101 W 4th St S. The Mayor and Chief of Police advised the defendant was instructed to leave the assembly. The defendant refused to leave the assembly and the ground in which the assembly was occurring. The defendant interrupted the assembly after being advised to leave the assembly.

*See* App. 095, SMAC016647 Criminal Complaint.

43. Police Chief Burdess filled out a supplemental report regarding the arrest which stated the

following:

> During public comment I saw Petersen stand up and walk towards the podium to speak. He was acknowledged by the Mayor/City Council and was asked to state his name and address just as everyone else who had spoken had done per the meeting rules. Petersen stated that he was not going to give his name and address because it was his right not to do so. He then began talking about de-funding the Newton Police Department and stating that we have domestic abusers as officers. Mayor Hansen began beating his gavel on the dais and advised Petersen he was violating the stated rules of the meeting and he needed to sit down or leave. Petersen argued back and at that point Mayor Hansen asked that I escort Petersen from the council chambers.

> I approached Petersen and reiterated that Mayor Hansen had ordered him to leave due to violating the meeting rules. Petersen said he didn't get his 3 minutes and he wasn't leaving until he had done so. I advised him several times that he needed to leave and he refused. I grabbed the back of his arm and tried giving him physical direction to leave. Petersen advised me not to touch him. I gave him a final warning that if he didn't leave he would be arrested. Petersen than advised me to arrest him. At this point I advised Petersen that he was under arrest and I handcuffed him behind the back. I escorted him out of the council chambers and radioed for an officer to come transport him. I then double locked the handcuffs and searched his person. I removed all the items from his pockets and found no contraband. I did remove his driver's license form his wallet. I asked him if he wanted to stand or sit and he advised he would like to sit down. I asked if he had any questions and he asked if I would arrest MLK Jr. under the same circumstances.

*See* App. 097, SMAC016647 Iowa Incident Report Supplemental.

44. Plaintiff posted bail and was released from jail approximately ninety minutes after being

booked. *See* App. 098, SMAC016647 Cash Bond Posted; *See* App. 057, Peterson Deposition Transcript 93:3-11.

45. On October 11, 2022, the Jasper County Attorney's Office filed a Motion for Leave to Amend to amend the complaint to substitute the City of Newton, Iowa for the State of Iowa and change the offense to a local offense that was a violation of City of Newton Code of Ordinances Section 130.01(V). *See* App. 100-01, SMAC016647 Motion to Amend.

46. The District Court for Jasper County filed an Order to Amend on October 13, 2022. *See* App. 102-03, SMAC016647 Order to Amend.

47. Plaintiff pled not guilty on October 17, 2022. *See* App. 104, SMAC016647 Plea of Not Guilty.

48. On October 17, 2022, Plaintiff filed a Motion to Dismiss, arguing the complaint did not establish probable cause. *See* App. 105-08, SMAC016647 Motion to Dismiss.

49. The City of Newton held a City Council meeting on October 24, 2022. *See* App. 116-20, October 24, 2022 Agenda.

50. The agenda contained the same language regarding the "Citizen Participation" agenda item as the October 3 meeting. *See* App. 116, October 24, 2022 Agenda.

51. The following was said at the October 24, 2022 City Council meeting before the "Citizen Participation" period:

> MAYOR HANSEN: Before we go into citizens' participation, Council, in light of recent events that have happened here, in conversation with the city attorney, the police chief, and the city administrator, I've asked the city attorney, who -- Doug Fulton is subbing for Matt this evening – I've asked the city attorney to give us a little civics lesson, if you will, and remind us about what the law says in the state of Iowa regarding your rules that I'm responsible for enforcing, the law as it is to First Amendment rights. And having said that, I'll turn it over to our city admin- -- or our city attorney this evening. Doug.

