# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| **NOAH PETERSEN**, <br> _Plaintiff_, <br><br> v. <br><br> **CITY OF NEWTON, IOWA**, **MICHAEL HANSEN**, Mayor of Newton, sued in his official and individual capacity, and **ROB BURDESS**, Chief of the Newton Police Department, sued in his official and individual capacity <br> _Defendants_. | Civil Action No.: 4:23-cv-00408-SMR-SBJ <br><br><br> **DEFENDANTS' APPENDIX IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT PART 3 OF 3 (APP120-APP178)** |

Defendants, City of Newton, Iowa, Michael Hansen, and Rob Burdess submit this Appendix in Support of Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.

### Table of Contents

1. 2018 Procedural Rules…………………….……………………....APP001-APP008
2. Burdess Deposition…………………………………………………APP009-APP019
3. Davis Deposition………………………………………………........APP020-APP026
4. Hansen Deposition……………………………………………….…APP027-APP050
5. Petersen Deposition………………………………………………...APP051-APP058
6. April 19 Email……………………………………………………..….APP059
7. Sept. 6 Agenda………………………………………………….…….APP060-062
8. Sept. 6 Video………………………………………………………….APP063
9. Sept. 6 Video Transcript……………………………………….......…APP64-73
10. Oct. 3 Agenda………………………………………………………APP074-APP078
11. Oct. 3 Video…………………………………………………………APP079
12. Oct. 3 Video Transcript……………………………………………APP080-APP088
13. DACV122471 Protective Order……………………………….…….APP089-APP091
14. DACV122471 Extension………………………………….……..…APP092- APP094
15. SMAC016647 Criminal Complaint………………………………….APP95-APP096
16. SMAC016647 Iowa Incident Supplemental Report……………….…………APP097
17. SMAC016647 Bond Posted……………………………………....APP098-APP099
18. SMAC016647 Motion for Leave to Amend……………………..…….APP100-APP101

19. SMAC016647 Order for Leave to Amend……………………………….APP102-APP103
20. SMAC016647 Plea………………………………………………………..APP104
21. SMAC016647 Motion to Dismiss……………………………………..APP105-APP108
22. SMAC016647 Order & Verdict………………………………………..APP109-APP115
23. Oct. 24 Agenda……………………………………………………...APP116-APP120
24. Oct. 24 City Council Meeting Video………………………………………APP121
25. Oct. 24 Meeting Transcript…………………………………………..APP122-APP133
26. Oct. 24 Audience Member Video……………………………………….APP134
27. Oct. 24 Audience Member Transcript…………………………………...APP135-APP139
28. SMAC016680 Criminal Complaint……………………………...APP140-APP141
29. SMAC016680 Iowa Incident Supp. Report…………………………………APP142
30. SMAC016680 Motion to Amend…………………………………..APP143-APP144
31. SMAC016680 Order to Amend…………………………………..APP145-APP146
32. SMAC016680 Plea………………………………………………………..APP147
33. SMAC016680 Petersen's Motion to Dismiss………………………….APP148-APP155
34. SMAC016680 Order Denying Motion to Dismiss………………………APP156-APP158
35. SMAC016680 Newton's Motion to Dismiss…………………….…………...APP159
36. SMAC016680 Order to Dismiss………………………………………..APP160-APP161
37. Nov. 7 Agenda………………………………………………………..APP162-APP165
38. Nov. 7 Video………………………………………………………………..APP166
39. 2023 Procedural Rules…………………………………………....……APP167-APP174
40. July 15 Agenda……………………………………………….……….APP175-APP178

CITY OF NEWTON, MICHAEL HANSEN, and ROB BURDESS, Defendants,

By: _____

Jason C. Palmer  AT0006089
Georgia R. Rice  AT0015229
LAMSON DUGAN & MURRAY, LLP
6400 Westown Pkwy, Ste. 280
West Des Moines, IA  50266
Phone:  (515) 823-0458
Fax:  (515) 298-6536
E-Mail:  jpalmer@ldmlaw.com
        grice@ldmlaw.com

ATTORNEYS FOR DEFENDANTS

Patrick Jaicomo*
James T. Knight II*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, Virginia 22203
Tel: (703) 682-9320
bmorris@ij.org
pjaicomo@ij.org
jknight@ij.org

Gina Messamer (AT0011823)
PARRISH KRUIDENIER LAW FIRM
2910 Grand Avenue
Des Moines, Iowa 50312
Tel: (515) 284-5737
gmessamer@parrishlaw.com

Counsel for Plaintiff Noah Petersen
*Admitted Pro Hac Vice

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the 27th day of September, 2024 by:

☐ U.S. Mail                    ☐ FAX
☐ Hand Delivered               ☐ UPS
☐ Federal Express              ☑ Other: CM-ECF

/s/ Misty Munoz

OCTOBER 24, 2022 CITY COUNCIL MEETING VIDEO
RECORDING

SENT IN FLASHDRIVE TO THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA, CENTRAL DIVISION, VIA
CERTIFIED MAIL

1

2

3

4

5

6

7

8

**ORIGINAL**

9

10             TRANSCRIPT OF AUDIO RECORDING

11

12          "City Council Meeting 10-24-22"

13

14

15

16

17

18

19

20

21

22

23

24

25       JESSI C. LASS - CERTIFIED SHORTHAND REPORTER

 1                    REPORTER'S NOTES

 2

 3   The transcription is referenced by the name of the

 4   audio file provided.

 5

 6   Speaker identifications were obtained from the audio

 7   recording and/or from information provided by the

 8   client requesting the transcription.

 9

10   Names may be spelled phonetically.

11

12                          ***

13

14         (Audio transcription begins at 15 minutes

15   30 seconds.)

16         MAYOR HANSEN:  Before we go into citizens'

17   participation, Council, in light of recent events

18   that have happened here, in conversation with the

19   city attorney, the police chief, and the city

20   administrator, I've asked the city attorney, who --

21   Doug Fulton is subbing for Matt this evening -- I've

22   asked the city attorney to give us a little civics

23   lesson, if you will, and remind us about what the

24   law says in the state of Iowa regarding your rules

25   that I'm responsible for enforcing, the law as it is

1    to First Amendment rights.

2            And having said that, I'll turn it over to

3    our city admin- -- or our city attorney this

4    evening.  Doug.

5            MR. FULTON:  Thank you, Mr. Mayor.

6            The United States Supreme Court has

7    repeatedly confirmed that the freedom of speech

8    under the First Amendment is not absolute.  The

9    First Amendment does not guarantee the right to

10   communicate one's views at all times and places or

11   any manner that may be desired.  Cities have the

12   ability to implement and enforce rules regarding

13   reasonable time, place, and manner restrictions

14   during public meetings.

15           To that end, the City of Newton, as most

16   cities in the state of Iowa, has adopted rules

17   governing council meetings, including procedures on

18   citizen participation.  The council rules require

19   speakers to state their name and address before

20   making comments, and all remarks of citizens must be

21   germane.  So citizens making irrelevant remarks or

22   who use profanity may be barred by the presiding

23   officer from further comment.  It is the duty and

24   the power of the presiding officer to rule on the

25   germaneness of citizen comments, and citizens need

```
 1    to follow the directions from the presiding officer.

 2              In accordance with the city council rules,

 3    each meeting agenda states that citizens' comments

 4    shall not include derogatory statements or comments

 5    about individuals.  During citizen participation you

 6    are welcome to use your name -- your three minutes

 7    to voice your opinion on any city-related topic, but

 8    it is a violation of the rules for any person to

 9    refuse to identify themselves, provide their address

10    at the start of their comments, or to make

11    derogatory comments referencing individual citizens

12    or employees.  And for those violations any

13    individual can be told that their period of comment

14    is terminated and can, if they refuse to abide by

15    the rules, be removed from the council chambers.

16    That's it in a nutshell, Mr. Mayor.

17              MAYOR HANSEN:  Thank you.

18              Council, do you have any questions?

19              With that, this is the time of the meeting

20    that a citizen may address the council on matters

21    that are included in the consent agenda or a matter

22    that is not on the regular agenda.  After being

23    recognized by the mayor, each person will be given

24    three minutes to speak.  Comments and/or questions

25    must be related to city policies and the provisions
```

1    of city services and shall not include derogatory

2    statements or comments about any individual.  Except

3    in cases of legal emergency, the city council cannot

4    take formal action at the meeting, but may ask the

5    city staff to research the matter or have the matter

6    placed on a subsequent agenda.

7            Is there anyone who wishes to address the

8    council?

9            Yes, sir.

10           MR. NEUBAUER:  Good evening.  My name is

11   Alan Neubauer.

12           MAYOR HANSEN:  Alan, your three minutes

13   are beginning, sir.

14           MR. NEUBAUER:  Okay.  My name is Alan

15   Neubauer.  I live at 503 East 16th Street North here

16   in Newton.

17           A year ago I made a -- I commented to the

18   City about the fact that there are parking on both

19   sides of my street, on 16th Street.  And 16th

20   Street's pretty much a narrow street, but I've got

21   people parking on the east and the west side.

22           They sent out postcards asking people

23   that -- we have fire hydrants on the east side of

24   the street; so that means no parking on the fire

25   hydrant side, all right, which means that I was

1    parking on the west side.  Well, the majority of the

2    people on that street all park on the east side of

3    the street.  I have a feeling that those postcards

4    all came back no.  Okay.

5           I haven't heard a word from the City if it

6    was declined or if it's a go.  At this point I don't

7    even know what's going on.  All I know is that the

8    street's narrow enough that the City did state, when

9    they did the survey, that it's narrow, that you

10   can't have parking on both sides of the street,

11   because ambulances and firetrucks can't make their

12   way down the street.  And that's a safety concern I

13   have.  I don't have any beef with anybody on the

14   street.  It's just the fact -- because, you know,

15   Fourth Avenue is a really wide street.  We have

16   parking only on one side of the street on North

17   Fourth Avenue.  We have parking on one side of the

18   street on 15th Street.  We have parking on one side

19   of the street on 17th Street.  16th Street doesn't

20   have any "no parking" signs on one side or the

21   other.

22          So that's the concern I have.  I was

23   wondering if somebody can look into that, find out

24   what's going on.

