UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **NOAH PETERSEN**, <br><br> *Plaintiff,* <br><br> v. <br><br> **CITY OF NEWTON, IOWA**, **et al.**, <br><br> *Defendants.* | Civil Action No.: 4:23-cv-00408-SMR-SBJ <br><br><br> **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY** |

**COMES NOW** Plaintiff Noah Petersen and moves for summary judgment on liability, stating as follows:

1. Summary Judgment on Liability is appropriate on Plaintiff's nine claims against three defendants, the City of Newton, Iowa, former Newton Mayor Michael Hansen, and Newton Chief of Police Rob Burdess.

2. On October 3, 2024, Defendants retaliated against Noah for the comments he made at a Newton city council meeting. Claim I (against Mayor Hansen and Chief Burdess) and Claim III (against Newton) are First and Fourteenth Amendment claims related to that meeting. Claim VI is a Fourth and Fourteenth Amendment claim (against all Defendants) related to that meeting. And Claim VIII is an Equal Protection Claim (against all Defendants) related to that meeting.

3. On October 24, 2024, Defendants retaliated against Noah, again, for the comments he made at a Newton city council meeting. Claim II (against Mayor Hansen

1

and Chief Burdess) and Claim IV (against Newton) are First and Fourteenth Amendment claims related to that meeting. Claim VII is a Fourth and Fourteenth Amendment claim (against all Defendants) related to that meeting. And Claim IX is an Equal Protection Claim (against all Defendants) related to that meeting.

4. For both sets of claims, Defendants alleged that they were entitled to take actions against Noah because he allegedly violated the City's rule against making "derogatory statements or comments about any individual" at city council meetings (the "Derogatory Comments Rule").

5. Claim V (against all Defendants) challenges the constitutionality of the Derogatory Comments Rule, both on its face and as applied to Plaintiff by Defendants, under the First and Fourteenth Amendments.

6. The Derogatory Comments Rule—and Defendants' use of that rule to silence, arrest, jail, and criminally charge Noah—was clearly unconstitutional under decades of well-established First Amendment doctrine.

7. As a result, there are no disputed material facts and Plaintiff is entitled to judgment as a matter of law on all nine of his claims.

8. Liability has been established as a matter of law; only the determination of damages should remain for trial.

**WHEREFORE,** Plaintiff Noah Petersen respectfully requests that the Court grant summary judgment on liability in favor of Plaintiff and against Defendants on all Counts (I through IX).

Date: October 7, 2024.   Respectfully submitted,

/s/ *Brian A. Morris*
Brian A. Morris*
Patrick Jaicomo*
James T. Knight II*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, Virginia 22203
Tel: (703) 682-9320
bmorris@ij.org
pjaicomo@ij.org
jknight@ij.org

Gina Messamer (AT0011823)
PARRISH KRUIDENIER LAW FIRM
2910 Grand Avenue
Des Moines, Iowa 50312
Tel: (515) 284-5737
gmessamer@parrishlaw.com

*Counsel for Plaintiff Noah Petersen*

*Admitted *Pro Hac Vice*

**CERTIFICATE OF SERVICE**

 I hereby certify that, on October 7, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all registered participants identified on the Notice of Electronic Filing.

             */s/ Brian A. Morris*
             Brian A. Morris