UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **NOAH PETERSEN**, | |
| *Plaintiff,* | |
| | Civil Action No.: 4:23-cv-00408-SMR-SBJ |
| v. | |
| | **PART 4 OF 4** |
| | **(Appx. 884 - 939)** |
| **CITY OF NEWTON, IOWA**, et al., | |
| *Defendants.* | |

**PLAINTIFFS' APPENDIX IN SUPPORT OF PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT**

Brian M. Morris**
James T. Knight II*
Patrick Jaicomo*
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, VA 22203
Telephone: (703) 682-9320
Fax: (703) 682-9321
bmorris@ij.org
jknight@ij.org
pjaicomo@ij.org

*Admitted Pro Hac Vice

**Lead Counsel
Counsel for Plaintiff

Gina Messamer
Iowa Bar No. AT0011823
PARRISH KRUIDENIER LAW FIRM
2910 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 284-5737
Fax: (515) 284-1704
gmessamer@parrishlaw.com

*Local Counsel for Plaintiff*

## <u>PLAINTIFF'S APPENDIX TABLE OF CONTENTS</u>

**Page**

<u>Document</u>

Docket Sheet ................................................................................................Appx. 1

Complaint and Jury Demand (ECF No. 1) .......................................................Appx. 6

Exhibit A of Plaintiff's Complaint (ECF No. 1-1) ...........................................Appx. 62

Exhibit B of Plaintiff's Complaint (ECF No. 1-2) ...........................................Appx. 65

Exhibit C of Plaintiff's Complaint (ECF No. 1-3) ...........................................Appx. 67

Exhibit D of Plaintiff's Complaint (ECF No. 1-4).............................................Appx. 69

Exhibit E of Plaintiff's Complaint (ECF No. 1-5) ...........................................Appx. 71

Exhibit F of Plaintiff's Complaint (ECF No. 1-6) ............................................Appx. 74

Exhibit G of Plaintiff's Complaint (ECF No. 1-7)............................................Appx. 77

Plaintiff's Civil Cover Sheet (ECF No. 1-8) ....................................................Appx. 85

Defendants' Answer to Complaint (ECF No. 8)................................................Appx. 87

Defendants' Answers to Plaintiff's First Set of Interrogatories ....................Appx. 152

Deposition Transcript of Noah Petersen.........................................................Appx. 162

Deposition Transcript of Michael Hansen .....................................................Appx. 291

Deposition Transcript of Robert Burdess .......................................................Appx. 517

Deposition Transcript of 30(b)(6) Katrina Davis............................................Appx. 671

Deposition Exhibit 1- Plaintiff's Complaint and Jury Demand....................Appx. 740

Deposition Exhibit 2- Plaintiff's Objections and Responses to Defendant
City of Newton's First Request for Production of Documents ......................Appx. 819

Deposition Exhibit 3- Emails between Plaintiff Noah Petersen and
Defendant City of Newton.............................................................................Appx. 829

Deposition Exhibit 4- Plaintiff Noah Petersen's Twitter (X) Account...........Appx. 834

Deposition Exhibit 5- Plaintiff Noah Petersen's Facebook Account ..............Appx. 860

Deposition Exhibit 6- Agenda for Newton City Council,
October 3, 2022 ...................................................................................Appx. 863

Deposition Exhibit 7- Email from Michael Hansen to Katrina Davis ...........Appx. 875

Deposition Exhibit 8- Emails from Michael Hansen to the City of
Newton ...............................................................................................Appx. 876

Deposition Exhibit 9- Exhibit B from Plaintiff's Complaint ..........................Appx. 878

Deposition Exhibit 10- VIDEO: September 6 Newton City
Council Meeting ..................................................................................Appx. 880

Deposition Exhibit 11- VIDEO: October 3 Newton City Council
Meeting ...............................................................................................Appx. 881

Deposition Exhibit 12- VIDEO: October 24 Newton City Council
Meeting ...............................................................................................Appx. 882

Deposition Exhibit 13- VIDEO: Plaintiff Noah Petersen's Arrest on
October 24 at Newton City Council Meeting ....................................Appx. 883

Deposition Exhibit 14- 2018 Procedural Rules of the Newton City
Council ...............................................................................................Appx. 884

Deposition Exhibit 15- 2023 Newton City Council Rules of Procedure .........Appx. 892

Deposition Exhibit 16- VIDEO: City Hall Atrium October 3, 2022 ...............Appx. 900

Deposition Exhibit 17- Iowa Code 2024, Section 716.7 ..................................Appx. 901

Deposition Exhibit 18- Iowa Code 2024, Section 723.4 ..................................Appx. 903

Deposition Exhibit 19- Exhibit E from Plaintiff's Complaint .........................Appx. 904

Deposition Exhibit 20- Iowa Incident Report Supplemental Newton Police
Department: October 4, 2022 ...........................................................Appx. 907

Deposition Exhibit 21- Newton Police Department Policy Manual:
Policy 411 ...........................................................................................Appx. 908

Deposition Exhibit 22- Exhibit F from Plaintiff's Complaint .........................Appx. 912

Deposition Exhibit 23- Iowa Incident Report Supplemental Newton Police Department: October 25, 2022 ........................................................................Appx. 915

Deposition Exhibit 24- Defendants' Answers to Plaintiff's First Set of Interrogatories ....................................................................................Appx. 916

Deposition Exhibit 25- Newton City Council Agenda July 15, 2024 .............Appx. 926

Defendants' Production 00539- News Release from Newton Police Department ...........................................................................................Appx. 930

Defendants' Production 00593- City Council Workshop Minutes November 28, 2022 ...........................................................................Appx. 931

Defendants' Production 00594- Public Participation Guidelines for City Council Meetings ...............................................................................Appx. 932

Email from Defendants' Counsel ...................................................................Appx. 933

Plaintiff's Production 00199 – 00204- Protective Order on Nathan Michael Winters .........................................................................................Appx. 934

## CERTIFICATE OF SERVICE

I hereby certify that, on October 7, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all registered participants identified on the Notice of Electronic Filing.

*/s/ Brian A. Morris*
Brian A. Morris



EXHIBIT

14

81324 CQ

PENGAD 800-631-6989



# 2018 PROCEDURAL RULES OF THE NEWTON CITY COUNCIL

## Part I.  General Provisions

Rule 1. Scope of Rules. The Council shall determine the rules of its own proceedings by resolution and the Clerk shall keep such rules on file for public inspection. (City Code Chapter 30.053) These rules shall govern the conduct of the Council and shall be interpreted to ensure fair and open deliberations and decision making.

Rule 2. Technical Parliamentary Forms Abolished. Except as specifically provided in these rules, the Council shall not use any formal points of parliamentary order, personal privilege, parliamentary inquiry or other technical forms. Only motions specified within these rules are allowed.

Rule 3. Three-fourths requirement.  Any reference to a three-fourths vote of the City Council means three-fourths of the City Council as a whole, or at least five votes.

Rule 4. Matters Not Covered. Any matter or order or procedure not covered by these rules shall be referred to the presiding officer, who shall decide the matter with or without the assistance and advice of the City Attorney and/or the City Administrator in conformity with the purpose of these rules in a fair and expeditious manner. The decision of the presiding officer may be reversed by a three-fourths vote of the Council.

Rule 5. Interpretation. These rules are intended to supplement and shall be interpreted to conform to the statutes of the State of Iowa and the ordinances of the City of Newton.

## Part II. Council Meetings

Rule 6. Regular Meetings. The regular meetings of the Council shall be on the first and third Mondays of each month at a time designated by the Council in the Council chambers at City Hall. If such day shall fall on a legal holiday the meeting shall be held the next succeeding day at the same time unless a different day or time is determined by the Council. (City Code Chapter 30.050)

Rule 7. Special Meetings. (A) Special meetings shall be held upon call of the Mayor or upon the written request of a majority of the members of the Council submitted to the Clerk. (B) (1) Notice of a special meeting shall specify the date, time, place and subject of the meeting and such notice shall be given personally or left at the usual place of residence of each member of the Council. (2) A record of the service of notice shall be maintained by the Clerk. (City Code Chapter 30.052)

Rule 8. Quorum. A majority of all Council members is a quorum. (City Code Chapter 30.053)

Rule 9. Compelling Attendance. Any four members of the Council can compel the attendance of the absent members at any regular, adjourned or duly called meeting, by serving a written notice upon the absent member to attend at once. (City Code Chapter 30.054)

Rule 10. Notice of Meetings. The Council shall give reasonable notice of the time, date and place of each meeting and its tentative agenda. (City Code Chapter 30.055)

Rule 11. Meetings Open. All meetings shall be held in open session unless closed sessions are held as expressly permitted by state law. (City Code Chapter 30.056)

Rule 12. Minutes. (A) Minutes shall be kept of all meetings showing the date, time and place, the members present and the action taken at each meeting. (B) The minutes shall show the results of each vote taken and the vote of each member present shall be made public. (City Code Chapter 30.057)

Rule 13. Closed Session. A closed session may be held only by affirmative vote of either two-thirds of the Council or all of the members present at the meeting and in accordance with Iowa Code Ch. 21. (City Code Chapter 30.058)

Rule 14. Cameras and Recorders. The public may use cameras or recording devices at any open session. (City Code Chapter 30.059)

Rule 15. Electronic Meetings. A meeting may be conducted by electronic means only in circumstances where such a meeting in person is impossible or impractical and then only in compliance with the provisions of Iowa Code Ch. 21. (City Code Chapter 30.060)

Rule 16. Mayor's Veto. The Mayor may sign, veto or take no action on an ordinance, amendment or resolution passed by the Council. However, the Mayor may not veto a measure if the Mayor was entitled to vote on the measure at the time of passage. If the Mayor exercises the Mayor's veto power, the Mayor must explain the reason for such veto to the Council at the time of the veto. The Council may override the Mayor's veto by a three-fourths majority of the Council members.

## Part III. Agenda

Rule 17. Preparation of Agenda. Prior to each regular Council meeting the City Clerk shall publish an Agenda which contains all items the Council anticipates acting upon at the meeting. The Council may adopt the agenda as presented, or may amend the agenda as provided by these rules and may adopt the agenda as amended.

Rule 18. Consent Agenda. In preparing an Agenda the City Clerk shall separately designate items as "Consent Agenda" which may be acted upon by the Council under Rule 55. The "Consent Agenda" shall consist of routine non-controversial items approved as part of the consent agenda policy which in the City Administrator's determination can be appropriately considered in bulk at the Council meeting.

**Rule 19. Agenda Requests and Deadline.** The Mayor, any member of the Council and the City Administrator may have an item included upon the Agenda by requesting the City Clerk to include the item by noon on the Tuesday preceding the Council meeting.

**Rule 20. Extra Items.** Items requested or filed after noon on the Tuesday preceding a Council meeting shall not be included upon the Agenda unless the Mayor shall deem the item of sufficient urgency to warrant immediate Council action. These items shall be designated as "Extra" items and will be considered at the appropriate place on the regular Agenda (prior to or after a related item) or at the end of the regular Agenda.

**Rule 21. Sponsor Required.** The City Clerk shall not place upon the Agenda any matter for reconsideration unless sponsored by a Council member who voted on the originally prevailing side or who was absent at the time of the original action, provided said Council member made the motion at the next Council Meeting that Council member attended.

**Rule 22. Withdrawal of Items.** Only the Mayor may withdraw an item prior to the Council meeting.

**Rule 23. Order of Consideration of Agenda.** Except as otherwise provided in these rules, each Agenda item shall be considered in the numerical order assigned by the City Clerk. Each Agenda item shall be separately announced by the presiding officer for purposes of discussion and consideration. To announce an item, it shall be sufficient to identify the item by the number assigned by the City Clerk, unless greater specificity is requested by some person in attendance. This rule shall not apply to consideration of items under Rule 54 or Rule 55 and may be adjusted in situations deemed appropriate by the City Clerk. The following is the order of business of the City Council at its meetings:

1. Call to order
2. Pledge of Allegiance
3. Roll Call
4. Citizen Participation
5. Presentations
6. Approve Agenda/Consent Agenda
7. Public Hearings
8. Ordinances
9. Resolutions
10. City Staff Reports
11. Comments from Mayor and Council Members
12. Adjournment

The following is the order of business of the City Council at its work sessions:

1. Call to order
2. Roll call
3. Work Session Agenda Items
4. Adjournment

## Part IV.  Conduct of Meetings

**Rule 24. Presiding Officer.** The Mayor, or in the Mayor's absence or incapacity, the Mayor Pro Tem, shall be the presiding officer at all Council meetings. If both the Mayor and Mayor Pro Tem are absent the most senior Council member present shall preside. In the event two or more members equally possess the

greatest seniority then the eldest person among them shall preside. The presiding officer is also known as the chair.

Rule 25.  Control of Discussion. The presiding officer shall control discussion of the Council on each Agenda item to assure full participation in accordance of these rules.

Rule 26. Discussion. A Council member shall speak only after being recognized by the presiding officer. A Council member recognized for a specific purpose shall limit remarks to that purpose. A Council member, after being recognized shall not be interrupted except by the presiding officer to enforce these rules, or by another Council member raising a point of order.

Rule 27. Members May Speak – How Often. No member shall speak more than once on the same question until all other members desiring to speak have spoken.

Rule 28. Presiding Officer's Right to Enter into Discussion. The Mayor (or other presiding officer) may enter into any discussion.