MR. FULTON: Thank you, Mr. Mayor. The United States Supreme Court has repeatedly confirmed that the freedom of speech under the First Amendment is not absolute. The First Amendment does not guarantee the right to communicate one's views at all times and places or any manner that may be desired. Cities have the ability to implement and enforce rules regarding reasonable time, place, and manner restrictions during public meetings. To that end, the City of Newton, as most cities in the state of Iowa, has adopted rules governing council meetings, including procedures on citizen participation. The council rules require speakers to state their name and address before making comments, and all remarks of citizens must be germane. So citizens making irrelevant remarks or who use profanity may be barred by the presiding officer from further comment. It is the duty and the power of the presiding officer to rule on the germaneness of citizen comments, and citizens need to follow the directions from the presiding officer. In accordance with the city council rules, each meeting agenda states that citizens' comments shall not include derogatory statements or comments about individuals. During citizen participation you are welcome to use your name -- your three minutes to voice your opinion on any city-related topic, but it is a violation of the rules for any person to refuse to identify themselves, provide their address at the start of their comments, or to make derogatory comments referencing individual citizens or employees. And for those violations any individual can be told that their period of comment is terminated and can, if they refuse to abide by the rules, be removed from the council chambers. That's it in a nutshell, Mr. Mayor.

MAYOR HANSEN: Thank you. Council, do you have any questions? With that, this is the time of the meeting that a citizen may address the council on matters that are included in the consent agenda or a matter that is not on the regular agenda. After being recognized by the mayor, each person will be given three minutes to speak. Comments and/or questions must be related to city policies and the provisions of city services and shall not include derogatory statements or comments about any individual. Except in cases of legal emergency, the city council cannot take formal action at the meeting, but may ask the city staff to research the matter or have the matter placed on a subsequent agenda.

*See* App. 121, October 24 Video 15:30-18:58; App. 123-26, October 24 Transcript 2:16-5:6.

52. Plaintiff spoke during the "Citizen Participation" period of the October 24 City Council meeting. *See* App. 121, October 24 Video 21:52-24:40.

53. The following was said:

MAYOR HANSEN: I'm going to caution you, Noah.

MR. PETERSEN: Yeah, caution me.

MAYOR HANSEN: Okay. You heard the city administrator -- or the city attorney explain --

MR. PETERSEN: Yes. I read the email too.

MAYOR HANSEN: Thank you very much.

MR. PETERSEN: All right.

MAYOR HANSEN: Your three minutes are beginning.

MR. PETERSEN: Okay. My name is Noah. Address is 404 South 11th Avenue West in Newton. And hello. Hopefully you all don't decide to kidnap people for speaking again this evening. Anyways, Tayvin would not have been kidnapped by the State if we didn't have armed goons just running to traffic infractions. We should use some of that cop money to invest into an actually – actually viable public transportation system. Perhaps don't send cops out with weapons and the power to kidnap after folks with their brights on. If you insist on sending someone, send someone who can't do that at least. Instead of funding a racist, incredibly harmful drug war, take that money and invest it in things that actually help the problem: easily accessible public Narcan, as well as free publicly accessible drug tests, if you want to actually save lives and stop overdose and stop people from dying, not locking people up in cages for what they either choose to put in their own body or they choose to sell to others to put in their own body. Oh, yes. Investment in public substance abuse and mental health program services that are free and easily accessible for anyone at any time. And for the housing crisis, like, some things that you could do is expatriate housing from the landlords and expatriate vacant land and build new housing for people. And I'm going to speak a little bit about last meeting. This is how -- what I think should happen. I think the top two fascists in this town, Mayor Michael Hansen and the chief of police, need to be removed from power. They have shown themselves --

MAYOR HANSEN: Do not call --

MR. PETERSEN: -- to be unfit --

MAYOR HANSEN: Do not address the chief of police in that manner. Continue on.

MR. PETERSEN: I addressed you too in that manner, too, to be clear.

MAYOR HANSEN: Do not address the chief of police in that manner.