25          MAYOR HANSEN:  We will do that for you,

```
 1   and I will guarantee we'll have somebody get back to
 2   you.
 3            MR. NEUBAUER:  I appreciate it.  Thank
 4   you.
 5            MAYOR HANSEN:  Thank you for being here.
 6            Who's next?
 7            Frank?
 8            MR. LIEBL:  Frank --
 9            MAYOR HANSEN:  Frank --
10            MR. LIEBL:  -- Liebl, 1121 Woodland Drive.
11   About a year ago I get a book called "Economic
12   Development is Not For Amateurs," and I think I
13   passed it to all the council members.  I hope you
14   had a chance to read it.
15            About two weeks ago, Jay Garner, the
16   author, spoke at the professional developers
17   council -- conference in Muscatine, and he released
18   a second book.  This one's title "Economic
19   Development is [Still] Not for Amateurs."  And
20   thanks to one of our partners, Alliant Energy, they
21   made sure that they bought enough copies that I can
22   pass you around the second edition for you to read.
23            I've already read it, and I've highlighted
24   something in every chapter, and I hope you'll find
25   this worthy as you read this book too.  Thank you.
```

 1              MAYOR HANSEN:  Thank you, Frank.

 2              UNIDENTIFIED SPEAKER:  Thank you, Frank.

 3              MAYOR HANSEN:  Appreciate that.

 4              Anyone else?

 5              Agenda Item Number 4 through 11 is the

 6     consent agenda --

 7              UNIDENTIFIED SPEAKER:  Mike.

 8              MAYOR HANSEN:  I'm going to caution you,

 9     Noah.

10              MR. PETERSEN:  Yeah, caution me.

11              MAYOR HANSEN:  Okay.  You heard the city

12     administrator -- or the city attorney explain --

13              MR. PETERSEN:  Yes.  I read the email too.

14              MAYOR HANSEN:  Thank you very much.

15              MR. PETERSEN:  All right.

16              MAYOR HANSEN:  Your three minutes are

17     beginning.

18              MR. PETERSEN:  Okay.  My name is Noah.

19     Address is 404 South 11th Avenue West in Newton.

20              And hello.  Hopefully you all don't decide

21     to kidnap people for speaking again this evening.

22              Anyways, Tayvin would not have been

23     kidnapped by the State if we didn't have armed goons

24     just running to traffic infractions.  We should use

25     some of that cop money to invest into an actually --

1   actually viable public transportation system.
2   Perhaps don't send cops out with weapons and the
3   power to kidnap after folks with their brights on.
4   If you insist on sending someone, send someone who
5   can't do that at least.
6          Instead of funding a racist, incredibly
7   harmful drug war, take that money and invest it in
8   things that actually help the problem: easily
9   accessible public Narcan, as well as free publicly
10  accessible drug tests, if you want to actually save
11  lives and stop overdose and stop people from dying,
12  not locking people up in cages for what they either
13  choose to put in their own body or they choose to
14  sell to others to put in their own body.
15         Oh, yes.  Investment in public substance
16  abuse and mental health program services that are
17  free and easily accessible for anyone at any time.
18         And for the housing crisis, like, some
19  things that you could do is expatriate housing from
20  the landlords and expatriate vacant land and build
21  new housing for people.
22         And I'm going to speak a little bit about
23  last meeting.  This is how -- what I think should
24  happen.  I think the top two fascists in this town,
25  Mayor Michael Hansen and the chief of police, need

1   to be removed from power.  They have shown

2   themselves --

3              MAYOR HANSEN:  Do not call --

4              MR. PETERSEN:  -- to be unfit --

5              MAYOR HANSEN:  Do not address the chief of

6   police in that manner.  Continue on.

7              MR. PETERSEN:  I addressed you too in that

8   manner, too, to be clear.

9              MAYOR HANSEN:  Do not address the chief of

10  police in that manner.

11             MR. PETERSEN:  Okay.  The chief of

12  police --

13             MAYOR HANSEN:  You may continue on.

14             MR. PETERSEN:  -- and mayor of this town

15  are two top fascists, and they need to go.

16             MAYOR HANSEN:  Your comments are ceased.

17             MR. PETERSEN:  They have --

18             MAYOR HANSEN:  Your comments are over.

19             MR. PETERSEN:  -- shown themselves to be

20  unfit --

21             MAYOR HANSEN:  Noah, your comments are

22  over.

23             MR. PETERSEN:  Why are they over?  You

24  can't handle being told to relieve power?

25             MAYOR HANSEN:  You are not going to defame

 1    the chief of police of this community.  Our rules

 2    clearly state --

 3              MR. PETERSEN:  (Inaudible) --

 4              MAYOR HANSEN:  -- that you are not to

 5    state --

 6              MR. PETERSEN:  (Inaudible) --

 7              MAYOR HANSEN:  -- derogatory remarks about

 8    any individual, including an employee of the City of

 9    Newton.

10              MR. PETERSEN:  You cannot (inaudible) --

11              MAYOR HANSEN:  Including an employee of

12    the City of Newton.  Cease your comments.  Sit down.

13              UNIDENTIFIED SPEAKER:  (Inaudible.)

14              MAYOR HANSEN:  Sit down.

15              MR. PETERSEN:  That is the mayor, yes, and

16    he needs to go.

17              MAYOR HANSEN:  Sit down.

18              MR. PETERSEN:  They're going to have to

19    walk me out.

20              MAYOR HANSEN:  Noah -- Council, I'm

21    suspending the council meeting.  I am suspending the

22    council meeting.

23              (Audio transcription ends at 24 minutes

24    40 seconds.)

25

1                    C E R T I F I C A T E

2           I, the undersigned, a Certified Shorthand

3    Reporter of the State of Iowa, do hereby certify

4    that the recorded proceedings hereinbefore set forth

5    were transcribed under my direction and that the

6    foregoing constitutes, to the best of my abilities,

7    a true, correct, and complete transcript of said

8    recording provided.

9           Dated this 9th day of December 2023.

10

11                              _Jessi Jass_

12                    CERTIFIED SHORTHAND REPORTER
                      Jessi C. Lass, Iowa CSR #1336

13

14

15

16

17

18

19

20

21

22

23

24

25

OCTOBER 24, 2022 AUDIENCE MEMBER VIDEO RECORDING


SENT IN FLASHDRIVE TO THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA, CENTRAL DIVISION, VIA
CERTIFIED MAIL

1

2

3

4

5

6

7

8          **ORIGINAL**

9

10          TRANSCRIPT OF AUDIO RECORDING

11

12     "10-24-22 Meeting - Video Filmed by Person in

13                    Audience"

14

15

16

17

18

19

20

21

22

23

24

25       JESSI C. LASS - CERTIFIED SHORTHAND REPORTER

```
 1                      REPORTER'S NOTES

 2

 3   The transcription is referenced by the name of the

 4   audio file provided.

 5

 6   Speaker identifications were obtained from the audio

 7   recording and/or from information provided by the

 8   client requesting the transcription.

 9

10   Names may be spelled phonetically.

11

12                          ***

13

14           (Audio transcription begins at 2 minutes

15   38 seconds.)

16           MAYOR HANSEN:  I am suspending the council

17   meeting.

18           You're being asked to leave council

19   chambers.

20           MR. PETERSEN:  Are you going to walk me

21   out or not?

22           UNIDENTIFIED SPEAKER:  (Inaudible.)

23           MR. PETERSEN:  You can walk me out.

24           MAYOR HANSEN:  You are disrupting and

25   violating the rules of this council for the
```

1   conducting of a business meeting here in public.

2            MR. PETERSEN:  You can't (inaudible) --

3            MAYOR HANSEN:  You are asked to leave the

4   council chambers now.

5            MR. PETERSEN:  Why don't you leave power?

6            MAYOR HANSEN:  You are asked to leave the

7   council chambers now.

8            MR. PETERSEN:  You should leave power.

9            POLICE OFFICER:  (Inaudible) you're under

10  arrest for disrupting conduct.

11           MR. PETERSEN:  I'm leaving.  I'm literally

12  leaving.  I am trying to leave.

13           Yeah, I'm literally trying to leave and

14  you're stopping me.  You are making more times --

15  I'm trying to walk out the door, and you stopped me

16  from walking out the door.

17           (Pause in audio.)

18           MAYOR HANSEN:  ... want to participate in

19  that, you feel free to do that.  I would challenge

20  you to go to the board of supervisors meeting or go

21  to a meeting of the state legislature and conduct

22  yourself in that manner.  You will not be allowed --

23  and per the rules of this council, it will not be

24  allowed either, as long as I'm sitting in this

25  chair.  It is disrespectful of the men and women who

1    you elected to do your business, and as long as I'm

2    sitting in this chair and we have rules to enforce,

3    I will do so.  I make no apologies for that

4    whatsoever.  This is a business meeting conducted to

5    take care of your business.  And if you want to be

6    political -- be politically active on issues,

7    there's plenty of places and time for that.  It is

8    not here in this council chambers.

9              Make sure you get a good recording back

10   there while you're pointing that at me.  I want you

11   to get every word correct.

12             We will now resume the council meeting.

13   Go do your activism somewhere where somebody cares.

14             The council meeting will continue.

15             (Audio transcription ends at 5 minutes

16   11 seconds.)

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2          I, the undersigned, a Certified Shorthand

3     Reporter of the State of Iowa, do hereby certify

4     that the recorded proceedings hereinbefore set forth

5     were transcribed under my direction and that the

6     foregoing constitutes, to the best of my abilities,

7     a true, correct, and complete transcript of said

8     recording provided.

9          Dated this 9th day of December 2023.

10

11     _____

12     CERTIFIED SHORTHAND REPORTER
       Jessi C. Lass, Iowa CSR #1336

13

14

15

16

17

18

19

20

21

22

23

24

25

E-FILED 2022 OCT 24 7:15 PM JASPER - CLERK OF DISTRICT COURT

**IN THE IOWA DISTRICT COURT IN AND FOR**

**JASPER COUNTY**

This Complaint and Affidavit is to be:

☒ Filed with Court Clerk (cc: CA)

☐ Submitted to County Attorney

☐ Filed with JCO - Defendant is a Juvenile

Agency Form Number: **22-31792**

Arrest Date: **10/24/2022**

## THE STATE OF IOWA

VS.

**OFFENDER**

| Last | | | First | | Middle | | Suffix | |
|------|--|--|-------|--|--------|--|--------|--|
| **PETERSEN** | | | **NOAH** | | **JAMES** | | | |

| Address | | | | City | | State | Zip Code | |
|---------|--|--|--|------|--|-------|----------|--|
| **1106 S 12TH AVE E** | | | | **NEWTON** | | **IA** | **50208-0000** | |

| DL# | State | DL Class | DL Endorsements | DL Restrictions | |
|-----|-------|----------|-----------------|-----------------|--|
| **783AK7520** | **IA** | **C** | | **B** | |

| Date of Birth | Gender | Race | Ethnicity |
|---------------|--------|------|-----------|
| **02/20/2000** | **MALE** | **WHITE - W** | **NOT OF HISPANIC ORIGIN - N** |

| Height | Weight | Eye Color | Hair Color |
|--------|--------|-----------|------------|
| **6' 00"** | **240 LBS** | **BROWN - BRO** | **BROWN - BRO** |

**OFFENSE**

| State ☒ | County ☐ | Local ☐ | Code Section | Crime Description | | Speed | in | Zone |
|---------|----------|---------|--------------|-------------------|--|-------|----|----|
| | | | **723.4(1)(D)** | **DISORDERLY CONDUCT - DISRUPT/DISTURB LAWFULLY ASSEM** | | | | |

| Class | | Serious P.I. ☐ | Fatal Accident ☐ | Civil Damage Assessment ☐ | Other ☐ |
|-------|--|----------------|------------------|---------------------------|---------|
| **SMMS** | | | | | |

| Location Type |
|---------------|
| **11 - GOVERNMENT/PUBLIC BUILDING** |

| Literal Description |
|---------------------|
| **WEST 4TH ST SOUTH** |

| Address | | City | State | Zip Code |
|---------|--|------|-------|----------|
| **101 W 4TH ST S** | | **NEWTON** | **IA** | **50208** |

| Is Date and Time of Incident Known? | Incident Date or Low Range | Upper Date Range | Incident Time or Low Range | Upper Time Range |
|--------------------------------------|-----------------------------|------------------|-----------------------------|-------------------|
| **YES** | **10/24/2022** | | **18:25** | |