Rule 29. Remarks to be Germane. Comments must be directed to the subject under consideration. The presiding officer shall rule on the germaneness of comments. Members making personal, impertinent, or slanderous remarks may be barred, at the presiding officer's discretion, from further comment on the item under consideration.

Rule 30. No side conversations between members. Members shall not have side conversations with each other during any Council Meeting. Should a member of Council wish to share information with other members, that member should seek the recognition of the chair.

Rule 31. Profanity. No member shall use profanity while speaking in any Council Meeting.

Rule 32. Motive. No member shall question the motive of another.


## Part V.  Citizen Participation

Rule 33. Citizen's Right to Address Council. The City of Newton is supportive of citizen participation at City Council meetings. In order to ensure that citizen participation occurs in an orderly fashion, the guidelines below must be utilized by persons wishing to speak at the Council meeting. By following these guidelines, persons can be assured that their viewpoint, concerns and comments are brought to the attention of the Council members prior to and during their decision-making process.

Rule 34. Manner of Addressing Council. A person desiring to address the Council must first be recognized by the Mayor. After being recognized by the Mayor, speakers shall proceed to the podium, use the microphone, state his or her name, address, and group affiliation (if any), speak clearly and address his or her comments to the presiding officer.

Rule 35. Time Limit on Citizen's Remarks. Citizens shall be limited to three minutes speaking time per item. Total citizen input on any subject under Council consideration can be limited to a fixed period by the presiding officer. A three-fourths vote of the Council may extend the time limitations of this rule.

Rule 36. Remarks of Citizens to be Germane. Citizen comments must be directed to the subject under consideration and must be related to City policies or the provision of City services. If the presiding officer finds it appropriate, he or she may refer items not on the agenda to further study by City staff or to a City board or commission. Citizens making irrelevant remarks or who use profanity may be barred by the

presiding officer from further comment before the Council during the meeting. The presiding officer shall rule on the germaneness of citizen comments.

## Part VI.  Council Action

Rule 37. Call to Order. The Mayor or Mayor Pro Tem shall call the meeting to order at the appointed hour. In the absence of the Mayor and the Mayor Pro Tem the City Administrator shall call the meeting to order and a temporary presiding officer shall then be selected under Rule 24. The selected temporary presiding officer shall serve as successor Mayor Pro Tem for the meeting for purposes of being authorized to sign all measures passed and contracts approved at the meeting.

Rule 38. Roll Call. Before proceeding with the business of the Council, the City Clerk or the Deputy City Clerk shall call the roll call of members present, and enter those named in the minutes. The presiding officer shall determine the presence of a quorum as required by law and these rules.

Rule 39. Simple motion. Motions are the most typical action of the Council. Motions are used for routine actions, such as approval of minutes, and are effective immediately upon the vote of the Council. A simple majority of the council members present need to vote affirmatively to pass a motion.  While the Mayor can veto an ordinance, resolution or an amendment to either an ordinance or resolution, there is no provision for a mayor to veto a simple motion.

Rule 40. Resolutions. Resolutions are statements of policy and have effect beyond that immediate moment as defined in Iowa Code Section 362.2(21). A majority of all council members means two-thirds of the City Council as a whole, or at least four votes.

Rule 41. Motion Required. All action requiring a vote shall be moved by a member of the Council.

Rule 42. Motions. Allowable motions include the following: 1) Motion to approve, 2) motion to amend, 3) motion to adjourn, 4) motion to recess, 5) motion to postpone to a certain time, 6) motion to postpone indefinitely, 7) motion to appeal the rule of the chair, 8) motion to suspend the rules, 9) motion to reconsider and 10) motion for the previous question. Form and example:

Motion to approve: I move the adoption of item 6b.

Motion to amend: I move to amend by inserting the words "and grade" after "purchase." Discussion and a vote would then take place on the amendment, i.e. the addition of the words "and grade." Whether the amendment is or is not adopted, a subsequent vote would be taken on the underlying item.

Motion to adjourn: I move to adjourn.

Motion to recess: I move that the meeting recess until 9:00 p.m. Or, I move to recess for ten minutes.

Motion to postpone to a certain time: I move to postpone the motion to the next meeting.

Motion to postpone indefinitely: I move that the item be postponed indefinitely.

Motion to appeal the rule of the chair: I appeal from the decision of the chair. If seconded, the chair shall clearly state the exact question at issue, the reason for his or her decision and states the question, "Shall the decision of the chair be sustained?"

Motion to suspend the rules: I move that the rules be suspended which interfere with ... [stating the object of the suspension].

Motion to reconsider: I move to reconsider the vote on the resolution relating to the annual banquet. I voted for [or against] the resolution.

Motion for the previous question: I move the previous question.

**Rule 43. Motions – Requiring a second.** No motion shall be debated until another member has seconded the motion. After a motion has been made, another member who wishes it to be considered says, "I second the motion," and may do so without obtaining the floor.

**Rule 44. Must be read or stated before debate.** After a motion is made and seconded, it shall be stated by the presiding the presiding officer before being debated.

**Rule 45. Points of Order.** Members of Council, who notice a breach of these rules, may raise a point of order to insist upon their enforcement. (If the presiding officer notices a breech, he or she corrects the matter immediately; but if he or she fails to do so, any member can make the appropriate point of order.) Points of order are ruled upon by the presiding officer. Points of order are not debatable.

**Rule 46. Appeal from a Ruling of the Presiding Officer.** Should there be an appeal from any ruling of the presiding officer, the question, "Shall the chair be sustained?" shall be immediately put and determined before the Council proceeds to other business.

**Rule 47. Previous Question.** Any member may move the previous question. The motion shall be restated by the presiding officer in this form: "Shall the question under immediate consideration be now put?" It shall only prevail when supported by three-fourths of the Council and until decided shall preclude debate. If the motion is sustained, the proponent of the matter under consideration shall have one minute in which to make a closing statement before the Council votes on the question. A failure to sustain the motion shall not take the matter under consideration from further consideration of the Council; but the Council shall proceed as if the motion had not been made.

**Rule 48. Not debatable.** The following motions shall be decided without debate: 1) motion to adjourn, 2) motion for the previous question, 3) motion to suspend the rules and 4) motion to recess.

**Rule 49. Indefinite postponement.** When a simple motion or resolution is postponed indefinitely, that item shall not be acted on again in the same calendar year except when supported by three-fourths of the Council. When an ordinance is postponed indefinitely, rules 59-63 apply.

**Rule 50. Presiding Officer's Right to Speak Last.** The presiding officer has the right to close debate and speak last on any item.

**Rule 51. Closing Debate.** Discussion shall be closed on any item by the presiding officer with the concurrence of a majority of the Council. Except as provided by Rule 24, a call for the vote shall not close discussion if any member of the Council still wishes to be heard.

**Rule 52. Motion to Reconsider.** A motion to reconsider must be made by a Council member who was on the prevailing side in the original action or by a Council Member absent at the time of the original action, provided said Council member made the motion at the next Council Meeting that Council member attended.

Rule 53. Call for Vote. At the conclusion of debate the presiding officer shall call for a vote, provided however, a majority of the Council may require a vote at any time.

Rule 54. Separate Consideration. Except as otherwise required by these rules each Agenda item shall be voted upon separately and each separate vote shall be recorded by the City Administrator.

Rule 55. Action on Consent Agenda. Except as herein provided the "Consent Agenda" shall be considered in bulk and voted upon in single motion. Each Council Member shall notify the City Clerk about any matter on the "Consent Agenda" upon which he or she wishes to consider independently from the consent agenda. At the time of consideration of the "Consent Agenda" the presiding officer shall announce the items upon which Council members will consider independently. The City Clerk or Deputy City Clerk, on all matters contained in the "Consent Agenda," shall record the yes and no votes on each item separately as if each item had been moved and voted upon separately. Rule 15 shall not apply.

Rule 56. Action to Multiple Items. With the consent of three-fourths of the Council, Rule 49 hereof notwithstanding, the Council may consider for voting purposes more than one item, but in such event the vote upon each item will be separately recorded by the City Clerk or Deputy City Clerk noting specific yes or no votes of each Council member on each item.

Rule 57. Recording Names of Moving Members. The City Clerk or the Deputy City Clerk shall record the name of the Council Member making and seconding each motion.

Rule 58. Consideration of Matters Not on Agenda. Except as to matter which by law require the publication of notice before consideration by the Council any member of the Council may, at the close of the regular Agenda, bring a matter not on the Agenda to the Council's attention. Council may not act upon such matters, rather direct such matter be included upon a later Agenda.

## Part VII. Ordinances

Rule 59. Three Meetings. A proposed ordinance or amendment must be considered and voted on for passage at two Council meetings prior to the meeting at which it is to be finally passed, unless this requirement is suspended by a recorded vote of not less than three-fourths of the Council members. (City Code Chapter 30.075)

Rule 60. Time for Consideration. No more than three months shall elapse between the time of introduction and final passage of an ordinance or amendment. If final approval is not secured within the time allowed herein, the ordinance shall be deemed to have failed. (City Code Chapter 30.076)

Rule 61. Failure on First Consideration. If a proposed ordinance is not approved on its first consideration, it shall be deemed to have failed and may not be considered for second consideration or final passage. (City Code Chapter 30.077)

Rule 62. Failure on Second Consideration. If a proposed ordinance is not approved on its second consideration it may be brought up for third consideration only if a request is made by a Council member to place the matter on the agenda for the next meeting. Such request must be made and entered of record at the same meeting at which the second consideration was given. (City Code Chapter 30.078)

Rule 63. Changes during Consideration. A minor change or technical correction which does not significantly change or alter the application or impact of a proposed ordinance may be made during its passage. (City Code Chapter 30.079)

## Part VIII. Miscellaneous

Rule 64. Motions. At any appropriate place on the Agenda any member of the Council may make a motion for the Council to act upon any matter if the motion is germane to the matter under consideration.

Rule 65. Waiver of Ordinance Readings. A Council member may move the final passage of an ordinance, with waiver of first or second consideration of the ordinance or waiver or both, by simply stating, "I move to waive the second (and/or third) consideration of the ordinance."

Rule 66. Name of Sponsor on Roll Call. Any time these rules require an action to be sponsored by a Council member, the City Clerk shall note the name of the sponsoring Council member on the face of the roll call for said item.

Rule 67. Suspension of Rules. These rules or any part hereof, may be suspended for a specific purpose by a vote of three-fourths of the Council.

Rule 68. Hearings. Any other rule to the contrary notwithstanding, unless required by statute or necessary to conform to proceedings required for a special purpose, a hearing shall commence when declared open by the presiding officer and shall close when closed by the presiding officer or by other formal action of the Council.

Rule 69. Informal Requests. A member of the Council, before or during the consideration of any matter, or in the course of a hearing, may request and receive information, explanations or the opinions of the City Attorney, City Administrator or any City employee.

EXHIBIT
PENGAD 800-631-6989
15
81324 CQ



# 2023 NEWTON CITY COUNCIL RULES OF PROCEDURE

### Part I.  General Provisions

Rule 1. Scope of Rules. The Council shall determine the rules of its own proceedings by resolution and the Clerk shall keep such rules on file for public inspection. (City Code Chapter 30.053) These rules shall govern the conduct of the Council and shall be interpreted to ensure fair and open deliberations and decision making.

Rule 2. Technical Parliamentary Forms Abolished. Except as specifically provided in these rules, the Council shall not use any formal points of parliamentary order, personal privilege, parliamentary inquiry or other technical forms. Only motions specified within these rules are allowed.

Rule 3. Three-fourths requirement.  Any reference to a three-fourths vote of the City Council means three-fourths of the City Council as a whole, or at least five votes.

Rule 4. Matters Not Covered. Any matter or order or procedure not covered by these rules shall be referred to the presiding officer, who shall decide the matter with or without the assistance and advice of the City Attorney and/or the City Administrator in conformity with the purpose of these rules in a fair and expeditious manner. The decision of the presiding officer may be reversed by a three-fourths vote of the Council.

Rule 5. Interpretation. These rules are intended to supplement and shall be interpreted to conform to the statutes of the State of Iowa and the ordinances of the City of Newton.