MR. PETERSEN: Okay. The chief of police --

MAYOR HANSEN: You may continue on.

MR. PETERSEN: -- and mayor of this town are two top fascists, and they need to go.

MAYOR HANSEN: Your comments are ceased.

MR. PETERSEN: They have --

MAYOR HANSEN: Your comments are over.

MR. PETERSEN: -- shown themselves to be unfit --

MAYOR HANSEN: Noah, your comments are over.

MR. PETERSEN: Why are they over? You can't handle being told to relieve power?

MAYOR HANSEN: You are not going to defame the chief of police of this community. Our rules clearly state --

MR. PETERSEN: (Inaudible) --

MAYOR HANSEN: -- that you are not to state --

MR. PETERSEN: (Inaudible) --

MAYOR HANSEN: -- derogatory remarks about any individual, including an employee of the City of Newton.

MR. PETERSEN: You cannot (inaudible) --

MAYOR HANSEN: Including an employee of the City of Newton. Cease your comments. Sit down.

UNIDENTIFIED SPEAKER: (Inaudible.)

MAYOR HANSEN: Sit down.

MR. PETERSEN: That is the mayor, yes, and he needs to go.

MAYOR HANSEN: Sit down.

MR. PETERSEN: They're going to have to walk me out.

MAYOR HANSEN: Noah -- Council, I'm suspending the council meeting. I am suspending the council meeting.

*See* App. 121, October 24 Video 21:52-24:40; App. 129-32, October 24 Transcript 8:8-11:22.

54. Mayor Hansen believed Plaintiff's accusations against Police Chief Burdess calling him a fascist were defamatory. *See* App. 046, Hansen Deposition Transcript 165:17-25.

55. Mayor Hansen believes calling someone a fascist is defamatory because it suggests the person "has no respect for life, would kill, harm, demean somebody, don't care about their human values, any of that." *See* App. 046-47, Hansen Deposition Transcript 165:25-166:10.

56. Mayor Hansen suspended the meeting and the cameras temporarily stop recording. *See* App. 121, October 24 Video 24:35-24:50.

57. An audience member recorded what happened in the room during the recess and posted the video on YouTube. *See* App. 134, October 24 Audience Member Video.

58. The following was said during the recess:

MAYOR HANSEN: I am suspending the council meeting. You're being asked to leave council chambers.

MR. PETERSEN: Are you going to walk me out or not?

UNIDENTIFIED SPEAKER: (Inaudible.)

MR. PETERSEN: You can walk me out.

MAYOR HANSEN: You are disrupting and violating the rules of this council for the conducting of a business meeting here in public.

MR. PETERSEN: You can't (inaudible) --

MAYOR HANSEN: You are asked to leave the council chambers now.

MR. PETERSEN: Why don't you leave power?

MAYOR HANSEN: You are asked to leave the council chambers now.

MR. PETERSEN: You should leave power.

POLICE OFFICER: (Inaudible) you're under arrest for disrupting conduct.

MR. PETERSEN: I'm leaving. I'm literally leaving. I am trying to leave. Yeah, I'm literally trying to leave and you're stopping me. You are making more times – I'm trying to walk out the door, and you stopped me from walking out the door.

(Pause in audio.)

MAYOR HANSEN: ... want to participate in that, you feel free to do that. I would challenge you to go to the board of supervisors meeting or go to a meeting of the state legislature and conduct yourself in that manner. You will not be allowed -- and per the rules of this council, it will not be allowed either, as long as I'm sitting in this chair. It is disrespectful of the men and women who you elected to do your business, and as long as I'm sitting in this chair and we have rules to enforce, I will do so. I make no apologies for that whatsoever. This is a business meeting conducted to take care of your business. And if you want to be political -- be politically active on issues, there's plenty of places and time for that. It is not here in this council chambers. Make sure you get a good recording back there while you're pointing that at me. I want you to get every word correct. We will now resume the council meeting. Go do your activism somewhere where somebody cares. The council meeting will continue.