**STATUS OF OFFENDER/JUVENILE**

| ☐ TAKEN INTO CUSTODY | CUSTODY | ☒ SUMMONS TO APPEAR (Citation Issued) |
|----------------------|---------|----------------------------------------|
| ☐ WARRANT REQUESTED | ☐ NO CONTACT ORDER REQUESTED | ☐ RELEASED TO PARENT/GUARDIAN |

**NARRATIVE**

Narrative of Offense Committed

On or about the above stated date and time, the Defendant did

without lawful authority or color of authority, did disturb any lawful assembly or meeting of persons by conduct intended to disrupt the meeting or assembly

**SUMMONS**   I promise to appear in said court at said time and place.

| | Court Date **11/15/2022** |
|--|---------------------------|
| _Signature of Defendant_ | Court Time **8:30 AM** |

In the Court At  **JASPER COUNTY COURTHOUSE  101 FIRST STREET NORTH  ROOM 104, NEWTON 50208**

**VICTIM INFORMATION (Optionally displayed, especially if NCO is requested)**

| Last | First | Middle | Suffix |
|------|-------|--------|--------|
| | | | |

| Business/Organization/State/County/Municipality Name |
|------------------------------------------------------|
| **CITY OF NEWTON** |

| Address | City | State | Zip |
|---------|------|-------|-----|
| **101 W 4TH ST S** | **NEWTON** | **IA** | **50208** |

E-FILED 2022 OCT 24 7:15 PM JASPER - CLERK OF DISTRICT COURT

AFFIDAVIT

**STATE OF IOWA,**                    **JASPER COUNTY**

I, the undersigned, being duly sworn, state that all facts contained in this Complaint and Affidavit, known by me or told to me by other reliable persons form the basis for my belief that the defendant committed this crime

State all facts and persons relied upon supporting elements of alleged crime

On 10-24-2022 the defendant was speaking at the scheduled city council meeting. During his presentation the defendant began speaking negatively towards the Mayor of Newton and the Police Chief. The defendant used the Mayor's name during his presentation after the Mayor and City Attorney warned all presenters of this. The defendant was asked to leave multiple times and the defendant advised he would need to be escorted out. The city council meeting had to be put on recess to have the defendant removed.

_____   **BRISEL, DUSTIN**          **620**

Signature of Complainant or Officer, Officer Name & Number

**GENERAL PROBABLE CAUSE**

Defendant Implicated

**02 - CAUGHT IN ACT, 08 - CRIME OBSERVED BY OFFICERS**

| Operating Motor Vehicle in County | Other Physical Evidence | Attempted To Inflict Injury |
|---|---|---|
| | | |

**STATE OF IOWA,**          **JASPER COUNTY**

Subscribed and sworn to before me by the person(s) signing the Complaint and Affidavit(s) on  10/24/2022

| | | |
|---|---|---|
| Notary Name | **RONALD J COOK** | Signature of Verifying Party |
| Commission Number | **220935** | |
| My Commission Expires | **02/12/2023** | ☐ Peace Officer   ☒ Notary   ☐ Prosecuting Attorney |

**Printed At**  NEWTON POLICE DEPARTMENT                    10/24/2022      7:02 PM      **Page**  2  **of**  2      **Form #:**   22-31792

APP 141

Grid_____

Arrest#_____

Car #_____

Video #_____

rlc030102

# IOWA INCIDENT REPORT SUPPLEMENTAL
## NEWTON POLICE DEPARTMENT
**101 W 4TH ST S**
**NEWTON, IA 50208**
**(641) 792-1547**

| C A S E | Case Number **22-31792** | Date of This Report **10/25/2022** | | County in which Incident Occurred **JASPER - 50** | |
|---|---|---|---|---|---|
| | ORI Number **NEWTON POLICE DEPARTMENT - IA0500100** | | | | |
| I N F O | Date of Original Occurrence **10/24/2022** | | | Type of Offense **DISORDERLY CONDUCT** | |
| | Name - Last **PETERSON** | First **NOAH** | | Middle **JAMES** | Suffix |
| | Clearance Classification ☐ Unfounded ☐ Exceptionally Cleared ☑ Cleared by Arrest | | | Investigative Status ☐ Open ☑ Closed ☐ Suspended | |

### Narrative

On 10-24-2022 at 1825 hours, I Officer Brisel was called over to City Hall, 101 W 4th St S, where Lt. Wing had arrested Noah Peterson (2-20-200) during a City Council meeting. Lt. Wing turned Noah over to me and advised he was being charged with disorderly conduct. I then advised Noah that I was going to search him before going into the police department.

After searching Noah I escorted him into the police department booking room where the handcuffs that Lt. Wing had placed on Noah's wrist were removed. I then typed up the disorderly conduct charge and explained the charge to Noah. I provided Noah with his court date of November 15th at 0830 hours, at the Jasper County Court House. I then provided Noah with a 24 hour trespass notice. I advised Noah that he could not return to the City of Newton administration building for 24 hours. Noah was provided a copy of this notice.

I then escorted Noah out of the police department front lobby at 1851 hours. This ended my involvement in this case.

| O F F I C E R | Complainant/Reporting Party (Signature) | | | | |
|---|---|---|---|---|---|
| | Reporting Officer's Name - Last **BRISEL** | First **DUSTIN** | | Middle | Suffix |
| | Title **PATROL OFFICER** | Badge Number **620** | | UserID **620** | |
| | Assisting Officer / Admin Reviewer's Name - Last | First | | Middle | Suffix |
| | Title | Badge Number | | UserID | |
| | Supervisor's Name - Last **WINCHELL** | First **WAYNE** | | Middle | Suffix |
| | Title **LIEUTENANT** | Badge Number **15** | | UserID **615** | |
| | Incident Assigned to: | | | | |

Printed At: **NEWTON POLICE DEPARTMENT**          Page     1 of  1          Form #:  **22-31792**

DEFS 0007

E-FILED  2022 OCT 28 1:43 PM JASPER - CLERK OF DISTRICT COURT

# In the Iowa District Court for Jasper County

| | |
|---|---|
| STATE OF IOWA, Plaintiff | DOCKET NUMBER SMAC016680 |
| vs. | |
| NOAH JAMES PETERSEN, Defendant | *Motion for Leave to Amend* |

COMES NOW the State of Iowa and moves the Court for leave to amend the complaint in the above referenced matter, in the interests of justice, and states that it is the opinion of the undersigned that this amendment is proper under the circumstances. Additionally, due to the nature of the amendment the State of Iowa moves to withdraw as plaintiff in this matter and substitute as plaintiff the City of Newton, Iowa. In support of this motion the State provides as follows:

1. The complaint filed in this case identifies the State of Iowa as plaintiff and charges the defendant with violating Iowa Code Section 723.4 – Disorderly Conduct, a Simple Misdemeanor.

2. The offense is alleged in the complaint to have occurred in the City of Newton, IA.

3. The offense is alleged to have occurred during a City of Newton city council meeting.

4. The charging officer is a City of Newton police officer.

5. The City of Newton maintains a Code of Ordinances which is enforced and prosecuted by the Brick Gentry Law Firm as attorney for the City of Newton.

6. The City of Newton Code of Ordinances incorporates Iowa Code section 723.4. *See* Newton Iowa Code of Ordinances, Section 130.01(V)

7. The City of Newton, through counsel, has agreed to assume the prosecution of case SMAC016647, which is filed against the same individual and has similar factual basis. The Court previously granted a Motion to Amend under similar grounds case SMAC016647 on October 13, 2022.

8. The elements of the current charge and the city ordinance violation are the same; as the ordinance incorporates the Iowa Code.

9. There is no prejudice to the Defendant upon granting this motion.

E-FILED  2022 OCT 28 1:43 PM JASPER - CLERK OF DISTRICT COURT

10. The State moves for the following amendments to the complaint:

    a.  Amend in the caption the "State of Iowa" to read "City of Newton, Iowa"

    b.  In the box for "offense" un-mark the selection for "State" and mark the selection for "Local."

    c.  In the box for "Code Section" amend to read "City of Newton Code of Ordinances Section 130.01(V)"

instead of as originally written.

WHEREFORE the State of Iowa prays the Court enter an Order allowing such amendment, substituting the City of Newton, Iowa as Plaintiff, and allowing the withdrawal of the State of Iowa as Plaintiff.

A True Information:

Scott W. Nicholson, Jasper County Attorney

By:  /s/ Nicholas E. Pietrack
      Nicholas E. Pietrack, AT0013920
      Assistant Jasper County Attorney
      Jasper County Attorney's Office
      114 W 3rd Street North, Newton, IA 50208
      Phone: (641) 792-5010/Fax: (641) 792-8327
      e-mail: general@jaspercoatty.org

E-FILED          SMAC016680 - 2022 OCT 31 07:17 AM          JASPER
CLERK OF DISTRICT COURT          Page 1 of 2

## *In the Iowa District Court for Jasper County*

| | |
|---|---|
| STATE OF IOWA, Plaintiff | DOCKET NUMBER:  SMAC016680 |
| vs. | *Order to Amend* |
| NOAH JAMES PETERSEN, Defendant | |

Now upon consideration of the State's Motion for Leave to Amend, the Court finds good cause exists to grant the amendment, that no prejudice will result to the defendant, and that the motion be GRANTED.

**IT IS THEREFORE ORDERED** that the complaint in the above-captioned matter is hereby amended as follows:

    a.  The caption is **amended** from "State of Iowa" to read "City of Newton, Iowa"

    b.  The box for "offense" is **amended** to un-mark the selection for "State" and mark the selection for "Local."

    c.  The box for "Code Section" is **amended** to read "City of Newton Code of Ordinances Section 130.01(V)"

**IT IS FURTHER ORDERED** that the State of Iowa is withdrawn as Plaintiff and the City of Newton, IA is substituted as Plaintiff in this matter. This matter shall in the future be captioned: City of Newton, Iowa, Plaintiff vs. Noah James Petersen, Defendant.

So ordered.