### Part II. Council Meetings

Rule 6. Regular Meetings. The regular meetings of the Council shall be on the first and third Mondays of each month at a time designated by the Council in the Council chambers at City Hall. If such day shall fall on a legal holiday or a special event determined by a majority of the City Council, the meeting shall be held the next succeeding day at the same time unless a different day or time is determined by the Council. (City Code Chapter 30.050)

Rule 7. Special Meetings. (A) Special meetings shall be held upon call of the Mayor or upon the written request of a majority of the members of the Council submitted to the Clerk. (B) (1) Notice of a special meeting shall specify the date, time, place and subject of the meeting and such notice shall be given personally or left at the usual place of residence of each member of the Council. (2) A record of the service of notice shall be maintained by the Clerk. (City Code Chapter 30.052)

Rule 8. Quorum. A majority of all Council members is a quorum. The entire Council may conduct a meeting by electronic means under circumstances where such a meeting in person is impossible or impractical. In the alternative, individual members of the Council may participate electronically in a meeting as long as they can be heard by the public during all discussion and votes. (City Code Chapter 30.053)

Rule 9. Compelling Attendance. Any four members of the Council can compel the attendance of the absent members at any regular, adjourned or duly called meeting, by serving a written notice upon the absent member to attend at once. (City Code Chapter 30.054)

Rule 10. Notice of Meetings. The Council shall give reasonable notice of the time, date and place of each meeting and its tentative agenda. (City Code Chapter 30.055)

Rule 11. Meetings Open. All meetings shall be held in open session unless closed sessions are held as expressly permitted by state law. (City Code Chapter 30.056)

Rule 12. Minutes. (A) Minutes shall be kept of all meetings showing the date, time and place, the members present and the action taken at each meeting. (B) The minutes shall show the results of each vote taken and the vote of each member present shall be made public. (City Code Chapter 30.057)

Rule 13. Closed Session. A closed session may be held only by affirmative vote of either two-thirds of the Council or all of the members present at the meeting and in accordance with Iowa Code Ch. 21. (City Code Chapter 30.058)

Rule 14. Cameras and Recorders. The public may use cameras or recording devices at any open session. (City Code Chapter 30.059)

Rule 15. Electronic Meetings. A meeting may be conducted by electronic means only in circumstances where such a meeting in person is impossible or impractical and then only in compliance with the provisions of Iowa Code Ch. 21. (City Code Chapter 30.060)

Rule 16. Mayor's Veto. The Mayor may sign, veto or take no action on an ordinance, amendment or resolution passed by the Council. However, the Mayor may not veto a measure if the Mayor was entitled to vote on the measure at the time of passage. If the Mayor exercises the Mayor's veto power, the Mayor must explain the reason for such veto to the Council at the time of the veto. The Council may override the Mayor's veto by a three-fourths majority or at least 5 of the Council members.

## Part III. Agenda

Rule 17. Preparation of Agenda. Prior to each regular Council meeting the City Clerk shall publish an Agenda which contains all items the Council anticipates acting upon at the meeting. The Council may adopt the agenda as presented, or may amend the agenda as provided by these rules and may adopt the agenda as amended.

Rule 18. Consent Agenda. In preparing an Agenda the City Clerk shall separately designate items as "Consent Agenda" which may be acted upon by the Council under Rule 55. The "Consent Agenda" shall consist of routine non-controversial items approved as part of the consent agenda policy which in the City Administrator's determination can be appropriately considered in bulk at the Council meeting.

Rule 19. Agenda Requests and Deadline. The Mayor, any member of the Council and the City Administrator may have an item included upon the Agenda by requesting the City Clerk to include the item by noon on the Tuesday preceding the Council meeting.

**Rule 20. Extra Items.** Items requested or filed after noon on the Tuesday preceding a Council meeting shall not be included upon the Agenda unless the Mayor shall deem the item of sufficient urgency to warrant immediate Council action. These items shall be designated as "Extra" items and will be considered at the appropriate place on the regular Agenda (prior to or after a related item) or at the end of the regular Agenda.

**Rule 21. Sponsor Required.** The City Clerk shall not place upon the Agenda any matter for reconsideration unless sponsored by a Council member who voted on the originally prevailing side or who was absent at the time of the original action, provided said Council member made the motion at the next Council Meeting that Council member attended.

**Rule 22. Withdrawal of Items.** If the Mayor believes an agenda item submitted to the City Clerk per Rule 19 is unreasonable or detrimental, the Mayor will inform the requesting Council Member that the support of two additional Council Members is required. The request for the second and third Council Members' support must be communicated no later than noon on Wednesday before the scheduled meeting; otherwise, the item will not be added to the agenda. Once a requested item is added to the agenda, only the requesting Council Member(s) or a majority of the City Council may remove it.

**Rule 23. Order of Consideration of Agenda.** Except as otherwise provided in these rules, each Agenda item shall be considered in the numerical order assigned by the City Clerk. Each Agenda item shall be separately announced by the presiding officer for purposes of discussion and consideration. To announce an item, it shall be sufficient to identify the item by the number assigned by the City Clerk, unless greater specificity is requested by some person in attendance. This rule shall not apply to consideration of items under Rule 54 or Rule 55 and may be adjusted in situations deemed appropriate by the City Clerk. The following is the order of business of the City Council at its meetings:

1) Call to order
2) Pledge of Allegiance
3) Roll Call
4) Citizen Participation
5) Presentations
6) Approve Agenda/Consent Agenda
7) Public Hearings
8) Ordinances
9) Resolutions
10) City Staff Reports
11) Comments from Mayor and Council Members
12) Adjournment

The following is the order of business of the City Council at its work sessions:

1) Call to order
2) Roll call
3) Work Session Agenda Items
4) Adjournment

## Part IV.  Conduct of Meetings

**Rule 24. Presiding Officer.** The Mayor, or in the Mayor's absence or incapacity, the Mayor Pro Tem, shall be the presiding officer at all Council meetings. If both the Mayor and Mayor Pro Tem are absent the most senior Council member present shall preside. In the event two or more members equally possess the

2023 Procedural Rules of the Newton City Council
Adopted by Resolution 2023-052, March 6, 2023

greatest seniority then the eldest person among them shall preside. The presiding officer is also known as the chair.

Rule 25.  Control of Discussion. The presiding officer shall control discussion of the Council on each Agenda item to assure full participation in accordance of these rules.

Rule 26. Discussion. A Council member shall speak only after being recognized by the presiding officer. A Council member recognized for a specific purpose shall limit remarks to that purpose. A Council member, after being recognized shall not be interrupted except by the presiding officer to enforce these rules, or by another Council member raising a point of order.

Rule 27. Members May Speak – How Often. No member shall speak more than once on the same question until all other members desiring to speak have spoken.

Rule 28. Presiding Officer's Right to Enter into Discussion. The Mayor (or other presiding officer) may enter into any discussion.

Rule 29. Remarks to be Germane. Comments must be directed to the subject under consideration. The presiding officer shall rule on the germaneness of comments. Members making personal, impertinent, or slanderous remarks may be barred, at the presiding officer's discretion, from further comment on the item under consideration.

Rule 30. No side conversations between members. Members shall not have side conversations with each other during any Council Meeting. Should a member of Council wish to share information with other members, that member should seek the recognition of the chair.

Rule 31. Profanity. No member shall use profanity while speaking in any Council Meeting.

Rule 32. Motive. No member shall question the motive of another.

## Part V.  Citizen Participation

Rule 33. Citizen's Right to Address Council. The City of Newton is supportive of citizen participation at City Council meetings. In order to ensure that citizen participation occurs in an orderly fashion, the guidelines below must be utilized by persons wishing to speak at the Council meeting. By following these guidelines, persons can be assured that their viewpoint, concerns and comments are brought to the attention of the Council members prior to their decision-making process. Citizen comments will be allowed during the *Citizen Participation* portion of the meeting and during public hearings, ordinances, resolutions, and motions. Citizens comments are not allowed during any other portion of the City Council meeting.

Rule 34. Manner of Addressing Council. A person desiring to address the Council must first be recognized by the presiding officer. After being recognized by the presiding officer, speakers shall proceed to the podium, use the microphone, state his or her name, address, and group affiliation (if any), speak clearly and address his or her comments to the presiding officer. Elected officials will take comments into consideration; however, this time is not intended for a discussion or entering into a dialogue. Elected officials and City staff will not answer questions or debate a citizen during the Citizen Participation portion of the meeting.

Rule 35. Time Limit on Citizen's Remarks. Citizens shall be limited to three minutes speaking time during Citizen Participation. Total citizen input on any subject under Council consideration can be limited to a fixed period by the presiding officer. A three-fourths vote of the Council may extend the time limitations of this rule.  Citizens are also allowed an additional three minutes speaking time during any public hearing, ordinance, resolution, or motion that may appear on the agenda.

2023 Procedural Rules of the Newton City Council
Adopted by Resolution 2023-052, March 6, 2023

DEFS 0289

Appx. 895

## Part VI.  Council Action

Rule 36. Call to Order. The Mayor or Mayor Pro Tem shall call the meeting to order at the appointed hour. In the absence of the Mayor and the Mayor Pro Tem the City Administrator shall call the meeting to order and a temporary presiding officer shall then be selected under Rule 24. The selected temporary presiding officer shall serve as successor Mayor Pro Tem for the meeting for purposes of being authorized to sign all measures passed and contracts approved at the meeting.

Rule 37. Roll Call. Before proceeding with the business of the Council, the City Clerk or the Deputy City Clerk shall call the roll call of members present, and enter those named in the minutes. The presiding officer shall determine the presence of a quorum as required by law and these rules.

Rule 38, Simple motion. Motions are the most typical action of the Council. Motions are used for routine actions, such as approval of minutes, and are effective immediately upon the vote of the Council.  A simple majority of the council members present need to vote affirmatively to pass a motion.  While the Mayor can veto an ordinance, resolution or an amendment to either an ordinance or resolution, there is no provision for a mayor to veto a simple motion.

Rule 39. Resolutions. Resolutions are statements of policy and have effect beyond that immediate moment as defined in Iowa Code Section 362.2(21). A majority of all council members means two-thirds of the City Council as a whole, or at least four votes.

Rule 40. Motion Required. All action requiring a vote shall be moved by a member of the Council.

Rule 41. Motions. Allowable motions include the following: 1) Motion to approve, 2) motion to amend, 3) motion to adjourn, 4) motion to recess, 5) motion to postpone to a certain time, 6) motion to postpone indefinitely, 7) motion to appeal the rule of the chair, 8) motion to suspend the rules, 9) motion to reconsider and 10) motion for the previous question. Form and example:

Motion to approve: I move the adoption of item 6b.

Motion to amend: I move to amend by inserting the words "and grade" after "purchase." Discussion and a vote would then take place on the amendment, i.e., the addition of the words "and grade." Whether the amendment is or is not adopted, a subsequent vote would be taken on the underlying item.

Motion to adjourn: I move to adjourn.

Motion to recess: I move that the meeting recess until 9:00 p.m. Or, I move to recess for ten minutes.

Motion to postpone to a certain time: I move to postpone the motion to the next meeting.

Motion to postpone indefinitely: I move that the item be postponed indefinitely.

Motion to appeal the rule of the chair: I appeal from the decision of the chair. If seconded, the chair shall clearly state the exact question at issue, the reason for his or her decision and states the question, "Shall the decision of the chair be sustained?"

Motion to suspend the rules: I move that the rules be suspended which interfere with … [stating the object of the suspension].

DEFS 0290

<u>Motion to reconsider</u>: I move to reconsider the vote on the resolution relating to the annual banquet. I voted for [or against] the resolution.

<u>Motion for the previous question:</u> I move the previous question.

   <u>Rule 42. Motions – Requiring a second.</u> No motion shall be debated until another member has seconded the motion. After a motion has been made, another member who wishes it to be considered says, "I second the motion," and may do so without obtaining the floor.

   <u>Rule 43. Must be read or stated before debate.</u> After a motion is made and seconded, it shall be stated by the presiding the presiding officer before being debated.

   <u>Rule 44. Points of Order.</u> Members of Council, who notice a breach of these rules, may raise a point of order to insist upon their enforcement. (If the presiding officer notices a breech, he or she corrects the matter immediately; but if he or she fails to do so, any member can make the appropriate point of order.) Points of order are ruled upon by the presiding officer. Points of order are not debatable.

   <u>Rule 45. Appeal from a Ruling of the Presiding Officer.</u> Should there be an appeal from any ruling of the presiding officer, the question, "Shall the chair be sustained?" shall be immediately put and determined before the Council proceeds to other business.

   <u>Rule 46. Previous Question.</u> Any member may move the previous question. The motion shall be restated by the presiding officer in this form: "Shall the question under immediate consideration be now put?" It shall only prevail when supported by three-fourths of the Council and until decided shall preclude debate. If the motion is sustained, the proponent of the matter under consideration shall have one minute in which to make a closing statement before the Council votes on the question. A failure to sustain the motion shall not take the matter under consideration from further consideration of the Council; but the Council shall proceed as if the motion had not been made.

   <u>Rule 47. Not debatable.</u> The following motions shall be decided without debate: 1) motion to adjourn, 2) motion for the previous question, 3) motion to suspend the rules and 4) motion to recess.

   <u>Rule 48. Indefinite postponement.</u> When a simple motion or resolution is postponed indefinitely, that item shall not be acted on again in the same calendar year except when supported by three-fourths of the Council. When an ordinance is postponed indefinitely, rules 59-63 apply.

   <u>Rule 49. Presiding Officer's Right to Speak Last.</u> The presiding officer has the right to close debate and speak last on any item.

   <u>Rule 50. Closing Debate.</u> Discussion shall be closed on any item by the presiding officer with the concurrence of a majority of the Council. Except as provided by Rule 25, a call for the vote shall not close discussion if any member of the Council still wishes to be heard.

   <u>Rule 51. Motion to Reconsider.</u> A motion to reconsider must be made by a Council member who was on the prevailing side in the original action or by a Council Member absent at the time of the original action, provided said council member made the motion at the next Council Meeting that Council member attended.

   <u>Rule 52. Call for Vote.</u> At the conclusion of debate the presiding officer shall call for a vote, provided however, a majority of the Council may require a vote at any time.

   <u>Rule 53. Separate Consideration.</u> Except as otherwise required by these rules each Agenda item shall be voted upon separately and each separate vote shall be recorded by the City Administrator.