*See* App. 134, October 24 Audience Member Video 2:35-5:11; App. 136-38, October 24 Audience Member Video Transcript 2:16-4:14.

59. Plaintiff was arrested by Lieutenant Wing and removed from the room. *See* App. 134, October 24 Audience Member Video 3:15-3:40; *See* App. 017-18, Burdess Deposition Transcript 109:16-110:10; *See* App. 140-41, SMAC016680 Criminal Complaint.

60. Police Chief Burdess did not arrest Plaintiff himself. *See* App. 017-18, Burdess Deposition Transcript 109:16-110:10; App. 048, Hansen Deposition Transcript 175:8-14;

App. 140-41, SMAC016680 Criminal Complaint.

61. While Police Chief Burdess did not arrest Plaintiff, he believed there was probable cause to arrest Plaintiff because he had created a disturbance by refusing to leave after ordered to do so by Mayor Hansen. App. 018, Burdess Deposition Transcript 110:17-20.

62. Police Chief Burdess believed Plaintiff intended to create the disturbance because Plaintiff ignored multiple instructions to leave the meeting. App. 018, Burdess Deposition Transcript 110:17-20.

63. Mayor Hansen did not order Plaintiff's arrest because he does not have authority to order any law enforcement agent to effectuate an arrest. *See* App. 045, Hansen Deposition Transcript 142:6-11.

64. Plaintiff was charged with violating Iowa Code Section 723.4(1)(D) – disorderly conduct – disrupt/disturb lawful assembly but was not taken into custody. *See* App. 140-41, SMAC016680 Criminal Complaint.

65. Mayor Hansen was not involved with determining what charge to file against Plaintiff. *See* App. 049, Hansen Deposition 186:2-11.

66. The affidavit statement supporting the elements of the alleged crime in the Criminal Complaint stated:

> On 10-24-2022 the defendant was speaking at the scheduled city council meeting. During his presentation the defendant began speaking negatively towards the Mayor of Newton and the Police Chief. The defendant used the Mayor's name during his presentation after the Mayor and City Attorney warned all presenters of this. The defendant was asked to leave multiple times and the defendant advised he would need to be escorted out. The city council meeting had to be put on recess to have the defendant removed.

*See* App. 140-41, SMAC016680 Criminal Complaint.

67. Officer Dustin Brisel filled out a supplemental report regarding the arrest which stated the

following:

> On 10-24-2022 at 1825 hours, I Officer Brisel was called over to City Hall, 101 W 4th St S, where Lt. Wing had arrested Noah Peterson (2-20-200) during a City Council meeting. Lt. Wing turned Noah over to me and advised he was being charged with disorderly conduct. I then advised Noah that I was going to search him before going into the police department.
>
> After searching Noah I escorted him into the police department booking room where the handcuffs that Lt. Wing had placed on Noah's wrist were removed. I then typed up the disorderly conduct charge and explained the charge to Noah. I provided Noah with his court date of November 15th at 0830 hours, at the Jasper County Court House. I then provided Noah with a 24 hour trespass notice. I advised Noah that he could not return to the City of Newton administration building for 24 hours. Noah was provided a copy of this notice.
>
> I then escorted Noah out of the police department front lobby at 1851 hours. This ended my involvement in this case.

*See* App. 142, SMAC016680 Iowa Incident Report Supplemental.

68. On October 28, 2022, the Jasper County Attorney's Office filed a Motion for Leave to Amend to amend the complaint to substitute the City of Newton, Iowa for the State of Iowa and change the offense to a local offense that was a violation of City of Newton Code of Ordinances Section 130.01(V). *See* App. 143-44, SMAC016680 Motion to Amend.

69. The District Court for Jasper County filed an Order to Amend on October 31, 2022. *See* App. 145-46, SMAC016680 Order to Amend.