E-FILED          SMAC016680 - 2022 OCT 31 07:17 AM          JASPER
                 CLERK OF DISTRICT COURT                     Page 2 of 2



State of Iowa Courts

| Case Number | Case Title |
| --- | --- |
| SMAC016680 | STATE OF IOWA VS PETERSEN, NOAH JAMES |
| **Type:** | ORDER TO AMEND |

So Ordered

Peter Lahn, Magistrate
Fifth Judicial District of Iowa

Electronically signed on 2022-10-31 07:17:04

E-FILED  2022 NOV 07 8:29 AM JASPER - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR JASPER COUNTY

| | |
|---|---|
| **CITY of NEWTON, IOWA,** | **CASE NO. SMAC016680** |
| **Plaintiff,** | |
| **vs.** | |
| **NOAH JAMES PETERSEN,** | **PLEA OF NOT GUILTY & JURY DEMAND** |
| **Defendant.** | |

      **COMES NOW** the Defendant, Noah Petersen, and hereby pleads Not Guilty and demands a trial by jury.

                                        **PARRISH KRUIDENIER DUNN GENTRY
BROWN BERGMANN & MESSAMER, L.L.P.**

By:    */s/ Gina Messamer*
           Gina Messamer       AT0011823
           2910 Grand Avenue
           Des Moines, Iowa 50312
           Telephone: (515) 284-5737
           Facsimile: (515) 284-1704
           Email: gmessamer@parrishlaw.com
           **ATTORNEY FOR DEFENDANT**

**Electronically filed.**

**Copy to: Client**

1

E-FILED 2022 NOV 12 10:39 AM JASPER - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT IN AND FOR JASPER COUNTY

| | |
|---|---|
| **CITY of NEWTON, IOWA,** | |
| **Plaintiff,** | **CASE NO. SMAC016680** |
| **vs.** | |
| **Noah James Petersen,** | **MOTION TO DISMISS** |
| **Defendant.** | |

**COMES NOW** the Defendant, Noah Petersen, and for this Motion to Dismiss respectfully states to the Court as follows:

1.     The complaint filed in this case identifies the State of Iowa as plaintiff and charges the defendant with violating Iowa Code Section 723.4(1)(D), Disorderly Conduct – Disrupt/Disturb Lawfully Assembly, a Simple Misdemeanor.

2.     The Court subsequently granted the State's motion to amend the complaint to charge a Newton City Code violation, Ordinance § 130.01(V). That ordinance references back to and incorporates Iowa Code § 723.4. The purpose of this amendment was to shift the case from a State prosecution to a City prosecution. The elements of the original charge and the ordinance charge are the same.

3.     The offense is alleged to have occurred during a City of Newton city council meeting. The complaint filed against Mr. Petersen states:

> On 10-24-2022 the defendant was speaking at the scheduled city council meeting. During his presentation the defendant began speaking negatively towards the Mayor of Newton and the Police Chief. The defendant used the Mayor's name during his presentation after the Mayor and City Attorney warned all presenters of this. The defendant was asked to leave multiple times and the defendant advised he would need to be escorted out. The city council meeting had to be put on recess to have the defendant removed.

1

E-FILED  2022 NOV 12 10:39 AM JASPER - CLERK OF DISTRICT COURT

## I.   Facts

4.      On October 24, 2022, during his allotted 3-minute segment to speak Mr. Petersen began to read a prepared statement defending an individual who had been unlawfully arrested and calling for the defunding the police and investing in alternative programs.      ([https://www.newtongov.org/CivicMedia.aspx?VID=City-Council-Meeting-102422-284#player](https://www.newtongov.org/CivicMedia.aspx?VID=City-Council-Meeting-102422-284#player) at 21:50–23:30).

5.      Still within his three-minute allotment, Mr. Petersen called for the removal of Mayor Hansen and Chief of Police Burdess and described them as fascist. (*Id.* at 23:30).

6.      In response, Hansen banged his gavel stated, "Do not address the chief of police in that manner." (*Id.* at 23:43). Mr. Petersen repeated that the mayor and chief of police were facists and "they need to go." (*Id.* at 23:50). Hansen told Mr. Petersen "Your comments are ceased. Your comments are over." (*Id.* at 23:55).

7.      Hansen continued,

You are not going to defame the chief of police of this community.  Our rules clearly state that you are not to state derogatory remarks about any individual, including an employee of Newton. Including an employee of Newton. Cease your comments. Sit down.

(*Id.* at 24:05). Hansen suspended the council meeting at that point. (*Id.* at 24:30). The City's video recording of the meeting was stopped at that point.

8.      Luckily, another individual was recording the video and captured what happened   next.   ([https://www.youtube.com/watch?app=desktop&v=X8igr9hq3AA](https://www.youtube.com/watch?app=desktop&v=X8igr9hq3AA)   at 2:40). Mr. Petersen initially refused to leave, stating that officials would have to walk him out. (*Id.* at 2:48).

E-FILED  2022 NOV 12 10:39 AM JASPER - CLERK OF DISTRICT COURT

9.      Mr. Petersen stated that his time was not up, and that "you would have to walk me out." After another back-and-forth with Hansen, Mr. Petersen then began to voluntarily leave council chambers. (*Id.* at 3:18). On his way to the door, Burdess arrested Mr. Petersen. (*Id.* at 3:19).

10.     After Mr. Petersen was removed from the room, Defendant Hansen stated:

> As long as I'm sitting in this chair, and we have to rules to enforce, I will do so. I make no apologies for that whatsoever. . . . If you want to be political, be politically active on issues, there is plenty of place and time for that, it is not here in this council chambers. . . . Go do your activism where somebody cares.

(*Id.* at 4:05).

## II.     The charge violates Mr. Petersen's 1st Amendment rights

11.     Iowa Code § 723.4(1)(D) states that a person commits a simple misdemeanor if "[w]ithout lawful authority or color of authority, the person disturbs any lawful assembly or meeting of persons by conduct intended to disrupt the meeting or assembly."

12.     The element requiring the State to prove that a defendant acted "without lawful authority or color of authority" is critically important to ensure that charges under § 723.4(1)(D) do not run afoul the First Amendment.

13.     Mr. Petersen's removal from the City Council meeting was based upon a policy of the City of Newton to not allow "derogatory comments" during the citizen participation portion of the City Council meeting.

14.     The Newton City Council has adopted the following rules of proceedings for the "citizen participation" segment of city council meetings:

> This is the time of the meeting that a citizen may address the Council on matters that are included in the consent agenda or a matter that is not on the regular agenda. After being recognized by the Mayor, each person will

E-FILED  2022 NOV 12 10:39 AM JASPER - CLERK OF DISTRICT COURT

be given three (3) minutes to speak. Comments and/or questions must be related to City policies or the provision of City services and shall not include derogatory statements or comments about any individual.

15.    That policy was further explained by the City's law firm in an unsigned statement provided to the Des Moines register[1] as follows:

In accordance with the Council rules, each meeting agenda states that citizen comments shall not include derogatory statements or comments about individuals. During citizen participation the public is welcome to use their three minutes to voice their opinion [on] any city-related topic – but it is a violation of the rules for participants to refuse to identify themselves or provide their address at the start of the comments, and for them to make derogatory comments referencing individual citizens or employees.

16.    This policy by the City Council amounts to viewpoint discrimination and is invalid under the First Amendment of the Constitution.

17.    Under First Amendment jurisprudence, a city council meeting is known as a "limited public forum." *See, e.g., Palmore v. City of Pacific*, 851 F. Supp. 2d 1162, 1172 (E.D. Mo. 2010) (collecting cases classifying City Council meetings as limited public forums).

18.    Within the confines of a limited public forum, the regulation of speech is subject to strict scrutiny. *See United States v. Kokinda*, 497 U.S. 720, 726-27 (1990). A government may impose "time, manner, place" restrictions on expression, but only to the extent that they do not discriminate based on content and are narrowly tailored to serve

---

[1] Brick Gentry law firm apparently provided its statement on a .pdf document without a letterhead or signature. The document is embedded within William Morris, Des Moines Register, *Activist's arrests at Newton council meetings raise First Amendment concerns*, Oct. 27, 2022 at 5:34 a.m., available https://www.desmoinesregister.com/story/news/crime-and-courts/2022/10/27/iowa-activist-faces-criminal-charges-calling-newton-mayor-police-chief-fascists/69593477007/.

E-FILED  2022 NOV 12 10:39 AM JASPER - CLERK OF DISTRICT COURT

a significant government interest. *Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n*, 103 S. Ct. 948, 954 (1983).

19.     Viewpoint discrimination is an especially egregious type of content discrimination. *Rosenberger v. Rector and Visitors of U. of Virginia*, 515 U.S. 819, 829 (1995). "The government must abstain from regulating speech when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction." *Id.* Viewpoint discrimination is forbidden in a limited public forum. *Id.*

20.     Importantly, the Supreme Court has previously found that derogatory or disparaging remarks constitute a viewpoint that is protected by the First Amendment. *Matal v. Tam*, 137 S. Ct. 1744 (2017) (finding clause under 15 U.S.C. § 1052(a) prohibiting the registration of trademarks that "disparage…or bring…into contemp[t] or disrepute" any "persons, living or dead" was facially unconstitutional).

21.     "Giving offense is a viewpoint," even if that viewpoint is offensive to a particular group of people. *Id.* at 1763. "We have said time and again that 'the public expression of ideas may not be prohibited merely because the ideas are themselves offensive to some of their hearers.'" *Id.* (quoting *Street v. New York*, 384 U.S. 576, 592 (1969)); *see also Texas v. Johnson*, 491 U.S. 397, 414 (1989) ("If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable.").

22.     Mr. Petersen's negative words towards the Mayor of Newton and the Chief of Police constitute a viewpoint that is protected by the First Amendment. As in *Matal*, the City Council's prohibition on derogatory remarks in a limited public forum is facially

E-FILED  2022 NOV 12 10:39 AM JASPER - CLERK OF DISTRICT COURT

unconstitutional. 137 S. Ct. at 1763. Under the City's policy, Mr. Petersen may not criticize the Mayor or Chief of Police, but he would be allowed to heap praises upon them. This kind of distinction amounts to viewpoint discrimination and has been repeatedly invalidated by the Supreme Court. *See Iancu v. Brunetti*, 139 S. Ct. 2294, 2300 (2019) (finding the disparagement clause of the Lanham Act invalid because it discriminated against two sets of ideas: "those inducing societal nods of approval and those provoking offense and condemnation."); *see also Gasparinetti v. Kerr*, 568 F.2d 311, 314 (3d Cir. 1977) (finding regulation prohibiting police officers and civilian employees from "criticiz[ing] or make derogatory reference to Department orders or instructions either to the public or to the members of the Department" unconstitutional); *Muller v. Conlisk*, 429 F.2d 901, 903 (7th Cir. 1970) (finding rule prohibiting "any activity, conversation, deliberation, or discussion which is derogatory" to the police department to be unconstitutional on its face).

23.     These First Amendment protections are especially important in the present context, in which Mr. Petersen's critiques were directed at governmental figures. The ability to freely criticize the government is one of the principles on which this country was founded, and the Constitution has never been interpreted to allow for criticism only in measured and polite tones. "One of the prerogatives of American citizenship is the right to criticize public men and measures—and that means not only informed and responsible criticism but the freedom to speak foolishly and without moderation." *Baumgartner v. U.S.*, 322 U.S. 665, 673–74 (1944); *see also Cohen v. California*, 403 U.S. 15, 26 (1971) (finding that the "emotive" content of incendiary language is just as protected as the "cognitive" content under the First Amendment).