2023 Procedural Rules of the Newton City Council
Adopted by Resolution 2023-052, March 6, 2023

DEFS 0291

**Appx. 897**

Rule 54. Action on Consent Agenda. Except as herein provided the "Consent Agenda" shall be considered in bulk and voted upon in single motion. Each Council Member shall notify the City Administrator, the City Clerk, or the presiding officer for a particular meeting about any matter on the "Consent Agenda" upon which he or she wishes to consider independently from the consent agenda. At the time of consideration of the "Consent Agenda" the presiding officer shall announce the items upon which Council members will consider independently. A consent agenda item may be pulled from the Consent Agenda during a Council Meeting if requested prior to the vote on the Consent Agenda by any Council member. The City Clerk or Deputy City Clerk, on all matters contained in the "Consent Agenda," shall record the yes and no votes on each item separately as if each item had been moved and voted upon separately. Rule 15 shall not apply.

Rule 55. Action to Multiple Items. With the consent of three-fourths of the Council, Rule 49 hereof notwithstanding, the Council may consider for voting purposes more than one item, but in such event the vote upon each item will be separately recorded by the City Clerk or Deputy City Clerk noting specific yes or no votes of each Council member on each item.

Rule 56. Recording Names of Moving Members. The City Clerk or the Deputy City Clerk shall record the name of the Council Member making and seconding each motion.

Rule 57. Consideration of Matters Not on Agenda. Except as to matter which by law require the publication of notice before consideration by the Council any member of the Council may, at the close of the regular Agenda, bring a matter not on the Agenda to the Council's attention. Council may not act upon such matters; rather direct such matter be included upon a later Agenda.

## Part VII. Ordinances

Rule 58. Three Meetings. A proposed ordinance or amendment must be considered and voted on for passage at two Council meetings prior to the meeting at which it is to be finally passed, unless this requirement is suspended by a recorded vote of not less than three-fourths of the Council members. (City Code Chapter 30.075)

Rule 59. Time for Consideration. No more than three months shall elapse between the time of introduction and final passage of an ordinance or amendment. If final approval is not secured within the time allowed herein, the ordinance shall be deemed to have failed. (City Code Chapter 30.076)

Rule 60. Failure on First Consideration. If a proposed ordinance is not approved on its first consideration, it shall be deemed to have failed and may not be considered for second consideration or final passage. (City Code Chapter 30.077)

Rule 61. Failure on Second Consideration. If a proposed ordinance is not approved on its second consideration it may be brought up for third consideration only if a request is made by a Council member to place the matter on the agenda for the next meeting. Such request must be made and entered of record at the same meeting at which the second consideration was given. (City Code Chapter 30.078)

Rule 62. Changes during Consideration. A minor change or technical correction which does not significantly change or alter the application or impact of a proposed ordinance may be made during its passage. (City Code Chapter 30.079)

## Part VIII. Miscellaneous

Rule 63. Motions. At any appropriate place on the Agenda any member of the Council may make a motion for the Council to act upon any matter if the motion is germane to the matter under consideration.

Rule 64. Waiver of Ordinance Readings. A Council member may move the final passage of an ordinance, with waiver of first or second consideration of the ordinance or waiver or both, by simply stating, "I move to waive the second (and/or third) consideration of the ordinance."

Rule 65. Name of Sponsor on Roll Call. Any time these rules require an action to be sponsored by a Council member, the City Clerk shall note the name of the sponsoring Council member on the face of the roll call for said item.

Rule 66. Suspension of Rules. These rules or any part hereof, may be suspended for a specific purpose by a vote of three-fourths of the Council.

Rule 67. Hearings. Any other rule to the contrary notwithstanding, unless required by statute or necessary to conform to proceedings required for a special purpose, a hearing shall commence when declared open by the presiding officer and shall close when closed by the presiding officer or by other formal action of the Council.

Rule 68. Informal Requests. A member of the Council, before or during the consideration of any matter, or in the course of a hearing, may request and receive information, explanations or the opinions of the City Attorney, City Administrator or any City employee.

Deposition Exhibit 16
VIDEO
City Hall Atrium October 3, 2022
**Appx. 900**

**Appx. 900**

EXHIBIT

17

8.14.24 CR

**716.7 Trespass defined.**
1. For purposes of this section:
*a.* "*Property*" shall include any land, dwelling, building, conveyance, vehicle, or other temporary or permanent structure whether publicly or privately owned.
*b.* "*Public utility*" is a public utility as defined in section 476.1 or an electric transmission line as provided in chapter 478.
*c.* "*Public utility property*" means any land, dwelling, building, conveyance, vehicle, or other temporary or permanent structure owned, leased, or operated by a public utility and that is completely enclosed by a physical barrier of any kind.
*d.* "*Railway corporation*" means a corporation, company, or person owning, leasing, or operating any railroad in whole or in part within this state.
*e.* "*Railway property*" means all tangible real and personal property owned, leased, or operated by a railway corporation with the exception of any administrative building or offices of the railway corporation.
*f.* "*Reasonable expectation of privacy*" means circumstances in which a reasonable person would believe that the person could disrobe or partially disrobe in privacy, without being concerned that the person disrobing or partially disrobing was being viewed, photographed, or filmed when doing so.
2. *a.* "*Trespass*" shall mean one or more of the following acts:
(1) Entering upon or in property without the express permission of the owner, lessee, or person in lawful possession with the intent to commit a public offense, to use, remove therefrom, alter, damage, harass, or place thereon or therein anything animate or inanimate, or to hunt, fish or trap on or in the property, including the act of taking or attempting to take a deer, other than a farm deer as defined in section 170.1 or preserve whitetail as defined in section 484C.1, which is on or in the property by a person who is outside the property. This subparagraph does not prohibit the unarmed pursuit of game or fur-bearing animals by a person who lawfully injured or killed the game or fur-bearing animal which comes to rest on or escapes to the property of another.
(2) Entering or remaining upon or in property without justification after being notified or requested to abstain from entering or to remove or vacate therefrom by the owner, lessee, or person in lawful possession, or the agent or employee of the owner, lessee, or person in lawful possession, or by any peace officer, magistrate, or public employee whose duty it is to supervise the use or maintenance of the property. A person has been notified or requested to abstain from entering or remaining upon or in property within the meaning of this subparagraph (2) if any of the following is applicable:
(a) The person has been notified to abstain from entering or remaining upon or in property personally, either orally or in writing, including by a valid court order under chapter 236.
(b) A printed or written notice forbidding such entry has been conspicuously posted or exhibited at the main entrance to the property or the forbidden part of the property.
(3) Entering upon or in property for the purpose or with the effect of unduly interfering with the lawful use of the property by others.
(4) Being upon or in property and wrongfully using, removing therefrom, altering, damaging, harassing, or placing thereon or therein anything animate or inanimate, without the implied or actual permission of the owner, lessee, or person in lawful possession.
(5) Entering or remaining upon or in railway property without lawful authority or without the consent of the railway corporation which owns, leases, or operates the railway property. This subparagraph does not apply to passage over a railroad right-of-way, other than a track, railroad roadbed, viaduct, bridge, trestle, or railroad yard, by an unarmed person if the person has not been notified or requested to abstain from entering onto the right-of-way or to vacate the right-of-way and the passage over the right-of-way does not interfere with the operation of the railroad.
(6) Entering or remaining upon or in public utility property without lawful authority or without the consent of the public utility that owns, leases, or operates the public utility property. This subparagraph does not apply to passage over public utility right-of-way by a

**Appx. 901**

person if the person has not been notified or requested by posted signage or other means to abstain from entering onto the right-of-way or to vacate the right-of-way.

(7)   Intentionally viewing, photographing, or filming another person through the window or any other aperture of a dwelling, without legitimate purpose, while present on the real property upon which the dwelling is located, or while placing on or retrieving from such property equipment to view, photograph, or film another person, if the person being viewed, photographed, or filmed has a reasonable expectation of privacy, and if the person being viewed, photographed, or filmed does not consent or cannot consent to being viewed, photographed, or filmed.

b.   *"Trespass"* shall not mean either of the following:

(1)   Entering upon the property of another for the sole purpose of retrieving personal property which has accidentally or inadvertently been thrown, fallen, strayed, or blown onto the property of another, provided that the person retrieving the property takes the most direct and accessible route to and from the property to be retrieved, quits the property as quickly as is possible, and does not unduly interfere with the lawful use of the property. This subparagraph does not apply to public utility property where the person has been notified or requested by posted signage or other means to abstain from entering.

(2)   Entering upon the right-of-way of a public road or highway.

3.   This section shall not apply to the following persons:

a.   Representatives of the state department of transportation, the federal railroad administration, or the national transportation safety board who enter or remain upon or in railway property while engaged in the performance of official duties.

b.   Employees of a railway corporation who enter or remain upon or in railway property while acting in the course of employment.

c.   Any person who is engaged in the operation of a lawful business on railway station grounds or in the railway depot.

d.   Representatives of the Iowa utilities board, the federal energy regulatory commission, or the federal communications commission who enter or remain upon or in public utility property while engaged in the performance of official duties.

e.   Employees of a public utility who enter or remain upon or in public utility property while acting in the course of employment.

[C51, §2684; R60, §4324; C73, §3983; C97, §4793, 4829; C24, 27, 31, 35, 39, §**13086, 13374;** C46, 50, 54, 58, 62, 66, 71, 73, 75, 77, §714.6, 729.1; C79, 81, §716.7; 81 Acts, ch 205, §1]

88 Acts, ch 1212, §1; 98 Acts, ch 1067, §1, 2; 2007 Acts, ch 28, §20; 2011 Acts, ch 51, §2 – 5; 2013 Acts, ch 90, §234; 2013 Acts, ch 140, §77; 2016 Acts, ch 1082, §3, 4; 2017 Acts, ch 140, §1; 2018 Acts, ch 1026, §174; 2019 Acts, ch 59, §228
Referred to in §232.2, 309.57, 481A.134, 481A.135, 716.8, 727.8A

**Appx. 902**

1

EXHIBIT

100

8.14.24 CQ

### 723.4 Disorderly conduct.

1. A person commits a simple misdemeanor when the person does any of the following:

a. Engages in fighting or violent behavior in any public place or in or near any lawful assembly of persons, provided, that participants in athletic contests may engage in such conduct which is reasonably related to that sport.

b. Makes loud and raucous noise in the vicinity of any residence or public building which intentionally or recklessly causes unreasonable distress to the occupants thereof.

c. Directs abusive epithets or makes any threatening gesture which the person knows or reasonably should know is likely to provoke a violent reaction by another.

d. Without lawful authority or color of authority, the person disturbs any lawful assembly or meeting of persons by conduct intended to disrupt the meeting or assembly.

e. By words or action, initiates or circulates a report or warning of fire, epidemic, or other catastrophe, knowing such report to be false or such warning to be baseless.

f. (1) Knowingly and publicly uses the flag of the United States in such a manner as to show disrespect for the flag as a symbol of the United States, with the intent or reasonable expectation that such use will provoke or encourage another to commit trespass or assault.

(2) As used in this paragraph:

(a) *"Deface"* means to intentionally mar the external appearance.

(b) *"Defile"* means to intentionally make physically unclean.

(c) *"Flag"* means a piece of woven cloth or other material designed to be flown from a pole or mast.

(d) *"Mutilate"* means to intentionally cut up or alter so as to make imperfect.

(e) *"Show disrespect"* means to deface, defile, mutilate, or trample.

(f) *"Trample"* means to intentionally tread upon or intentionally cause a machine, vehicle, or animal to tread upon.

(3) This paragraph does not apply to a flag retirement ceremony conducted pursuant to federal law.

2. A person commits a serious misdemeanor when the person, without lawful authority or color of authority, obstructs any street, sidewalk, highway, or other public way, with the intent to prevent or hinder its lawful use by others.

3. A person commits an aggravated misdemeanor when the person commits disorderly conduct as described in subsection 2 and does any of the following:

a. Obstructs or attempts to obstruct a fully controlled-access facility on a highway, street, or road in which the speed restriction is controlled by section 321.285, subsection 3, or section 321.285, subsection 5.

b. Commits property damage.

c. Is present during an unlawful assembly as defined in section 723.2.

4. A person commits a class "D" felony when the person commits disorderly conduct as described in subsection 2 and does any of the following:

a. Is present during a riot as defined in section 723.1.

b. Causes bodily injury.

5. A person commits a class "C" felony when the person commits disorderly conduct as described in subsection 2 and the person causes serious bodily injury or death.

[C51, §2718, 2738, 2742; R60, §1768, 4360, 4386, 4390; C73, §1566, 4023, 4065, 4069; C97, §2468, 4959, 5029, 5033, 5034; S13, §2468, 5034; C24, 27, 31, 35, 39, §**13110, 13111, 13221, 13226, 13348, 13349**; C46, 50, 54, 58, 62, 66, §714.31, 714.32, 727.1, 728.1, 744.1, 744.2; C71, 73, 75, 77, §714.31, 714.32, 714.42, 727.1, 728.1, 744.1, 744.2; C79, 81, §723.4]

88 Acts, ch 1093, §1; 2007 Acts, ch 202, §15; 2010 Acts, ch 1061, §82; 2021 Acts, ch 15, §1; 2021 Acts, ch 183, §46, 48



# EXHIBIT E

### PLAINTIFF'S COMPLAINT
### AND DEMAND FOR JURY TRIAL

*NOAH PETERSEN*
*V.*
*CITY OF NEWTON, IOWA, ET AL.,*

Case 4:23-cv-00408-SMR-SBJ   Document 27-5   Filed 10/07/24   Page 26 of 60
Case 4:23-cv-00408-SMR-SBJ   Document 1-5   Filed 10/12/23   Page 2 of 3
E-FILED 2022 OCT 03 7:45 PM JASPER - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR
JASPER COUNTY

This Complaint and Affidavit is to be:

☒ Filed with Court Clerk (cc: CA)

☐ Submitted to County Attorney

☐ Filed with JCO - Defendant is a Juvenile

Agency Form Number: **22-29758**

Arrest Date: **10/03/2022**

## THE STATE OF IOWA

VS.