70. Plaintiff filed a Plea of Not Guilty and Jury Demand on November 7,2022. *See* App. 147, SMAC016680 Plea of Not Guilty.

71. The City of Newton held a City Council meeting on November 7, 2022. *See* App. 162-65, November 7, 2022 Agenda.

72. Plaintiff spoke during the "Citizen Participation" period of the November 7 City Council meeting. *See* App. 166, November 7 Video 2:30-5:44.

73. On November 12, 2022, Plaintiff filed a Motion to Dismiss, arguing the October 24 Criminal Complaint did not establish probable cause. *See* App. 148-55, SMAC016680 Motion to Dismiss.

74. On February 1, 2023, the District Court for Jasper County filed an order finding probable cause for Plaintiff's October 3 arrest and therefore denied Plaintiff's motion to dismiss. *See* App. 109-15, SMAC016647 Order Denying Motion to Dismiss and Verdict.

75. The District Court for Jasper County went on to find Plaintiff not guilty of the charge from October 3, 2022. *See* App. 148-55, SMAC016647 Order Denying Motion to Dismiss and Verdict.

76. On February 1, 2023, the District Court for Jasper County filed an order denying the motion to dismiss, based on finding probable cause for the charge for the charge from October 24, 2022. *See* App. 156-58, SMAC016680 Order Denying Motion to Dismiss.

77. On February 15, 2023, the City of Newton filed a motion to dismiss the charge from October 24, 2022 with prejudice. *See* App. 159, SMAC016680 Newton's Motion to Dismiss; App. 160-61, SMAC016680 Order to Dismiss.

78. On March 6, 2023, the City Council adopted the 2023 Newton City Council Rules of Procedure. *See* App. 167-74, 2023 Newton City Council Rules of Procedure.

79. The 2023 rules were adopted after a City Council Workshop in November of 2022, during which the City Council and the city attorney discussed the rules, made recommendations, and voted to approve them. *See* App. 023, Davis Deposition Transcript 22:2-7.

80. The Citizen Participation agenda language changed along with the 2023 rules. *See* App. 024, Davis Deposition Transcript 45:16-19.

81. The new Citizen Participation agenda language states the following:

> This is the time of the meeting that a citizen may address the Council. After being recognized by the presiding officer, each person will be given three (3) minutes to speak. Elected officials will take comments into consideration; however, this time is not intended for a discussion or entering into a dialogue. Elected officials and City staff will not answer questions or debate a citizen during the *Citizen Participation* portion of the meeting.

*See* App. 175, July 15, 2024 Newton City Council Agenda.

CITY OF NEWTON, MICHAEL HANSEN, and ROB BURDESS, Defendants,

By: _____

Jason C. Palmer   AT0006089
Georgia R. Rice   AT0015229
LAMSON DUGAN & MURRAY, LLP
6400 Westown Pkwy, Ste. 280
West Des Moines, IA  50266
Phone:  (515) 823-0458
Fax:  (515) 298-6536
E-Mail:  jpalmer@ldmlaw.com
             grice@ldmlaw.com

ATTORNEYS FOR DEFENDANTS


Patrick Jaicomo*
James T. Knight II*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, Virginia 22203
Tel: (703) 682-9320
bmorris@ij.org
pjaicomo@ij.org
jknight@ij.org


Gina Messamer (AT0011823)
PARRISH KRUIDENIER LAW FIRM
2910 Grand Avenue
Des Moines, Iowa 50312
Tel: (515) 284-5737
gmessamer@parrishlaw.com

Counsel for Plaintiff Noah Petersen
*Admitted Pro Hac Vice

ATTORNEYS FOR PLAINTIFF

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the 27th day of September, 2024 by:

☐ U.S. Mail          ☐ FAX
☐ Hand Delivered    ☐ UPS
☐ Federal Express    ☑ Other: CM-ECF

/s/ Misty Munoz

---