E-FILED  2022 NOV 12 10:39 AM JASPER - CLERK OF DISTRICT COURT

### III.   Probable cause is lacking

24.     The complaint filed against Mr. Petersen does not establish probable cause. "Probable cause exists if the totality of the circumstances as viewed by a reasonable and prudent person would lead that person to believe that a crime has been or is being committed and that the arrestee committed or is committing it." *State v. Bumpus*, 459 N.W.2d 619, 624 (Iowa 1990).

25.     The complaint does not allege that Mr. Petersen acted without lawful authority or color of authority at the public city council meeting. Nor does the complaint allege that Mr. Petersen disturbed the meeting. Nor does the complaint allege Mr. Petersen intended to disrupt the meeting or assembly.

26.     The complaint states in a conclusory fashion that Mr. Petersen interrupted the assembly after being advised to leave but provides no factual information regarding the nature of the interruption and whether it was without lawful authority or color of authority. Nor does the complaint describe the reason that Mr. Petersen was advised to leave the meeting, which is crucial to determining whether there is probable cause to establish that Mr. Petersen was acting without lawful authority or color of authority.

27.     The most likely explanation for these deficiencies, as is clear from the above discussion, is that Mr. Petersen *was* acting with lawful authority or under color of authority at the time of his arrest. He was speaking at the city council meeting and was still within his allotted three-minute time slot when he was arrested. He spoke calmly and addressed topics of public interest related to policing practices in the community. His First Amendment protections were not invalidated simply because he made derogatory remarks towards the Mayor and the Chief of Police. His ability to do so is protected by the Constitution, despite what the Newton City Council rules may provide.

E-FILED  2022 NOV 12 10:39 AM JASPER - CLERK OF DISTRICT COURT

28.    In sum, the allegations in the complaint are insufficient to establish probable cause for a violation of Ordinance § 130.01(V) and, by reference, Iowa Code § 723.4(1)(D).

**WHEREFORE**, Mr. Petersen asks that the Court dismiss the complaint against him because the charge violates his 1st Amendment rights and there is no probable cause for the charge.

**PARRISH KRUIDENIER DUNN GENTRY
BROWN BERGMANN & MESSAMER, L.L.P.**

By:  /s/ *Gina Messamer*
            Gina Messamer            AT0011823
            2910 Grand Avenue
            Des Moines, Iowa 50312
            Telephone: (515) 284-5737
            Facsimile: (515) 284-1704
            Email: gmessamer@parrishlaw.com
            **ATTORNEY FOR DEFENDANT**

**Electronically filed.**

**Copy to: Client**

8

E-FILED        SMAC016680 - 2023 FEB 01 04:07 PM        JASPER
CLERK OF DISTRICT COURT        Page 1 of 3

## IN THE IOWA DISTRICT COURT FOR JASPER COUNTY

| | |
|---|---|
| **CITY OF NEWTON, IOWA**<br>     **Plaintiff,**<br><br>**vs.**<br><br>**NOAH JAMES PETERSEN,**<br>     **Defendant** | Case No. SMAC016680<br><br><br>ORDER DENYING MOTION TO DISMISS |

On December 15, 2022 this matter came before the Court on a Motion to Dismiss filed by the Defendant.  The Defendant appeared with counsel Gina Messamer.  The City was represented by City Attorney Shannon Archer.  Briefs were filed and reviewed and argument was heard.  Exhibits were received into evidence.

The Defendant's position is the charge violates the Defendant's First Amendment rights and the complaint filed against the Defendant did not establish probable cause.  The City's position is that Iowa Rule of Criminal Procedure 2.2(1) does not apply to this offense.

After reviewing the briefings, argument, and applicable law, the Court finds probable cause is sustained for the above charge.  State v. Gregory, 327 N.W.2d 218, 220 (Iowa 1982) ("Probable cause to make a warrantless arrest turns upon the circumstances of each case. The facts must rise above mere suspicion but need not be so strong as to convince the officers that the subject is guilty. They must merely provide a reasonable basis for believing the subject is guilty." Citing State v. Harvey, 242 N.W.2d 330, 340 (Iowa 1976)).

In addition, the application of the First Amendment defense requires a factual determination of whether or not the Defendant was acting without "lawful authority or color of authority."  Iowa Code 723.4(1)(D).  Therefore, the Court denies the Defendant's Motion to Dismiss.

1 of 2

E-FILED          SMAC016680 - 2023 FEB 01 04:07 PM          JASPER
CLERK OF DISTRICT COURT          Page 2 of 3

This matter is currently set for a jury trial on April 13, 2023.

E-FILED          SMAC016680 - 2023 FEB 01 04:07 PM          JASPER
                 CLERK OF DISTRICT COURT                    Page 3 of 3



State of Iowa Courts

| Case Number | Case Title |
| --- | --- |
| SMAC016680 | CITY OF NEWTON VS PETERSEN, NOAH JAMES |
| **Type:** | Other Order |

So Ordered

Peter Lahn, Magistrate
Fifth Judicial District of Iowa

Electronically signed on 2023-02-01 16:07:30

E-FILED  2023 FEB 15 8:50 AM JASPER - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR JASPER COUNTY

| | | |
|---|---|---|
| CITY OF NEWTON, IOWA, | * | CASE NO. SMAC016680 |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | |
| | * | **MOTION TO DISMISS** |
| NOAH JAMES PETERSEN, | * | |
| *Defendant.* | * | |

**COMES NOW**, the Plaintiff, City of Newton, by and through its attorney, Shannon Archer, and states as follows:

1. On October 24, 2022, Defendant Noah Petersen was charged with Disorderly Conduct.

2. Upon review of the evidence, the City of Newton, Iowa, moves to dismiss the charge in the interest of justice.

**WHEREFORE**, the City of Newton hereby requests that the Court dismiss the case with prejudice and assess costs to the Plaintiff.

Respectfully Submitted,



SHANNON ARCHER, AT0010259
Brick Gentry P.C.
6701 Westown Pkwy, Suite 100
West Des Moines, IA 50266
515-446-3439
shannon.archer@brickgentrylaw.com

**ATTORNEY FOR PLAINTIFF**

E-FILED        SMAC016680 - 2023 FEB 15 10:24 AM        JASPER
CLERK OF DISTRICT COURT        Page 1 of 2

### IN THE IOWA DISTRICT COURT FOR JASPER COUNTY

| | |
|---|---|
| **CITY OF NEWTON, IOWA,**<br>*Plaintiff,*<br><br>v.<br><br>**NOAH JAMES PETERSEN,**<br>*Defendant.* | **CRIMINAL NO: SMAC016680**<br><br>**ORDER OF DISMISSAL**<br><br>☐ *Defendant is in custody.* |

The City of Newton filed a Motion to Dismiss. The Court hereby accepts the City's motion and finds it should be granted.

The City's Motion to Dismiss is sustained and this matter is dismissed:

☒ with prejudice        ☐without prejudice

☒ Plaintiff to pay court costs

☐ Recall any outstanding arrest or bench warrants in this case.

☐ Cancel any outstanding bond forfeiture proceedings in this case.

### EXPUNGEMENT

Iowa Code Section 901C.1 allows Defendant to request that a dismissed case be removed from the public record.  Before the request is made or granted each of the following must be true:

1) All charges in the case are dismissed.
2) At least 180 days have passed since the dismissal or the defendant proves, and the court finds, good cause to act sooner.
3) The dismissal was not based on a finding that Defendant was incompetent or not guilty by reason of insanity.
4) All court costs, fees, or other financial obligations ordered by the court have been paid.

☐ Dismissed case number(s) _____ are related to a deferred judgment.

**SO ORDERED.**

PCAOW02032020



State of Iowa Courts

| Case Number | Case Title |
| --- | --- |
| SMAC016680 | CITY OF NEWTON VS PETERSEN, NOAH JAMES |
| **Type:** | Order of Disposition |

So Ordered

Peter Lahn, Magistrate
Fifth Judicial District of Iowa

Electronically signed on 2023-02-15 10:24:53

# Agenda:      Newton City Council

**City Council Meeting**

**November 7, 2022 6:00 p.m.**

**Council Chambers, 101 W 4ᵗʰ St S., Newton, IA 50208
Mediacom Channels: 12/85/121.12, Website Livestream:
Newtongov.org / I want to "view" Livestream of City Council
Meetings (www.newtongov.org/cablecast).**

| | | |
|---|---|---|
| **Pledge** | | Pledge of Allegiance |
| **Call to Order** | 1. | Roll Call |
| **Citizen Participation** | | This is the time of the meeting that a citizen may address the Council.  After being recognized by the Mayor, each person will be given three (3) minutes to speak. Comments and/or questions must be related to City policies or the provision of City services and shall not include derogatory statements or comments about any individual. Except in cases of legal emergency, the City Council cannot take formal action at the meeting, but may ask the City staff to research the matter or have the matter placed on a subsequent agenda. |
| **Consent Agenda** | 2. | October 24, 2022 Regular City Council Meeting Minutes |
| | 3. | Approve Liquor License for the following:  SOMBRERO- LC0038865, 1130 1ST AVE E, Class C Liquor License, Outdoor Service, ownership change and renewal; Hy-Vee Food Store #1- LE0000090, 1501 First Ave E, Class E Liquor License, Class B Wine Permit, Class C Beer Permit. |
| | 4. | Approve FY22 Annual Financial Report. |
| | 5. | Resolution Approving the Fiscal Year 2021-2022 Annual City Street Financial Report. (Council Report 22-295) |
| | 6. | Resolution Approving the Annual Urban Renewal Report for Fiscal Year 2021-2022. (Council Report 22-296) |
| | 7. | Resolution Authorizing Urban Renewal Area activities to be Certified and Decertified as TIF Indebtedness. (Council Report 22-297) |
| | 8. | Resolution Claiming Less than the Maximum Allowable Revenue from the Southwest Tax Increment Financing District for Fiscal Year 2023-2024. (Council Report 22-298) |
| | 9. | Resolution Claiming Less than the Maximum Allowable Revenue from the 1ˢᵗ Avenue East Tax Increment Financing District for Fiscal Year 2023-2024. (Council Report 22-299) |
| | 10. | Resolution Approving a Property Tax Rebate for the Newton Elite Properties, LLC Property Located Within the 1ˢᵗ Avenue East Urban Renewal Area. (Council Report 22-300) |
| | 11. | Resolution authorizing the City of Newton dba Newton Fire Department to enter into an Intergovernmental Transfer Agreement, IGT Funding Certification, and GEMT Provider Agreement for the Ground Emergency Medical Transport (GEMT) supplemental reimbursement program with the Iowa Department of Human Services.  (Council Report 22-301) |

12. Resolution authorizing the purchase and installation of an electric gate opener for Waterworks Distribution shop. (Council Report 22-302)

13. Resolution approving services agreement with JETCO Inc. for Waterworks, Water Pollution Control and Landfill controls and pump stations. (Council Report 22-303)

14. Resolution approving professional services agreement with Bolton & Menk Inc. for a Stormwater Capital Planning Study. (Council Report 22-304)