### OFFENDER

| Last | First | Middle | Suffix |
|---|---|---|---|
| **PETERSEN** | **NOAH** | **JAMES** | |

| Address | City | State | Zip Code |
|---|---|---|---|
| ▓▓▓▓▓ | ▓▓▓▓ | ▓ | ▓▓▓ |

| DL# | State | DL Class | DL Endorsements | DL Restrictions |
|---|---|---|---|---|
| ▓▓▓▓ | **IA** | **C** | | **B** |

| Date of Birth | Gender | Race | Ethnicity |
|---|---|---|---|
| ▓▓▓▓ | **MALE** | **WHITE - W** | **UNKNOWN - U** |

| Height | Weight | Eye Color | Hair Color |
|---|---|---|---|
| **6' 00"** | **180 LBS** | **BROWN - BRO** | |

### OFFENSE

| State | County | Local | Code Section | Crime Description | Speed | in | Zone |
|---|---|---|---|---|---|---|---|
| ☒ | ☐ | ☐ | **723.4(1)(D)** | **DISORDERLY CONDUCT - DISRUPT/DISTURB LAWFULLY ASSEM** | | | |

| Class | | Serious P.I. | Fatal Accident | Civil Damage Assessment | Other |
|---|---|---|---|---|---|
| **SMMS** | | ☐ | ☐ | ☐ | ☐ |

Location Type
**11 - GOVERNMENT/PUBLIC BUILDING**

Literal Description
**WEST 4TH ST SOUTH**

| Address | City | State | Zip Code |
|---|---|---|---|
| **101 W 4TH ST S** | **NEWTON** | **IA** | **50208** |

| Is Date and Time of Incident Known? | Incident Date or Low Range | Upper Date Range | Incident Time or Low Range | Upper Time Range |
|---|---|---|---|---|
| **YES** | **10/03/2022** | | **18:45** | |

### STATUS OF OFFENDER/JUVENILE

| ☒ TAKEN INTO CUSTODY | CUSTODY **1 - JAILED** | ☐ SUMMONS TO APPEAR (Citation Issued) |
|---|---|---|
| ☐ WARRANT REQUESTED | ☐ NO CONTACT ORDER REQUESTED | ☐ RELEASED TO PARENT/GUARDIAN |

### NARRATIVE

Narrative of Offense Committed

On or about the above stated date and time, the Defendant did

without lawful authority or color of authority, did disturb any lawful assembly or meeting of persons by conduct intended to disrupt the meeting or assembly

### VICTIM INFORMATION (Optionally displayed, especially if NCO is requested)

| Last | First | Middle | Suffix |
|---|---|---|---|
| **SOCIETY** | | | |

Business/Organization/State/County/Municipality Name

| Address | City | State | Zip |
|---|---|---|---|
| | | | |

## AFFIDAVIT

**STATE OF IOWA,          JASPER COUNTY**

I, the undersigned, being duly sworn, state that all facts contained in this Complaint and Affidavit, known by me or told to me by other reliable persons form the basis for my belief that  he defendant committed  his crime

State all facts and persons relied upon supporting elements of alleged crime

On 10/03/2022, the defendant attended a city hall assembly at 101 W 4th St S. The Mayor and Chief of Police advised the defendant was instructed to leave the assembly. The defendant refused to leave the assembly and the ground in which the assembly was occurring. The defendant interrupted the assembly after being advised to leave the assembly.

Printed At   NEWTON POLICE DEPARTMENT               10/3/2022        7:32 PM        Page  1   of  2       Form #:   22-29758

E-FILED 2022 OCT 3 7:45 PM JASPER / CLERK OF DISTRICT COURT

MILLER, KURTIS                    618

Signature of Complainant or Officer, Officer Name & Number

**GENERAL PROBABLE CAUSE**

Defendant Implicated

**02 - CAUGHT IN ACT, 07 - IDENTIFIED BY WITNESSES, 08 - CRIME OBSERVED BY OFFICERS**

| Operating Motor Vehicle in County | Other Physical Evidence | Attempted To Inflict Injury |
|---|---|---|

| **STATE OF IOWA,** | **JASPER COUNTY** |
|---|---|

Subscribed and sworn to before me by the person(s) signing the Complaint and Affidavit(s) on  10/03/2022

| Notary Name | **CHRISTOPHER GAIL WING** | Signature of Verifying Party |
|---|---|---|
| Commission Number | **794469** | |
| My Commission Expires | **02/09/2025** | ☐ Peace Officer  ☒ Notary  ☐ Prosecuting Attorney |

NOTARIAL SEAL
IOWA

**Appx. 906**



EXHIBIT
20
8·14·24 Q

# IOWA INCIDENT REPORT SUPPLEMENTAL

## NEWTON POLICE DEPARTMENT
101 W 4TH ST S
NEWTON, IA 50208
(641) 792-1547

Grid_____

Arrest #_____

Car #_____

Video #_____

rlc030102

| **C A S E** | Case Number **22-29758** | Date of This Report **10/04/2022** | County in which Incident Occurred **JASPER - 50** |
|---|---|---|---|
| **E** | ORI Number **NEWTON POLICE DEPARTMENT - IA0500100** | | |
| **I N F O** | Date of Original Occurrence **10/03/2022** | | Type of Offense **DISORDERLY CONDUCT** |
| | Name - Last **PETERSEN** | First **NOAH** | Middle **J**  Suffix |
| | Clearance Classification ☐ Unfounded  ☐ Exceptionally Cleared  ☑ Cleared by Arrest | | Investigative Status ☐ Open  ☑ Closed  ☐ Suspended |

### Narrative

On 10-3-2022 at approx. 1750 hrs. I entered the Newton City Council Chambers for the City Council meeting scheduled to start at 1800 hrs. I sat down in the back and was immediately approached by a male subject who identified himself as Noah Petersen. Petersen began rambling and asking questions about being arrested without committing crimes, supporting domestic abusers and not releasing information pursuant to some of his previous FOIA requests. I advised Petersen that he had already received a response on these items via email. He disagreed with this and continued pushing the issue. I advised him that the City Attorney was in attendance and he could speak with him after the meeting, but otherwise I was done talking to him and he needed to sit down. He advised me he was not going to do so. I then directed him outside in the atrium and we continued the discussion regarding his FOIA request. He was recording our conversation on his cell phone.

When the meeting was about to start I advised Petersen I was done with the conversation and needed to get in the council chambers. He then went in the room and sat down in the front row at that point. During public comment I saw Petersen stand up and walk towards the podium to speak. He was acknowledged by the Mayor/City Council and was asked to state his name and address just as everyone else who had spoken had done per the meeting rules. Petersen stated that he was not going to give his name and address because it was his right not to do so. He then began talking about de-funding the Newton Police Department and stating that we have domestic abusers as officers. Mayor Hansen began beating his gavel on the dais and advised Petersen he was violating the stated rules of the meeting and he needed to sit down or leave. Petersen argued back and at that point Mayor Hansen asked that I escort Petersen from the council chambers.

I approached Petersen and reiterated that Mayor Hansen had ordered him to leave due to violating the meeting rules. Petersen said he didn't get his 3 minutes and he wasn't leaving until he had done so. I advised him several times that he needed to leave and he refused. I grabbed the back of his arm and tried giving him physical direction to leave. Petersen advised me not to touch him. I gave him a final warning that if he didn't leave he would be arrested. Petersen than advised me to arrest him. At this point I advised Petersen that he was under arrest and I handcuffed him behind the back. I escorted him out of the council chambers and radioed for an officer to come transport him. I then double locked the handcuffs and searched his person. I removed all the items from his pockets and found no contraband. I did remove his driver's license form his wallet. I asked him if he wanted to stand or sit and he advised he would like to sit down. I asked if he had any questions and he asked if I would arrest MLK Jr. under the same circumstances.

At this point Ofc. Miller arrived on scene. Petersen asked Ofc. Miller if his body cam was recording. Ofc. Miller advised him that it was just turned on and it would be shortly. I advised Ofc. Miller the details surrounding the arrest and transferred custody to him. At this point I returned to the council chambers and finished the meeting.

| **O F F I C E R** | Complainant/Reporting Party (Signature) | | | |
|---|---|---|---|---|
| | Reporting Officer's Name - Last **BURDESS** | First **ROB** | Middle | Suffix |
| | Title **CHIEF** | Badge Number **19A** | UserID **619** | |
| | Assisting Officer / Admin Reviewer's Name - Last **BURDESS** | First **ROB** | Middle | Suffix |
| | Title **CHIEF** | Badge Number **19A** | UserID **619** | |
| | Supervisor's Name - Last **LAVELY** | First **DILLON** | Middle | Suffix |
| | Title **SERGEANT** | Badge Number **609** | UserID **L609** | |
| | Incident Assigned to: **OFC. MILLER** | | | |

DEFS 0006



| Policy | Newton Police Department |
|---|---|
| **411** | Policy Manual |


EXHIBIT
21
8-14-24 CQ

# Citation Releases

### 411.1  PURPOSE AND SCOPE
The purpose of this policy is to provide members of the Newton Police Department with guidance on when to release adults who are suspected offenders on a citation for a criminal offense, rather than having the person held in custody for a court appearance or released on bail.

Additional release restrictions may apply to those detained for domestic violence, as outlined in the Domestic Abuse Policy.

### 411.2  POLICY
The Newton Police Department will consider its resources and its mission of protecting the community when exercising any discretion to release suspected offenders on a citation or memorandum, when authorized to do so.

### 411.3  RELEASE
Officers have the discretion, with the exceptions listed below, to forego a lawful custodial arrest of a person and release them on the appropriate citation to appear (Iowa Code § 321.485; Iowa Code § 805.6).

### 411.4  PROHIBITIONS
Officers shall not forego a lawful custodial arrest in lieu of a citation release when:

(a)   There is reason to believe the person is a sexually violent predator (Iowa Code § 805.1).

(b)   The person was arrested for a felony.

(c)   The person was arrested for stalking (Iowa Code § 708.11).

See the Domestic Abuse Policy for release restrictions related to those investigations.

### 411.5  CONSIDERATIONS
In determining whether to cite and release a person when discretion is permitted, officers should consider (Iowa Code § 805.1):

(a)   The type of offense committed.

(b)   The known criminal history of the suspected offender.

(c)   The ability to identify the suspected offender with reasonable certainty.

(d)   Whether there is any record of the individual failing to appear in previous cases or other articulable indications that the individual may not appear in court for this offense.

(e)   The individual's ties to the area, such as residence, employment or family.

(f)   Whether there is reasonable likelihood that criminal conduct by the individual will continue.

Copyright Lexipol, LLC 2024/01/09, All Rights Reserved.
Published with permission by Newton Police Department

## Newton Police Department

### Policy Manual

Policy Manual

---

*Citation Releases*

_____

    (g)    The person appears under the influence and no one is available to safely take custody of the person.

    (h)    The person refuses to sign the citation.

Copyright Lexipol, LLC 2024/01/09, All Rights Reserved.
Published with permission by Newton Police Department

DEFS 0304

**Appx. 909**

Newton Police Department
Policy Manual

# Law Enforcement Authority

### 100.1  PURPOSE AND SCOPE

The purpose of this policy is to affirm the authority of the members of the Newton Police Department to perform their functions based on established legal authority.

### 100.2  POLICY

It is the policy of the Newton Police Department to limit its members to only exercise the authority granted to them by law.

While this department recognizes the power of peace officers to make arrests and take other enforcement action, officers are encouraged to use sound discretion in the enforcement of the law. This department does not tolerate abuse of law enforcement authority.

### 100.3  PEACE OFFICER POWERS

Sworn members of this department are authorized to exercise peace officer powers pursuant to applicable state law.

### 100.3.1  ARREST AUTHORITY WITHIN THE JURISDICTION OF THE NEWTON POLICE DEPARTMENT

The arrest authority within the jurisdiction of the Newton Police Department includes:

(a)   In compliance with an arrest warrant (Iowa Code § 804.7).

(b)   When the officer has probable cause to believe that a public offense was committed by the person to be arrested (Iowa Code § 804.7).

(c)   When the officer has probable cause to believe that the individual is a material witness to a felony who will likely be unavailable for service of a subpoena, provided that the officer (Iowa Code § 804.11):

　　1.   Identifies him/herself as an officer.

　　2.   Explains the reason for the arrest.

　　3.   Causes the witness to be taken to the nearest or most accessible magistrate to obtain a subpoena (Iowa Code § 804.23).

(d)   When the officer is in full uniform or displaying a badge or other insignia of authority and observes an individual violating or attempting to violate an order which affects the public generally during a state of emergency (Iowa Code § 29C.18).