15. Resolution approving Transparity annual software licensing and maintenance agreement with General Traffic Controls Inc. (Council Report 22-305)

16. Resolution approving 28-E agreement for the Safety Coalition of Central Iowa Cities shared services agreement. (Council Report 22-306)

17. Resolution fixing the amounts to be assessed against individual private properties for the abatement of nuisance violations (Schedule No. 22-11). (Council Report 22-307)

18. Resolution appointing the City Planner and Community Services Director to serve on the Central Iowa Regional Transportation Planning Alliance Committees in 2023. (Council Report 22-308)

19. Resolution approving an initial Engineering Services Agreement for the Maytag Pool Play Features Improvement Project. (Council Report 22-309)

20. Resolution awarding contract for the Fairmeadows North Plat 7 Storm Sewer Relocation Project. (Council Report 22-310)

21. Resolution ordering bids, approving plans, specifications and form of contract and notice to bidders, and ordering clerk to publish notice and fixing a date for receiving same, and for a public hearing on plans, specifications, form of contract and estimate of costs for the Sunset Dog Park Project - Phase 1. (Council Report 22-311)

22. Resolution approving video production services and a recruiting campaign with Liebl Marketing Group. (Council Report 22-312)

23. Approve Bills

**Ordinance**

24. Third Consideration of an Ordinance amending the City Code of Newton, Iowa, by adding Chapter 75: All-Terrain Vehicles, Off-Road Utility Vehicles, Golf Carts, and Snowmobiles. (Council Report 22-274)

- HF2130 was passed by the Iowa Legislature in 2022 allowing for expanded use of ATVs and UTVs on Iowa roadways. Municipalities have the authority to regulate use of these vehicles within their corporate limits.
- The proposed ordinance allows for limited use of properly equipped ATVs and UTVs on City streets. Staff does not recommend approval of this ordinance.

25. Third Consideration of an Ordinance amending the code of ordinances, City of Newton, Iowa, 2016, Title III Administration, Chapter 32, Section 32.060 – 32.071, "Water Board of Trustees", to dissolve the Water Board of Trustees and adding waterworks code reference to Title V Public Works, Chapter 54 Waterworks. (Council Report 22-275)

- Newton WaterWorks (NWW) is a municipal water utility governed by a Board of Trustees, which is tasked with providing water to customers in

the service area for domestic, commercial, industrial and firefighting purposes. In January 2022, the NWW Board of Trustees entrusted the city with the day-to-day management of NWW on an interim basis.

- The NWW Board determined the city has been providing excellent service in a cost-effective manner. At the March 18, 2022 meeting, the NWW Board voted that the NWW Board be dissolved and that governance of NWW permanently be placed with the Newton City Council.

- A special City election was held Tuesday, September 13, 2022.  The registered voters voted "YES" by simple majority to the following question: "*Shall the Newton WaterWorks Board of Trustees be dissolved and the City Council of Newton, Iowa, in the County of Jasper, Iowa, assume the obligations of managing and controlling the Newton WaterWorks*."

- The ordinance deletes CODE OF ORDINANCES, CITY OF NEWTON, IOWA, 2016 TITLE III ADMINISTRATION, CHAPTER 32, SECTION 32.060 – 32.071, "WATER BOARD OF TRUSTEES" language and adds waterworks code references to TITLE V PUBLIC WORKS, CHAPTER 54 WATERWORKS.

26. Third Consideration of an Ordinance amending the Code of Ordinances, City of Newton, Iowa, 2016, Title VII, Chapter 70, Section 70.15, "Traffic and Parking Schedules Adopted by Reference" to make changes to street parking in the downtown. (Council Report 22-276)

- The 2022 Downtown streetscape projects included reconstruction of the south 100 blocks of E 3rd St S, E 2nd St S, W 2nd St S and W 3rd St S. The City Hall parking lot project included reconstructing the parking lot and also constructing a new public lot to the south of City Hall.

- During the design phases staff identified a few ordinance amendments that would need to be made to coincide with these projects.

- The ordinance addresses changing diagonal parking to parallel at a couple of locations and identifying handicap stalls in the new public lot.

27. Second Consideration of an Ordinance vacating and disposing of the full width of the east-to-west South 10th Avenue West right-of-way located in the 1000 block of West 2nd Street South, City of Newton, Jasper County, Iowa. (Council Report 22-288)

- The proposal is to vacate the unimproved street right-of-way and attach it to the abutting property, the Jasper County EOC/Former Armory Building property, on the south side.

- The unimproved street right-of-way provides no city benefit.  Planning and Zoning Commission recommended approval of the vacation.

**Resolution**

28. Resolution Consenting to Assignment of Development Agreement.  (Council Report 22-313)

- Council approved a development agreement on June 14, 2018 and amended the agreement on January 20, 2020 and April 14, 2021 with Lion Development, LLC for property at 320 West 3rd Street North, located within the North Central Urban Renewal Area.

- Lion Development, LLC has agreed to sell the property to LeavenWealth Capital, LLC and requested the rights and responsibilities of the agreement be assigned to the new owner.

29.  Resolution approving a D&D Demolition Grant to Newton Development Corporation for 1311 1st Avenue East, Newton.  (Council Report 22-314)

- Newton Development Corporation (NDC) has purchased 1311 1st Avenue East and is requesting a D&D grant to assist with the cost to demolish the structure(s) in accordance with the agreement between the City and NDC approved by Resolution #2022-228.
- The resolution provides a demolition grant not to exceed $13,100.00, to be reimbursed to NDC after demolition is complete.

30.  Resolution approving the Courthouse Lighting special events application. (Council Report 22-315)

- The special event is for the Courthouse Lighting Event sponsored by Newton Chamber of Commerce/Newton Main Street on November 25, 2022.
- The proposal restricts parking on the Courthouse side of the road along N 2nd Avenue from 1st Street to E 2nd St N and on E 2nd St N from 1st Ave to N 2nd Ave. This event is estimated to have 325 attendees from 5:00 PM to 8:00 PM.
- This special event is coming before City Council simply because City staff cannot approve an application that is submitted less than 60 days prior to an event per City policy.

**Discussion**                          31.  Aurora Park Pickleball Courts

**Mayor/Council Comments**              32.

**Adjourn**

The City of Newton is pleased to provide reasonable accommodations, in compliance with the Americans with Disabilities Act, for those individuals or groups who require assistance to be able to participate in the public meeting. Should special accommodations be required, please contact the City Clerk's Office at least 48 hours in advance of the meeting, at 641-792-2787 to arrange for accommodations to be provided.

**www.NewtonGov.org**

NOVEMBER 7, 2022 CITY COUNCIL MEETING VIDEO
RECORDING

SENT IN FLASHDRIVE TO THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA, CENTRAL DIVISION, VIA
CERTIFIED MAIL



# 2023 NEWTON CITY COUNCIL RULES OF PROCEDURE

## Part I.  General Provisions

Rule 1. Scope of Rules. The Council shall determine the rules of its own proceedings by resolution and the Clerk shall keep such rules on file for public inspection. (City Code Chapter 30.053) These rules shall govern the conduct of the Council and shall be interpreted to ensure fair and open deliberations and decision making.

Rule 2. Technical Parliamentary Forms Abolished. Except as specifically provided in these rules, the Council shall not use any formal points of parliamentary order, personal privilege, parliamentary inquiry or other technical forms. Only motions specified within these rules are allowed.

Rule 3. Three-fourths requirement.  Any reference to a three-fourths vote of the City Council means three-fourths of the City Council as a whole, or at least five votes.

Rule 4. Matters Not Covered. Any matter or order or procedure not covered by these rules shall be referred to the presiding officer, who shall decide the matter with or without the assistance and advice of the City Attorney and/or the City Administrator in conformity with the purpose of these rules in a fair and expeditious manner. The decision of the presiding officer may be reversed by a three-fourths vote of the Council.

Rule 5. Interpretation. These rules are intended to supplement and shall be interpreted to conform to the statutes of the State of Iowa and the ordinances of the City of Newton.

## Part II. Council Meetings

Rule 6. Regular Meetings. The regular meetings of the Council shall be on the first and third Mondays of each month at a time designated by the Council in the Council chambers at City Hall. If such day shall fall on a legal holiday or a special event determined by a majority of the City Council, the meeting shall be held the next succeeding day at the same time unless a different day or time is determined by the Council. (City Code Chapter 30.050)

Rule 7. Special Meetings. (A) Special meetings shall be held upon call of the Mayor or upon the written request of a majority of the members of the Council submitted to the Clerk. (B) (1) Notice of a special meeting shall specify the date, time, place and subject of the meeting and such notice shall be given personally or left at the usual place of residence of each member of the Council. (2) A record of the service of notice shall be maintained by the Clerk. (City Code Chapter 30.052)

Rule 8. Quorum. A majority of all Council members is a quorum. The entire Council may conduct a meeting by electronic means under circumstances where such a meeting in person is impossible or impractical. In the alternative, individual members of the Council may participate electronically in a meeting as long as they can be heard by the public during all discussion and votes. (City Code Chapter 30.053)

Rule 9. Compelling Attendance. Any four members of the Council can compel the attendance of the absent members at any regular, adjourned or duly called meeting, by serving a written notice upon the absent member to attend at once. (City Code Chapter 30.054)

Rule 10. Notice of Meetings. The Council shall give reasonable notice of the time, date and place of each meeting and its tentative agenda. (City Code Chapter 30.055)

Rule 11. Meetings Open. All meetings shall be held in open session unless closed sessions are held as expressly permitted by state law. (City Code Chapter 30.056)

Rule 12. Minutes. (A) Minutes shall be kept of all meetings showing the date, time and place, the members present and the action taken at each meeting. (B) The minutes shall show the results of each vote taken and the vote of each member present shall be made public. (City Code Chapter 30.057)

Rule 13. Closed Session. A closed session may be held only by affirmative vote of either two-thirds of the Council or all of the members present at the meeting and in accordance with Iowa Code Ch. 21. (City Code Chapter 30.058)

Rule 14. Cameras and Recorders. The public may use cameras or recording devices at any open session. (City Code Chapter 30.059)

Rule 15. Electronic Meetings. A meeting may be conducted by electronic means only in circumstances where such a meeting in person is impossible or impractical and then only in compliance with the provisions of Iowa Code Ch. 21. (City Code Chapter 30.060)

Rule 16. Mayor's Veto. The Mayor may sign, veto or take no action on an ordinance, amendment or resolution passed by the Council. However, the Mayor may not veto a measure if the Mayor was entitled to vote on the measure at the time of passage. If the Mayor exercises the Mayor's veto power, the Mayor must explain the reason for such veto to the Council at the time of the veto. The Council may override the Mayor's veto by a three-fourths majority or at least 5 of the Council members.

## Part III. Agenda

Rule 17. Preparation of Agenda. Prior to each regular Council meeting the City Clerk shall publish an Agenda which contains all items the Council anticipates acting upon at the meeting. The Council may adopt the agenda as presented, or may amend the agenda as provided by these rules and may adopt the agenda as amended.