### 100.3.2  AUTHORITY OUTSIDE THE JURISDICTION OF THE NEWTON POLICE DEPARTMENT

Officers have the same arrest authority outside the jurisdiction of the Newton Police Department as they do inside the jurisdiction of the Newton Police Department (Iowa Code § 804.7).

Copyright Lexipol, LLC 2024/01/09, All Rights Reserved.
Published with permission by Newton Police Department

# Newton Police Department
## Policy Manual
Policy Manual

---

*Law Enforcement Authority*

---

### 100.3.3   GRANTING AUTHORITY TO OTHERS
An officer making a legal arrest may orally summon as many persons as the officer reasonably finds necessary to aid the officer in making the arrest (Iowa Code § 804.17).

### 100.4   INTERSTATE PEACE OFFICER POWERS
The authority of officers may be extended to other states:

    (a)    As applicable under interstate compacts, memorandums of understanding or mutual aid agreements in compliance with the laws of each state (Iowa Code § 804.7B; Iowa Code § 806.1).

    (b)    When an officer enters the states of Wisconsin, Nebraska, Minnesota or Missouri in fresh pursuit of a person believed to have committed a felony (Wis. Stat. § 976.04 (Wisconsin); Neb. Rev. Stat. § 29-416 (Nebraska); Minn. Stat. § 626.65 (Minnesota); § 544.155, RSMo (Missouri)).

    (c)    When an officer enters South Dakota in fresh pursuit of a person believed to have committed a crime in the officer's presence (SDCL § 23A-3-9; SDCL § 23A-3-10 (South Dakota)).

    (d)    When an officer has entered Illinois in fresh pursuit of a person believed to have committed an offense (725 ILCS 5/107-4 (Illinois)).

If an officer makes an arrest in Wisconsin, Nebraska, Minnesota, Missouri, South Dakota or Illinois, the arresting officer shall cause the person to be taken without delay to a judge, magistrate or court in the jurisdiction where the arrest was made (Wis. Stat. § 976.04; Neb. Rev. Stat. § 29-417; Minn. Stat. § 626.66; § 544.155, RSMo; SDCL § 23A-3-12; 725 ILCS 5/107-4).

### 100.5   CONSTITUTIONAL REQUIREMENTS
All members shall observe and comply with every person's clearly established rights under the United States and Iowa Constitutions.

Copyright Lexipol, LLC 2024/01/09, All Rights Reserved.
Published with permission by Newton Police Department



# Exhibit F

### Plaintiff's Complaint
### And Demand for Jury Trial

*Noah Petersen*
*v.*
*City of Newton, Iowa, et al.,*

E-FILED 2022 OCT 24 2:15 PM JASPER CLERK OF DISTRICT COURT

**IN THE IOWA DISTRICT COURT IN AND FOR**

**JASPER COUNTY**

This Complaint and Affidavit is to be:

☒ Filed with Court Clerk (cc: CA)

☐ Submitted to County Attorney

☐ Filed with JCO - Defendant is a Juvenile

Agency Form Number: **22-31792**

Arrest Date: **10/24/2022**

## THE STATE OF IOWA

VS.

### OFFENDER

| Last | First | Middle | Suffix |
|------|-------|--------|--------|
| PETERSEN | NOAH | JAMES | |

| Address | City | State | Zip Code |
|---------|------|-------|----------|
| ▮▮▮▮ | ▮▮▮▮ | ▮▮ | ▮▮ |

| DL# | State | DL Class | DL Endorsements | DL Restrictions |
|-----|-------|----------|-----------------|-----------------|
| ▮▮▮▮ | IA | C | | B |

| Date of Birth | Gender | Race | Ethnicity |
|---------------|--------|------|-----------|
| ▮▮▮▮ | MALE | WHITE - W | NOT OF HISPANIC ORIGIN - N |

| Height | Weight | Eye Color | Hair Color |
|--------|--------|-----------|------------|
| 6' 00" | 240 LBS | BROWN - BRO | BROWN - BRO |

### OFFENSE

| | State ☒ | County ☐ | Local ☐ | Code Section 723.4(1)(D) | Crime Description DISORDERLY CONDUCT - DISRUPT/DISTURB LAWFULLY ASSEM | Speed | in | Zone |
|---|---|---|---|---|---|---|---|---|

| Class SMMS | Serious P.I. ☐ | Fatal Accident ☐ | Civil Damage Assessment ☐ | Other ☐ |
|------------|----------------|-------------------|---------------------------|---------|

Location Type
**11 - GOVERNMENT/PUBLIC BUILDING**

Literal Description
**WEST 4TH ST SOUTH**

| Address | City | State | Zip Code |
|---------|------|-------|----------|
| 101 W 4TH ST S | NEWTON | IA | 50208 |

| Is Date and Time of Incident Known? | Incident Date or Low Range | Upper Date Range | Incident Time or Low Range | Upper Time Range |
|-------------------------------------|----------------------------|------------------|----------------------------|------------------|
| YES | 10/24/2022 | | 18:25 | |

### STATUS OF OFFENDER/JUVENILE

| ☐ TAKEN INTO CUSTODY | ☐ CUSTODY | ☒ SUMMONS TO APPEAR (Citation Issued) |
|---|---|---|
| ☐ WARRANT REQUESTED | ☐ NO CONTACT ORDER REQUESTED | ☐ RELEASED TO PARENT/GUARDIAN |

### NARRATIVE

Narrative of Offense Committed

On or about the above stated date and time, the Defendant did

without lawful authority or color of authority, did disturb any lawful assembly or meeting of persons by conduct intended to disrupt the meeting or assembly

### SUMMONS     I promise to appear in said court at said time and place.

| Revising of assembly                                SUMMONS   I promise to appear in said court at said time and place. _(signature)_ Signature of Defendant | Court Date **11/15/2022** |
|---|---|
| | Court Time **8:30 AM** |

In the Court At  **JASPER COUNTY COURTHOUSE  101 FIRST STREET NORTH  ROOM 104, NEWTON 50208**

### VICTIM INFORMATION (Optionally displayed, especially if NCO is requested)

| Last | First | Middle | Suffix |
|------|-------|--------|--------|
| | | | |

Business/Organization/State/County/Municipality Name
**CITY OF NEWTON**

| Address | City | State | Zip |
|---------|------|-------|-----|
| 101 W 4TH ST S | NEWTON | IA | 50208 |

| Printed At   NEWTON POLICE DEPARTMENT | 10/24/2022 | 7:02 PM | Page  1  of  2 | Form #:  22-31792 |
|---|---|---|---|---|

## Appx. 913

E-FILED 2022 OCT 24 7:15 PM JASPER - CLERK OF DISTRICT COURT

### AFFIDAVIT

**STATE OF IOWA,**          **JASPER COUNTY**

I, the undersigned, being duly sworn, state that all facts contained in this Complaint and Affidavit, known to me or told to me by other reliable persons form the basis for my belief that  he defendant committed  his crime

State all facts and persons relied upon supporting elements of alleged crime

On 10-24-2022 the defendant was speaking at the scheduled city council meeting. During his presentation the defendant began speaking negatively towards the Mayor of Newton and the Police Chief. The defendant used the Mayor's name during his presentation after the Mayor and City Attorney warned all presenters of this. The defendant was asked to leave multiple times and the defendant advised he would need to be escorted out. The city council meeting had to be put on recess to have the defendant removed.

_____  BRISEL, DUSTIN          620

Signature of Complainant or Officer, Officer Name & Number

**GENERAL PROBABLE CAUSE**

| Defendant Implicated |
| --- |
| **02 - CAUGHT IN ACT, 08 - CRIME OBSERVED BY OFFICERS** |

| Operating Motor Vehicle in County | Other Physical Evidence | Attempted To Inflict Injury |
| --- | --- | --- |

**STATE OF IOWA,**          **JASPER COUNTY**

| NOTARIAL SEAL IOWA | Subscribed and sworn to before me by the person(s) signing the Complaint and Affidavit(s) on 10/24/2022 | | |
| --- | --- | --- | --- |
| | Notary Name          **RONALD J COOK** | Signature of Verifying Party | |
| | Commission Number          **220935** | | |
| | My Commission Expires          **02/12/2023** | ☐ Peace Officer   ☒ Notary   ☐ Prosecuting Attorney | |

EXHIBIT
23
8.14.24 CG
PENGAD 800-631-6989

Grid _____

Arrest # _____

Car # _____

Video # _____

rlc030102

## IOWA INCIDENT REPORT SUPPLEMENTAL
### NEWTON POLICE DEPARTMENT
101 W 4TH ST S
NEWTON, IA 50208
(641) 792-1547

| | | |
|---|---|---|
| **C** Case Number | Date of This Report | County in which Incident Occurred |
| **A** 22-31792 | 10/25/2022 | JASPER - 50 |
| **S** ORI Number | | |
| **E** NEWTON POLICE DEPARTMENT - IA0500100 | | |
| Date of Original Occurrence | | Type of Offense |
| **I** 10/24/2022 | | DISORDERLY CONDUCT |
| **N** Name - Last | First | Middle | Suffix |
| **F** PETERSON | NOAH | JAMES | |
| **O** Clearance Classification | | Investigative Status |

Clearance Classification: ☐ Unfounded  ☐ Exceptionally Cleared  ☑ Cleared by Arrest

Investigative Status: ☐ Open  ☑ Closed  ☐ Suspended

### Narrative

On 10-24-2022 at 1825 hours, I Officer Brisel was called over to City Hall, 101 W 4th St S, where Lt. Wing had arrested Noah Peterson (2-20-200) during a City Council meeting. Lt. Wing turned Noah over to me and advised he was being charged with disorderly conduct. I then advised Noah that I was going to search him before going into the police department.

After searching Noah I escorted him into the police department booking room where the handcuffs that Lt. Wing had placed on Noah's wrist were removed. I then typed up the disorderly conduct charge and explained the charge to Noah. I provided Noah with his court date of November 15th at 0830 hours, at the Jasper County Court House. I then provided Noah with a 24 hour trespass notice. I advised Noah that he could not return to the City of Newton administration building for 24 hours. Noah was provided a copy of this notice.

I then escorted Noah out of the police department front lobby at 1851 hours. This ended my involvement in this case.

| | | | |
|---|---|---|---|
| **O** Complainant/Reporting Party (Signature) | | | |
| **F** | | | |
| **F** | | | |
| **I** | | | |
| **C** Reporting Officer's Name - Last | First | Middle | Suffix |
| **E** BRISEL | DUSTIN | | |
| **R** Title | Badge Number | UserID | |
| PATROL OFFICER | 620 | 620 | |
| Assisting Officer / Admin Reviewer's Name - Last | First | Middle | Suffix |
| Title | Badge Number | UserID | |
| Supervisor's Name - Last | First | Middle | Suffix |
| WINCHELL | WAYNE | | |
| Title | Badge Number | UserID | |
| LIEUTENANT | 15 | 615 | |
| Incident Assigned to: | | | |

DEFS 0007

Appx. 915



EXHIBIT

24

8.14.24 CG

## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

|  |  |
|---|---|
| NOAH PETERSEN, | Law No. 4:23-cv-00408-SMR-SBJ |
| Plaintiff, | |
| v. | |
| CITY OF NEWTON, IOWA, MICHAEL HANSEN, Mayor of Newton, sued in his official and individual capacity, and ROB BURDESS, Chief of the Newton Police Department, sued in his official and individual capacity, | **DEFENDANTS' ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| Defendants. | |

**COME NOW**, Defendants City of Newton, Iowa, Michael Hansen, and Rob Burdess, by and through undersigned counsel, and hereby submits the following Answers to Interrogatories pursuant to Iowa Rules of Civil Procedure.

CITY OF NEWTON, MICHAEL
HANSEN, and ROB BURDESS,
Defendants,

By: _____
Jason C. Palmer   AT0006089
Georgia R. Rice   AT0015229
LAMSON DUGAN & MURRAY, LLP
1045 76th Street, Ste. 3000
West Des Moines, IA  50266
Telephone: (515) 823-0458
Facsimile: (515) 298-6536
Emails: jpalmer@ldmlaw.com
           grice@ldmlaw.com

ATTORNEYS FOR DEFENDANTS

1

Appx. 916

Copies to:

**Brian A. Morris\***
**Patrick Jaicomo\***
**James T. Knight II\***
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, Virginia 22203
Tel: (703) 682-9320
Emails: bmorris@ij.org
        pjaicomo@ij.org
        jknight@ij.org

**Gina Messamer**
PARRISH KRUIDENIER LAW FIRM
2910 Grand Avenue
Des Moines, Iowa 50312
Tel: (515) 284-5737
Email: gmessamer@parrishlaw.com


ATTORNEYS FOR PLAINTIFF NOAH PETERSEN
\*Admitted *Pro Hac Vice*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the 13th of May, 2024 by

☐ U.S. Mail        ☐ FAX
☐ Hand Delivered    ☐ UPS
☐ Federal Express    ☒ Other: Electronic Mail

*/s/ Rachel Butler*

2

**Appx. 917**

## DEFENDANTS' ANSWERS TO INTERROGATORIES

1.    Identify when the Derogatory Comments Rule was adopted.

**ANSWER: Defendants object to this Interrogatory as vague and overly broad. Subject to these objections and without waiving the same, City Clerk Katrina Davis received an email from Mayor Michael Hansen on November 12, 2019, regarding the language contained in each council agenda under "Citizen Participation." The first agenda the language appeared on was the November 18, 2019, City Council Agenda. This change was not passed or otherwise voted upon by the City Council. For more information, please refer to the email produced herewith Defendants' Responses to Requests for Production No. 8.**

3

**Appx. 918**

2.      State and describe each governmental interest that you contend was advanced by the Derogatory Comments Rule and the basis for that contention.