Rule 18. Consent Agenda. In preparing an Agenda the City Clerk shall separately designate items as "Consent Agenda" which may be acted upon by the Council under Rule 55. The "Consent Agenda" shall consist of routine non-controversial items approved as part of the consent agenda policy which in the City Administrator's determination can be appropriately considered in bulk at the Council meeting.

Rule 19. Agenda Requests and Deadline. The Mayor, any member of the Council and the City Administrator may have an item included upon the Agenda by requesting the City Clerk to include the item by noon on the Tuesday preceding the Council meeting.

2023 Procedural Rules of the Newton City Council
Adopted by Resolution 2023-052, March 6, 2023

Rule 20. Extra Items. Items requested or filed after noon on the Tuesday preceding a Council meeting shall not be included upon the Agenda unless the Mayor shall deem the item of sufficient urgency to warrant immediate Council action. These items shall be designated as "Extra" items and will be considered at the appropriate place on the regular Agenda (prior to or after a related item) or at the end of the regular Agenda.

Rule 21. Sponsor Required. The City Clerk shall not place upon the Agenda any matter for reconsideration unless sponsored by a Council member who voted on the originally prevailing side or who was absent at the time of the original action, provided said Council member made the motion at the next Council Meeting that Council member attended.

Rule 22. Withdrawal of Items. If the Mayor believes an agenda item submitted to the City Clerk per Rule 19 is unreasonable or detrimental, the Mayor will inform the requesting Council Member that the support of two additional Council Members is required. The request for the second and third Council Members' support must be communicated no later than noon on Wednesday before the scheduled meeting; otherwise, the item will not be added to the agenda. Once a requested item is added to the agenda, only the requesting Council Member(s) or a majority of the City Council may remove it.

Rule 23. Order of Consideration of Agenda. Except as otherwise provided in these rules, each Agenda item shall be considered in the numerical order assigned by the City Clerk. Each Agenda item shall be separately announced by the presiding officer for purposes of discussion and consideration. To announce an item, it shall be sufficient to identify the item by the number assigned by the City Clerk, unless greater specificity is requested by some person in attendance. This rule shall not apply to consideration of items under Rule 54 or Rule 55 and may be adjusted in situations deemed appropriate by the City Clerk. The following is the order of business of the City Council at its meetings:

1) Call to order
2) Pledge of Allegiance
3) Roll Call
4) Citizen Participation
5) Presentations
6) Approve Agenda/Consent Agenda
7) Public Hearings
8) Ordinances
9) Resolutions
10) City Staff Reports
11) Comments from Mayor and Council Members
12) Adjournment

The following is the order of business of the City Council at its work sessions:

1) Call to order
2) Roll call
3) Work Session Agenda Items
4) Adjournment

## Part IV.  Conduct of Meetings

Rule 24. Presiding Officer. The Mayor, or in the Mayor's absence or incapacity, the Mayor Pro Tem, shall be the presiding officer at all Council meetings. If both the Mayor and Mayor Pro Tem are absent the most senior Council member present shall preside. In the event two or more members equally possess the

greatest seniority then the eldest person among them shall preside. The presiding officer is also known as the chair.

Rule 25.  Control of Discussion. The presiding officer shall control discussion of the Council on each Agenda item to assure full participation in accordance of these rules.

Rule 26. Discussion. A Council member shall speak only after being recognized by the presiding officer. A Council member recognized for a specific purpose shall limit remarks to that purpose. A Council member, after being recognized shall not be interrupted except by the presiding officer to enforce these rules, or by another Council member raising a point of order.

Rule 27. Members May Speak – How Often. No member shall speak more than once on the same question until all other members desiring to speak have spoken.

Rule 28. Presiding Officer's Right to Enter into Discussion. The Mayor (or other presiding officer) may enter into any discussion.

Rule 29. Remarks to be Germane. Comments must be directed to the subject under consideration. The presiding officer shall rule on the germaneness of comments. Members making personal, impertinent, or slanderous remarks may be barred, at the presiding officer's discretion, from further comment on the item under consideration.

Rule 30. No side conversations between members. Members shall not have side conversations with each other during any Council Meeting. Should a member of Council wish to share information with other members, that member should seek the recognition of the chair.

Rule 31. Profanity. No member shall use profanity while speaking in any Council Meeting.

Rule 32. Motive. No member shall question the motive of another.

## Part V.  Citizen Participation

Rule 33. Citizen's Right to Address Council. The City of Newton is supportive of citizen participation at City Council meetings. In order to ensure that citizen participation occurs in an orderly fashion, the guidelines below must be utilized by persons wishing to speak at the Council meeting. By following these guidelines, persons can be assured that their viewpoint, concerns and comments are brought to the attention of the Council members prior to their decision-making process. Citizen comments will be allowed during the *Citizen Participation* portion of the meeting and during public hearings, ordinances, resolutions, and motions. Citizens comments are not allowed during any other portion of the City Council meeting.

Rule 34. Manner of Addressing Council. A person desiring to address the Council must first be recognized by the presiding officer. After being recognized by the presiding officer, speakers shall proceed to the podium, use the microphone, state his or her name, address, and group affiliation (if any), speak clearly and address his or her comments to the presiding officer. Elected officials will take comments into consideration; however, this time is not intended for a discussion or entering into a dialogue. Elected officials and City staff will not answer questions or debate a citizen during the Citizen Participation portion of the meeting.

Rule 35. Time Limit on Citizen's Remarks. Citizens shall be limited to three minutes speaking time during Citizen Participation. Total citizen input on any subject under Council consideration can be limited to a fixed period by the presiding officer. A three-fourths vote of the Council may extend the time limitations of this rule.  Citizens are also allowed an additional three minutes speaking time during any public hearing, ordinance, resolution, or motion that may appear on the agenda.

2023 Procedural Rules of the Newton City Council
Adopted by Resolution 2023-052, March 6, 2023

DEFS 0289

## Part VI.  Council Action

Rule 36. Call to Order. The Mayor or Mayor Pro Tem shall call the meeting to order at the appointed hour. In the absence of the Mayor and the Mayor Pro Tem the City Administrator shall call the meeting to order and a temporary presiding officer shall then be selected under Rule 24. The selected temporary presiding officer shall serve as successor Mayor Pro Tem for the meeting for purposes of being authorized to sign all measures passed and contracts approved at the meeting.

Rule 37. Roll Call. Before proceeding with the business of the Council, the City Clerk or the Deputy City Clerk shall call the roll call of members present, and enter those named in the minutes. The presiding officer shall determine the presence of a quorum as required by law and these rules.

Rule 38, Simple motion. Motions are the most typical action of the Council. Motions are used for routine actions, such as approval of minutes, and are effective immediately upon the vote of the Council.  A simple majority of the council members present need to vote affirmatively to pass a motion.  While the Mayor can veto an ordinance, resolution or an amendment to either an ordinance or resolution, there is no provision for a mayor to veto a simple motion.

Rule 39. Resolutions. Resolutions are statements of policy and have effect beyond that immediate moment as defined in Iowa Code Section 362.2(21). A majority of all council members means two-thirds of the City Council as a whole, or at least four votes.

Rule 40. Motion Required. All action requiring a vote shall be moved by a member of the Council.

Rule 41. Motions. Allowable motions include the following: 1) Motion to approve, 2) motion to amend, 3) motion to adjourn, 4) motion to recess, 5) motion to postpone to a certain time, 6) motion to postpone indefinitely, 7) motion to appeal the rule of the chair, 8) motion to suspend the rules, 9) motion to reconsider and 10) motion for the previous question. Form and example:

Motion to approve: I move the adoption of item 6b.

Motion to amend: I move to amend by inserting the words "and grade" after "purchase." Discussion and a vote would then take place on the amendment, i.e., the addition of the words "and grade." Whether the amendment is or is not adopted, a subsequent vote would be taken on the underlying item.

Motion to adjourn: I move to adjourn.

Motion to recess: I move that the meeting recess until 9:00 p.m. Or, I move to recess for ten minutes.

Motion to postpone to a certain time: I move to postpone the motion to the next meeting.

Motion to postpone indefinitely: I move that the item be postponed indefinitely.

Motion to appeal the rule of the chair: I appeal from the decision of the chair. If seconded, the chair shall clearly state the exact question at issue, the reason for his or her decision and states the question, "Shall the decision of the chair be sustained?"

Motion to suspend the rules: I move that the rules be suspended which interfere with … [stating the object of the suspension].

2023 Procedural Rules of the Newton City Council
Adopted by Resolution 2023-052, March 6, 2023

DEFS 0290

Motion to reconsider: I move to reconsider the vote on the resolution relating to the annual banquet. I voted for [or against] the resolution.

Motion for the previous question: I move the previous question.

Rule 42. Motions – Requiring a second. No motion shall be debated until another member has seconded the motion. After a motion has been made, another member who wishes it to be considered says, "I second the motion," and may do so without obtaining the floor.

Rule 43. Must be read or stated before debate. After a motion is made and seconded, it shall be stated by the presiding the presiding officer before being debated.

Rule 44. Points of Order. Members of Council, who notice a breach of these rules, may raise a point of order to insist upon their enforcement. (If the presiding officer notices a breech, he or she corrects the matter immediately; but if he or she fails to do so, any member can make the appropriate point of order.) Points of order are ruled upon by the presiding officer. Points of order are not debatable.

Rule 45. Appeal from a Ruling of the Presiding Officer. Should there be an appeal from any ruling of the presiding officer, the question, "Shall the chair be sustained?" shall be immediately put and determined before the Council proceeds to other business.

Rule 46. Previous Question. Any member may move the previous question. The motion shall be restated by the presiding officer in this form: "Shall the question under immediate consideration be now put?" It shall only prevail when supported by three-fourths of the Council and until decided shall preclude debate. If the motion is sustained, the proponent of the matter under consideration shall have one minute in which to make a closing statement before the Council votes on the question. A failure to sustain the motion shall not take the matter under consideration from further consideration of the Council; but the Council shall proceed as if the motion had not been made.

Rule 47. Not debatable. The following motions shall be decided without debate: 1) motion to adjourn, 2) motion for the previous question, 3) motion to suspend the rules and 4) motion to recess.

Rule 48. Indefinite postponement. When a simple motion or resolution is postponed indefinitely, that item shall not be acted on again in the same calendar year except when supported by three-fourths of the Council. When an ordinance is postponed indefinitely, rules 59-63 apply.

Rule 49. Presiding Officer's Right to Speak Last. The presiding officer has the right to close debate and speak last on any item.

Rule 50. Closing Debate. Discussion shall be closed on any item by the presiding officer with the concurrence of a majority of the Council. Except as provided by Rule 25, a call for the vote shall not close discussion if any member of the Council still wishes to be heard.

Rule 51. Motion to Reconsider. A motion to reconsider must be made by a Council member who was on the prevailing side in the original action or by a Council Member absent at the time of the original action, provided said council member made the motion at the next Council Meeting that Council member attended.

Rule 52. Call for Vote. At the conclusion of debate the presiding officer shall call for a vote, provided however, a majority of the Council may require a vote at any time.