**<u>ANSWER</u>: Defendants object to this Interrogatory as overly broad and unduly burdensome in requesting *each* governmental interest advanced by the Derogatory Comments Rule. Moreover, Defendants object because this interrogatory calls for a legal conclusion. Subject to these objections, and without waiving the same, the Derogatory Comments Rule advanced the governmental interests of conducting orderly, efficient meetings that were limited in subject matter to issues germane to the public body.**

Appx. 919

3.      Identify every person arrested, cited, or civilly or criminally charged either (a) at a city council meeting, or (b) because of events, actions, words, or conduct that occurred at a city council meeting—as well as all dates, bases, and final dispositions for those arrests, citations, and charges.

**ANSWER: Defendants object to this Interrogatory to the extent that it is overly broad and not limited to time and scope. Subject to these objections and without waiving the same, Defendants do not recall at this time any person who was arrested, cited, or civilly or criminally charged either (a) at a city council meeting, or (b) because of events, actions, words, or conduct that occurred at a city council meeting, other than the Plaintiff Noah Petersen.**

Appx. 920

4.      Identify every person arrested, cited, or civilly or criminally charged for disrupting a lawful assembly under Newton Municipal Code 130.01(V) and Iowa Code § 723.4, as well as all dates, bases, and final dispositions for those arrests, citations, and charges.

**ANSWER: Defendants object to this Interrogatory as overly broad and unduly burdensome in requesting "*every* person arrested, cited, or civilly or criminally charged for disrupting a lawful assembly." Further, Defendants object to this Interrogatory because it is not limited to time and scope. Subject to these objections and without waiving the same, Defendants do not recall at this time any person being arrested, cited, or civilly or criminally charged for disrupting a lawful assembly under Newton Municipal Code 130.01(V) and Iowa Code § 723.4, other than the subject incidences.**

Appx. 921

5.      Identify every instance where the video feed of a city council was cut, disabled, turned off, paused, or otherwise made unavailable to the public between the beginning and end of a meeting, including during adjournments or recesses of those meetings.

**ANSWER: Defendants object to this Interrogatory to the extent that it is overly broad and not limited to time and scope. Subject to this objection and without waiving the same, Defendants state that every time the Council goes into a closed session, the video feed is stopped. Further, Defendants state the October 24, 2022, meeting is the only meeting which can be recalled at this time that was stopped due to any other reason.**

**Appx. 922**

6.      Identify every instance where a Newton police officer was ordered, instructed, or requested to remove a person from a city council meeting or from the podium at a city council meeting by the mayor, acting mayor, or other presiding city official.

**ANSWER**: **Defendants object to this Interrogatory to the extent that it is overly broad and not limited to time and scope. Subject to this objection, and without waiving the same, there is a vague recollection that a person was previously asked to leave a City Council meeting due to a mental health issue by Chief Rob Burdess, but Chief Rob Burdess does not recall being ordered, instructed, or requested to remove this person. Further, please refer to the City Council's Agendas & Minutes webpage containing video of past City Council meetings, agendas, and meeting minutes starting on January 4, 2021, through the present date. A link to the is provided herewith: https://www.newtongov.org/agendas-minutes.**

7.      Identify every instance where Newton prosecuted someone, after the Jasper County Attorney declined to prosecute that person, for charges arising from the same conduct.

**ANSWER: Defendants object to this Interrogatory as overly broad and unduly burdensome and not likely to lead to the discovery of admissible evidence in requesting "*every* instance Newton prosecuted someone, after the Jasper County Attorney decline to prosecute that person, for charges arising from the same conduct."**

**Appx. 924**

<u>VERIFICATION</u>

I hereby certify pursuant to the laws of the State of Iowa that I have read the attached Answers to Interrogatories and the information contained therein is correct to the best of my knowledge and information.

Dated this _____ day of May, 2024.

Rob Burdess
Chief of Police, City of Newton, Iowa

**Appx. 925**





EXHIBIT
25
8·14·24 G

# Newton City Council Agenda

### July 15, 2024 - 6:00 PM

*View the City Council Meeting:*

| **In Person** | **Television** | **Online** |
|---|---|---|
| City Hall - Council Chambers | Mediacom Channel | newtongov.org/cablecast |
| 101 W 4th St S, Newton, IA 50208 | 12/85/121.12 | |

**Pledge**

Pledge of Allegiance

**Call to Order**

1.  Roll Call

**Presentation**

2.  National League of Cities - Homeserve service line protection program - Jody Rhone, Utilities Director & Ashley Shiwarski, Sr. Director, Business Development HomeServe

**Citizen Participation**

3.  This is the time of the meeting that a citizen may address the Council. After being recognized by the presiding officer, each person will be given three (3) minutes to speak. Elected officials will take comments into consideration; however, this time is not intended for a discussion or entering into a dialogue. Elected officials and City staff will not answer questions or debate a citizen during the *Citizen Participation* portion of the meeting

**Consent Agenda**

4.  July 1, 2024 Regular City Council Meeting Minutes

5.  Approve Liquor Licenses for the following: Newton Lodge #1270, B.P.O. Elks- LF0000274, 111 East 2nd Street, S

6.  Certify Firefighter List

7.  Resolution levying assessments for costs of nuisance abatement and providing for the payment thereof (Schedule 24-07)

8.  Resolution fixing the amounts to be assessed against individual private properties for the abatement of nuisance violations (Schedule No. 24-08)

9.  Resolution approving Task Order 24-03 with Strand Associates Engineering for application assistance in completing the 2024 National Pollutant Discharge Elimination System (NPDES) permit

10. Resolution approving Westwood Creek pump repairs

11. Resolution approving Second amendment to contract with IEDA on $600,000 Downtown Housing Grant

12. Resolution authorizing the Iowa State University Child Passenger Safety Survey in the City of Newton Parks System

**Appx. 926**

13. Resolution approving payment to Axon, LLC for Police Department in-car and body camera system

14. Resolution approving payment to MyGov, LLC. for nuisance reporting software

15. Resolution approving a conflict waiver with Ahler's and Cooney P.C. and the City of Pella for law enforcement services at Iowa Speedway events

16. Resolution setting a public hearing for the sale of City-owned property at 315, 319, and 321 East 8th Street South in Newton, Jasper County, Iowa

17. Approve Bills

**Public Hearing**

18. Public Hearing on a Resolution awarding contract for the 2024-01 Downtown Streetscape Improvements Project

- N 2nd Ave E between 1st St N and E 4th St N, along with E 2nd St N and E 3rd St N between 1st Ave E and N 2nd Ave E, has had several asphalt resurfacing projects over the last 65 years, with the previous resurfacing project occurring between 36 and 38 years ago.
- The asphalt surface needs rehabilitation. Four of the five blocks have been widened to approximately 55 feet, eliminating the streetscape and causing poor street drainage.
- The street will be reconstructed 40 feet wide (measured face of curb to face of curb) with parallel parking and new sidewalks. Returning the street to near its original width will improve street drainage and provide a grass area between the curb and the sidewalk for aesthetic improvement, pedestrian streetscape lighting, and snow storage.

19. Resolution awarding contract for the 2024-01 Downtown Streetscape Improvements Project

20. Public Hearing on a Resolution awarding contract for the 2024 HMA Resurfacing Project

- S 8th Ave has had several asphalt resurfacing projects over the last 65 years, with the most recent occurring in 1993.
- With the expansion of the Newton Sanitary Landfill (NSL) convenience center, HMA is needed to finish the project. In addition, the landfill has seen extra traffic over the last ten years, requiring resurfacing of the entrance drive and other paved areas.
- The project will include milling and overlaying sections of S 8th Ave East and West and HMA improvements to the Newton Sanitary Landfill.
- City staff recommends awarding the project to the lowest responsive, responsible bidder, Manatt's Inc. of Newton, Iowa, with a bid of $279.175.85.

21. Resolution awarding contract for the 2024 HMA Resurfacing Project

**Appx. 927**

**Ordinance**

22. Second Consideration of an Ordinance amending the Code of Ordinances, City of Newton, Iowa, 2016, Title V, Chapter 53: Stormwater Utility

- At the October 19, 2020, City Council Meeting, the Newton City Council approved the creation of a Stormwater Utility Ordinance, which was the result of the City of Newton's need for funds to be dedicated to the sole purpose related to stormwater activities and to decrease the practice of diverting street funds away from streets and towards stormwater improvements.
- The ordinance established the Equivalent Residential Unit (ERU) of Four Thousand (4,000) square feet of impervious area as the official unit of measurement and an initial ERU rate of $4.00. The ERU rate increased to $4.25 on July 1, 2022 and to $4.50 on July 1, 2023. The initial ordinance did not include additional rate increases after July 1, 2023, and no increase was implemented on July 1, 2024.
- City Council considered nine different alternatives at Council Meetings on June 17, 2024 and July 1, 2024 and approved the first reading of an ordinance on July 1, 2024 that would increase stormwater rates by 6% in fiscal year (FY) 26, by 4% in FY27 & FY28, and by 3% in FY29 & FY30.

**Resolution**

23. Resolution approving change order #3 for the WPC Plant Improvements Project

- Council previously approved a contract for $5,897,300.00 on October 24, 2022, to Woodruff Construction LLC. for the WPC Plant Improvements Project. This project included multiple upgrades to the Water Pollution Control Treatment Plant, as well as the Southwest Pump Station.
- Change order #3 includes multiple items that have been combined into a single change order.
- The total amount of change order #3 is a deduct of ($97,365.04)

24. Resolution Authorizing Temporary Positions in the Utility Billing Division of the Administration Department

- The Utility Billing division in the Administration Department currently has 4 employees.  Two long-term employees with 55 years of experience will be retiring by February 1, 2026. In order to properly train and prepare the office for these retirements, the proposed succession plan for hiring temporary employees is recommended.
- By February 1, 2026, after all retirements, staffing in this office will be back to normal with 4 employees.

25. Resolution Authorizing Amendments to the City of Newton Employee Handbook Regarding Clothing Allowances

**Appx. 928**

- The recommended changes amend the Fire Supervisor's clothing allowance to match the Firefighters union contract by paying out the clothing allowance annually versus accruing funds, which eliminates the additional administrative tracking.
- Additionally, due to the reorganization of Community Services into Community Development, Sec. 3 would be amended, eliminating any Community Services reference and adding Parks & Recreation language.

26.   Resolution adopting the nuisance abatement contractor rate

- The City continues to work towards better curb appeal and improved aesthetics within the community.
- The City abates violations that remain non-compliant through the use of private contractors after the initial warning period.
- Staff is purposing the contractor abatement rate be increased from $60 per hour to $100 per hour with a 1-hour minimum to help offset the rising operational costs.

**Mayor/Council Comments**

27.   Mayor and Council Comments

**Adjourn**

The City of Newton is pleased to provide reasonable accommodations, in compliance with the Americans with Disabilities Act, for those individuals or groups who require assistance to be able to participate in the public meeting.  Should special accommodations be required, please contact the City Clerk's Office at least 48 hours in advance of the meeting, at 641-792-2787 to arrange for accommodations to be provided.

**Find us online: www.newtongov.org**

**Appx. 929**

Press Release - Disorderly Conduct.pdf

# NEWS RELEASE



## Police Department

**For Immediate Release**

**Date:**      October 4, 2022
**Contact:**   Rob Burdess, Chief of Police
**Phone:**     (641) 791-0850

# Disorderly Conduct Arrest

During the October 3, 2022 City Council meeting a Newton resident, later identified as Noah Petersen, requested to make a public comment during the designated citizen participation portion of the City Council agenda. Petersen approached the podium and began speaking in a manner that was deemed to be in violation of the stated rules for citizen participation. Petersen was directed by the Mayor to sit down or leave the meeting. Petersen became disruptive and refused several directives by law enforcement to leave the podium as directed. He was subsequently arrested for disorderly conduct and transported to the Jasper County Jail.

*A criminal charge is merely an accusation and the defendant is presumed innocent until and unless proven guilty.*

| Iowa Criminal Classification | Potential Criminal Penalty |
|---|---|
| Simple Misdemeanor | Up to 30 days in jail and $625 in fines |
| Serious Misdemeanor | Up to 1 year in jail and $1875 in fines |
| Aggravated Misdemeanor | Up to 2 years imprisonment and $6250 in fines |
| Class D Felony | Up to 5 years imprisonment and $7500 in fines |
| Class C Felony | Up to 10 years imprisonment and $10,000 in fines |
| Class B Felony | Up to 25 years imprisonment |
| Class A Felony | Up to life imprisonment |

Appx. 930

CITY COUNCIL WORKSHOP MINUTES
NOVEMBER 28, 2022, 6:00 PM
NEWTON ARBORETUM

The City Council of Newton, Iowa met in special session at 6:00 pm, on the above date at the Newton Arboretum and Botanical Gardens, 3000 N 4th Ave E., Newton, Iowa 50208.  Mayor Hansen presided.  Present: Council Members Hallam, Dalton, George, Trotter, Wade. Absent: Ervin.  Also in attendance:

City Administrator, Matt Muckler reviewed the results of the August 29, 2022 Workshop. The first council priority was to review the 2018 Procedural Rules of the Newton City Council.