Rule 53. Separate Consideration. Except as otherwise required by these rules each Agenda item shall be voted upon separately and each separate vote shall be recorded by the City Administrator.

Rule 54. Action on Consent Agenda. Except as herein provided the "Consent Agenda" shall be considered in bulk and voted upon in single motion. Each Council Member shall notify the City Administrator, the City Clerk, or the presiding officer for a particular meeting about any matter on the "Consent Agenda" upon which he or she wishes to consider independently from the consent agenda. At the time of consideration of the "Consent Agenda" the presiding officer shall announce the items upon which Council members will consider independently. A consent agenda item may be pulled from the Consent Agenda during a Council Meeting if requested prior to the vote on the Consent Agenda by any Council member. The City Clerk or Deputy City Clerk, on all matters contained in the "Consent Agenda," shall record the yes and no votes on each item separately as if each item had been moved and voted upon separately. Rule 15 shall not apply.

Rule 55. Action to Multiple Items. With the consent of three-fourths of the Council, Rule 49 hereof notwithstanding, the Council may consider for voting purposes more than one item, but in such event the vote upon each item will be separately recorded by the City Clerk or Deputy City Clerk noting specific yes or no votes of each Council member on each item.

Rule 56. Recording Names of Moving Members. The City Clerk or the Deputy City Clerk shall record the name of the Council Member making and seconding each motion.

Rule 57. Consideration of Matters Not on Agenda. Except as to matter which by law require the publication of notice before consideration by the Council any member of the Council may, at the close of the regular Agenda, bring a matter not on the Agenda to the Council's attention. Council may not act upon such matters; rather direct such matter be included upon a later Agenda.

## Part VII. Ordinances

Rule 58. Three Meetings. A proposed ordinance or amendment must be considered and voted on for passage at two Council meetings prior to the meeting at which it is to be finally passed, unless this requirement is suspended by a recorded vote of not less than three-fourths of the Council members. (City Code Chapter 30.075)

Rule 59. Time for Consideration. No more than three months shall elapse between the time of introduction and final passage of an ordinance or amendment. If final approval is not secured within the time allowed herein, the ordinance shall be deemed to have failed. (City Code Chapter 30.076)

Rule 60. Failure on First Consideration. If a proposed ordinance is not approved on its first consideration, it shall be deemed to have failed and may not be considered for second consideration or final passage. (City Code Chapter 30.077)

Rule 61. Failure on Second Consideration. If a proposed ordinance is not approved on its second consideration it may be brought up for third consideration only if a request is made by a Council member to place the matter on the agenda for the next meeting. Such request must be made and entered of record at the same meeting at which the second consideration was given. (City Code Chapter 30.078)

Rule 62. Changes during Consideration. A minor change or technical correction which does not significantly change or alter the application or impact of a proposed ordinance may be made during its passage. (City Code Chapter 30.079)

## Part VIII. Miscellaneous

Rule 63. Motions. At any appropriate place on the Agenda any member of the Council may make a motion for the Council to act upon any matter if the motion is germane to the matter under consideration.

Rule 64. Waiver of Ordinance Readings.  A Council member may move the final passage of an ordinance, with waiver of first or second consideration of the ordinance or waiver or both, by simply stating, "I move to waive the second (and/or third) consideration of the ordinance."

Rule 65. Name of Sponsor on Roll Call. Any time these rules require an action to be sponsored by a Council member, the City Clerk shall note the name of the sponsoring Council member on the face of the roll call for said item.

Rule 66. Suspension of Rules. These rules or any part hereof, may be suspended for a specific purpose by a vote of three-fourths of the Council.

Rule 67. Hearings. Any other rule to the contrary notwithstanding, unless required by statute or necessary to conform to proceedings required for a special purpose, a hearing shall commence when declared open by the presiding officer and shall close when closed by the presiding officer or by other formal action of the Council.

Rule 68. Informal Requests. A member of the Council, before or during the consideration of any matter, or in the course of a hearing, may request and receive information, explanations or the opinions of the City Attorney, City Administrator or any City employee.



# Newton City Council Agenda

### July 15, 2024 - 6:00 PM

*View the City Council Meeting:*

| **In Person** | **Television** | **Online** |
|---|---|---|
| City Hall - Council Chambers | Mediacom Channel | newtongov.org/cablecast |
| 101 W 4th St S, Newton, IA 50208 | 12/85/121.12 | |

**Pledge**

Pledge of Allegiance

**Call to Order**

1.  Roll Call

**Presentation**

2.  National League of Cities - Homeserve service line protection program - Jody Rhone, Utilities Director & Ashley Shiwarski, Sr. Director, Business Development HomeServe

**Citizen Participation**

3.  This is the time of the meeting that a citizen may address the Council. After being recognized by the presiding officer, each person will be given three (3) minutes to speak. Elected officials will take comments into consideration; however, this time is not intended for a discussion or entering into a dialogue. Elected officials and City staff will not answer questions or debate a citizen during the *Citizen Participation* portion of the meeting

**Consent Agenda**

4.  July 1, 2024 Regular City Council Meeting Minutes

5.  Approve Liquor Licenses for the following: Newton Lodge #1270, B.P.O. Elks- LF0000274, 111 East 2nd Street, S

6.  Certify Firefighter List

7.  Resolution levying assessments for costs of nuisance abatement and providing for the payment thereof (Schedule 24-07)

8.  Resolution fixing the amounts to be assessed against individual private properties for the abatement of nuisance violations (Schedule No. 24-08)

9.  Resolution approving Task Order 24-03 with Strand Associates Engineering for application assistance in completing the 2024 National Pollutant Discharge Elimination System (NPDES) permit

10.  Resolution approving Westwood Creek pump repairs

11.  Resolution approving Second amendment to contract with IEDA on $600,000 Downtown Housing Grant

12.  Resolution authorizing the Iowa State University Child Passenger Safety Survey in the City of Newton Parks System

13. Resolution approving payment to Axon, LLC for Police Department in-car and body camera system

14. Resolution approving payment to MyGov, LLC. for nuisance reporting software

15. Resolution approving a conflict waiver with Ahler's and Cooney P.C. and the City of Pella for law enforcement services at Iowa Speedway events

16. Resolution setting a public hearing for the sale of City-owned property at 315, 319, and 321 East 8th Street South in Newton, Jasper County, Iowa

17. Approve Bills

**Public Hearing**

18. Public Hearing on a Resolution awarding contract for the 2024-01 Downtown Streetscape Improvements Project

- N 2nd Ave E between 1st St N and E 4th St N, along with E 2nd St N and E 3rd St N between 1st Ave E and N 2nd Ave E, has had several asphalt resurfacing projects over the last 65 years, with the previous resurfacing project occurring between 36 and 38 years ago.
- The asphalt surface needs rehabilitation. Four of the five blocks have been widened to approximately 55 feet, eliminating the streetscape and causing poor street drainage.
- The street will be reconstructed 40 feet wide (measured face of curb to face of curb) with parallel parking and new sidewalks. Returning the street to near its original width will improve street drainage and provide a grass area between the curb and the sidewalk for aesthetic improvement, pedestrian streetscape lighting, and snow storage.

19. Resolution awarding contract for the 2024-01 Downtown Streetscape Improvements Project

20. Public Hearing on a Resolution awarding contract for the 2024 HMA Resurfacing Project

- S 8th Ave has had several asphalt resurfacing projects over the last 65 years, with the most recent occurring in 1993.
- With the expansion of the Newton Sanitary Landfill (NSL) convenience center, HMA is needed to finish the project. In addition, the landfill has seen extra traffic over the last ten years, requiring resurfacing of the entrance drive and other paved areas.
- The project will include milling and overlaying sections of S 8th Ave East and West and HMA improvements to the Newton Sanitary Landfill.
- City staff recommends awarding the project to the lowest responsive, responsible bidder, Manatt's Inc. of Newton, Iowa, with a bid of $279.175.85.

21. Resolution awarding contract for the 2024 HMA Resurfacing Project

**Ordinance**

22. Second Consideration of an Ordinance amending the Code of Ordinances, City of Newton, Iowa, 2016, Title V, Chapter 53: Stormwater Utility

- At the October 19, 2020, City Council Meeting, the Newton City Council approved the creation of a Stormwater Utility Ordinance, which was the result of the City of Newton's need for funds to be dedicated to the sole purpose related to stormwater activities and to decrease the practice of diverting street funds away from streets and towards stormwater improvements.
- The ordinance established the Equivalent Residential Unit (ERU) of Four Thousand (4,000) square feet of impervious area as the official unit of measurement and an initial ERU rate of $4.00. The ERU rate increased to $4.25 on July 1, 2022 and to $4.50 on July 1, 2023. The initial ordinance did not include additional rate increases after July 1, 2023, and no increase was implemented on July 1, 2024.
- City Council considered nine different alternatives at Council Meetings on June 17, 2024 and July 1, 2024 and approved the first reading of an ordinance on July 1, 2024 that would increase stormwater rates by 6% in fiscal year (FY) 26, by 4% in FY27 & FY28, and by 3% in FY29 & FY30.

**Resolution**

23. Resolution approving change order #3 for the WPC Plant Improvements Project

- Council previously approved a contract for $5,897,300.00 on October 24, 2022, to Woodruff Construction LLC. for the WPC Plant Improvements Project. This project included multiple upgrades to the Water Pollution Control Treatment Plant, as well as the Southwest Pump Station.
- Change order #3 includes multiple items that have been combined into a single change order.
- The total amount of change order #3 is a deduct of ($97,365.04)

24. Resolution Authorizing Temporary Positions in the Utility Billing Division of the Administration Department

- The Utility Billing division in the Administration Department currently has 4 employees. Two long-term employees with 55 years of experience will be retiring by February 1, 2026. In order to properly train and prepare the office for these retirements, the proposed succession plan for hiring temporary employees is recommended.
- By February 1, 2026, after all retirements, staffing in this office will be back to normal with 4 employees.

25. Resolution Authorizing Amendments to the City of Newton Employee Handbook Regarding Clothing Allowances

- The recommended changes amend the Fire Supervisor's clothing allowance to match the Firefighters union contract by paying out the clothing allowance annually versus accruing funds, which eliminates the additional administrative tracking.
- Additionally, due to the reorganization of Community Services into Community Development, Sec. 3 would be amended, eliminating any Community Services reference and adding Parks & Recreation language.

26.     Resolution adopting the nuisance abatement contractor rate

- The City continues to work towards better curb appeal and improved aesthetics within the community.
- The City abates violations that remain non-compliant through the use of private contractors after the initial warning period.
- Staff is purposing the contractor abatement rate be increased from $60 per hour to $100 per hour with a 1-hour minimum to help offset the rising operational costs.

**Mayor/Council Comments**

27.     Mayor and Council Comments

**Adjourn**

The City of Newton is pleased to provide reasonable accommodations, in compliance with the Americans with Disabilities Act, for those individuals or groups who require assistance to be able to participate in the public meeting.  Should special accommodations be required, please contact the City Clerk's Office at least 48 hours in advance of the meeting, at 641-792-2787 to arrange for accommodations to be provided.

**Find us online: www.newtongov.org**