Council discussion ensued regarding the 2018 Procedural Rules of the Newton City Council.  Attorney Patrick Burk was present for consultation regarding the rules.  Council presented potential changes to various rules that staff will prepare and bring back to council for a vote.

Community Development Director, Erin Chambers presented on Envision 2042 Strategy which is part of the Comprehensive Plan Update. The four objectives include Establish Newton as a compelling destination, focus efforts on population and business growth, elevate curb appeal, and maintain existing infrastructure.  Chambers presented a plan to focus on tourism and the downtown businesses in order to put emphasis on the first objective.

Moved by George, seconded by Dalton to adjourn the meeting at 8:26 PM.  Motion unanimously carried by voice vote.


_____
Michael L. Hansen, Mayor


_____
Katrina Davis, City Clerk

**Public Participation Guidelines for City Council Meetings**

**Part V.  Citizen Participation- Items Included in the consent agenda or not on the agenda**

Rule 33. Citizen's Right to Address Council. The City of Newton is supportive of citizen participation at City Council meetings. In order to ensure that citizen participation occurs in an orderly fashion, the guidelines below must be utilized by persons wishing to speak at the Council meeting. By following these guidelines, persons can be assured that their viewpoint, concerns and comments are brought to the attention of the Council members prior to and during their decision-making process.

Rule 34. Manner of Addressing Council. A person desiring to address the Council must first be recognized by the Mayor. After being recognized by the Mayor, speakers shall proceed to the podium, use the microphone, state his or her name, address, and group affiliation (if any), speak clearly and address his or her comments to the presiding officer.

Rule 35. Time Limit on Citizen's Remarks. Citizens shall be limited to three minutes speaking time per item. Total citizen input on any subject under Council consideration can be limited to a fixed period by the presiding officer. A three-fourths vote of the Council may extend the time limitations of this rule.

Rule 36. Remarks of Citizens to be Germane. Citizen comments must be directed to the subject under consideration and must be related to City policies or the provision of City services. If the presiding officer finds it appropriate, he or she may refer items not on the agenda to further study by City staff or to a City board or commission. Citizens making irrelevant remarks or who use profanity may be barred by the presiding officer from further comment before the Council during the meeting. The presiding officer shall rule on the germaneness of citizen comments.

| | |
|---|---|
| **From:** | Palmer, Jason |
| **To:** | Brian Morris; Gina Messamer (gmessamer@parrishlaw.com) |
| **Subject:** | Email Questions |
| **Date:** | Friday, September 13, 2024 10:46:44 AM |
| **Attachments:** | image385709.png |

Hi Brian and Gina—

Again, please delete the last two emails---they contain attorney client communications.

The answers are as follows:
The answers to your email questions are in red below:

- During Katrina's deposition, she also mentioned (1) the IT policy about deleting emails, (2) that, at some point, the city deleted Mayor Hansen's old email account, so those emails are no longer accessible, and (3) that the city receives a large volume of emails about Noah or Tayvin that it deletes.

- For the first issue, can you please provide a copy of the relevant IT policy? There is no written or council approved policy on deleting emails.

- For the second issue, do you know the date when Mayor Hansen's old email account was deleted? October 4. 2022.

- And for the third issue, I had two questions.  First, do you know approximately how many emails were deleted? We do not, but can safely say at least hundreds.  And second, is the town still deleting those messages—or are those messages being saved somewhere? To my knowledge, the City is no longer receiving emails, but that is not to say some individual employees receive some.  There is not one central location in which they are being saved.

When will you be responding regarding the patient's waiver?

Thank you!

Jason

**JASON PALMER**
PARTNER
6400 Westown Pkwy  | West Des Moines, IA  50266
ste. 280
M: (515) 823-0458
jpalmer@ldmlaw.com | www.ldmlaw.com

E-FILED          DACV122471 - 2021 OCT 01 10:17 AM          JASPER
                 CLERK OF DISTRICT COURT                     Page 1 of 3

| ORDER OF PROTECTION | 05501  DACV122471 |
|---|---|
| This order can be verified during business hours with **Jasper County Clerk of Court at (641)792-3255** or at any time with the **Jasper County Sheriff at (641)792-5912** | Judge: **Richard B Clogg** County **JASPER** State **IOWA**<br><br>**PROTECTIVE ORDER BY CONSENT AGREEMENT** (Section 236.3 Petition)<br><br>**ISSUE DATE: 10/01/21** |

| PETITIONER/PROTECTED PARTY: COURTNEY VIOLA VANDERHART | Other Protected Persons: |
|---|---|

VS.

| RESPONDENT/DEFENDANT: NATHAN MICHAEL WINTERS | RESPONDENT  Date of Birth 1997 Address for Respondent (not shared address with Protected Party) |
|---|---|
| **CAUTION:** ☐  If checked, FIREARMS WARNING for Law Enforcement | Knoxville, Iowa |

**THE COURT HEREBY FINDS:**
It has jurisdiction over the parties and subject matter and the respondent has been provided with reasonable notice and opportunity to be heard. **Additional findings are set forth below.**

**THE COURT HEREBY ORDERS:**
The above named Respondent is restrained from committing further acts of abuse or threats of abuse.  The above named Respondent is restrained from any contact with the Petitioner/Protected Party.  **Additional terms of this order and exceptions to the above provisions are as set forth below.**

This order shall remain in effect until **October 1, 2022** unless it is modified, terminated, extended, or superseded by written order of the court, or until the dismissal of the case.

**WARNINGS TO RESPONDENT:**
**This order shall be enforced, even without registration, by the courts of any state, the District of Columbia, and U. S. Territory, and any tribal jurisdiction.  18 U.S.C. 2265.  Crossing state, territorial, or tribal boundaries to violate this order may result in federal imprisonment.  18 U.S.C. 2262.  Only the court can change this order.**

**Federal <u>and state</u> laws provide penalties for possessing, transporting, shipping, or receiving any firearm or ammunition. (18 U.S. C. 992(g)(8)); <u>Iowa Code Section 724.26(2)(a).</u>**

**Only the court can change this order.**

On 10/01/21, a hearing was held on the Petition for relief from domestic Abuse.  The following persons were present and participated in the hearing: **Courtney Vanderhart and Nathan Michael Winters ad counsel of record for each party.**.

**Appx. 934**

E-FILED          DACV122471 - 2021 OCT 01 10:17 AM          JASPER
CLERK OF DISTRICT COURT                              Page 2 of 3

The court FINDS by a preponderance of the evidence:

(1)  Respondent was personally served with a copy of the petition and the temporary protective order containing notice of this hearing.

(2)  The parties appeared and each consented to the entry of this order

Therefore, pursuant to Iowa Code Chapter 236, the court ORDERS as follows:

1.  Respondent shall not threaten, assault, stalk, molest, attack, harass or otherwise abuse the protected party.  Respondent shall not use, or attempt to use, or threaten to use physical force against the protected party that would reasonably be expected to cause bodily injury.

2.  Respondent shall not communicate with the protected party in person or through any means including third persons.  This restriction shall not prohibit communication through legal counsel.

3.  The protected party shall have exclusive possession of the residence located at 505 W Lincoln ST, Apt #1, Monroe, IA 50170.  Respondent shall not go to, enter, occupy or remain in that residence or any other residence in which the protected party is staying, under any circumstance.

4.  Additional Provisions are as follows:

Nothing in this Order prohibits the Repondent from conducting official police business. However, the Respondent shall not enter the dispatch room if the parties are on duty at the same time. Respondent shall have no contact with Protected Party other than emergency radio contact.
 seal the entire file from public access, other than court orders and child support payment records.

Respondent was personally served with a copy of this order by the court.

The clerk of court shall provide copies of this order to the parties and law enforcement agencies, pursuant to Iowa Code sections 236.5(5) and 664A.4.

5RDA03

If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 286-3394 or information at https://www.iowacourts.gov/for-the-public/ada/. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

**Appx. 935**

E-FILED          DACV122471 - 2021 OCT 01 10:17 AM          JASPER
                 CLERK OF DISTRICT COURT                    Page 3 of 3



State of Iowa Courts

| Case Number | Case Title |
| --- | --- |
| DACV122471 | COURTNEY VIOLA VANDERHART VS' NATHAN MICHAEL WINTERS |
| **Type:** | PROTECTIVE ORDER |

So Ordered

Richard B. Clogg, District Court Judge,
Fifth Judicial District of Iowa

Electronically signed on 2021-10-01 10:17:27

**Appx. 936**

E-FILED        DACV122471 - 2023 FEB 22 03:35 PM        JASPER
                    CLERK OF DISTRICT COURT                    Page 1 of 3

Rule 4.200--Form 4.203: *Cancellation, Modification, or Extension of Protective Order--Domestic Abuse (Iowa Code chapter 236)*

| **Cancellation, Modification, or Extension of Protective Order--Domestic Abuse** Iowa Code chapter 236 | 05501  DACV122471 Judge Terry Rickers **County JASPER   State IOWA** Issue Date 02/22/23 |
|---|---|

To verify this order during business hours, contact the JASPER County Clerk of Court office at (641) 792-3255, or anytime with the JASPER County Sheriff's Office at (641) 792-5912.

| **Plaintiff or Protected Person** COURTNEY VIOLA VANDERHART v. **Defendant** NATHAN MICHAEL WINTERS **CAUTION:** ☒ If checked, **FIREARMS WARNING** for Law Enforcement | **Other Protected Persons** *use initials and birth year for minor children* Defendant's date of birth 1997 Defendant's address ***cannot be same as Plaintiff's or Protected Person's address*** Knoxville, Iowa |
|---|---|

If you need assistance to participate in court due to a disability, call the disability coordinator at (515) 286-3394 or information at https://www.iowacourts.gov/for-the-public/ada/. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**

**The court finds**

The court has jurisdiction over the parties and the subject matter.  Defendant was provided with actual notice of this hearing and an opportunity to participate. **Additional findings are below.**  This order is in effect upon service on Defendant.

**Notice to Defendant**

1.  This order is enforceable in every state, U.S. Territory, tribal jurisdiction, and the District of Columbia.  Violating this order outside the State of Iowa may result in federal imprisonment. 18 U.S.C. section 2262.

2.  **Federal and Iowa felony criminal penalties for possessing, transporting, shipping, or receiving any firearms, offensive weapons, or ammunition apply as long as a qualifying protective order is in effect.** 18 U.S.C. sections 922(d)(8), (g)(8); Iowa Code section 724.26(2).

**The court orders**

The Protective Order is **extended** to **February 22, 2024**.

**Notice for law enforcement**

Any peace officer with probable cause to believe Defendant has violated this order **must** immediately arrest Defendant.  Iowa Code sections 236.11(1).

The court  enters this order on whether to cancel, modify, or extend the Iowa Code chapter 236 Protective Order issued on OCTOBER 1, 2021.

With hearing.  The court held a hearing regarding the request.  Participating in the hearing were:

Plaintiff or Protected Person

**Appx. 937**

E-FILED          DACV122471 - 2023 FEB 22 03:35 PM          JASPER
                          CLERK OF DISTRICT COURT                Page 2 of 3

With attorney representation.
Defendant
    With attorney representation.

**Following commencement of the hearing, the parties informed the Court that they were willing to extend the existing protective order by consent. This consent order is entered without any findings regarding the Petitioner's allegations in this case. Nothing in this order prohibits the Respondent/Defendant from conducting official police business. Respondent/Defendant shall call dispatch only for official police purposes if the Protected Party is on duty. Respondent/Defendant may only enter the building through the jail when the Protected Party is on duty. These determinations are hereby incorporated into the additional findings and order set forth below.**

## The court finds

   >  Defendant was personally served with a copy of the Request to Cancel, Modify, or Extend an Iowa Code chapter 236 Protective Order containing notice of the date and time of this hearing.

## The court orders

The Iowa Code chapter 236 Protective Order as issued on OCTOBER 1, 2021 is **extended** to FEBRUARY 22, 2024.
Court costs are waived.
The clerk of court will reflect this change in status on the IOWA System (the protective and no contact order registry) and notify law enforcement regarding this order.
The clerk of court will provide copies of this order to Plaintiff, Defendant, any counsel of record, the Jasper County Sheriff in the county where Defendant resides, and the 24-hour dispatcher in the county where Defendant resides required by Iowa Code sections 236.5(6) and 664A.4. If the Jasper County Sheriff determines that Defendant resides in another county, the Jasper County Sheriff will send the order to the County Sheriff where Defendant resides for service of the order.

**Both parties were served with a copy of this order by the Court.**

YDA203

E-FILED                    DACV122471 - 2023 FEB 22 03:35 PM          JASPER
                               CLERK OF DISTRICT COURT                    Page 3 of 3



State of Iowa Courts

**Case Number**          **Case Title**
DACV122471               COURTNEY VIOLA VANDERHART VS' NATHAN MICHAEL

                         WINTERS
**Type:**                Order GRANTING Motion to Extend Protective Order/NCO

So Ordered

Terry Rickers, District Court Judge,
Fifth Judicial District of Iowa

Electronically signed on 2023-02-22 15:35:09

**Appx. 939**