# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| **NOAH PETERSEN**, *Plaintiff,* <br><br> v. <br><br> **CITY OF NEWTON, IOWA**, **et al.**, *Defendants.* | Civil Action No.: 4:23-cv-00408-SMR-SBJ <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

**COMES NOW** Plaintiff Noah Petersen and for his response to Defendants' statement of undisputed material facts in support of Defendants' motion for summary judgment, states as follows:

1. Plaintiff admits ¶ 1.
2. Plaintiff admits ¶ 2.
3. Plaintiff admits ¶ 3.
4. Plaintiff admits ¶ 4.
5. Plaintiff admits ¶ 5.
6. Plaintiff admits ¶ 6.
7. Plaintiff admits ¶ 7.
8. Plaintiff admits ¶ 8.

9.  Plaintiff qualifies ¶ 9 by stating that the city administrator directed all department heads, including Chief Burdess, to attend city council meetings. (Burdess Tr. 17:9–21, Petersen Appx. 533.)[1]

10. Plaintiff admits ¶ 10.

11. Plaintiff admits ¶ 11.

12. Plaintiff admits ¶ 12.

13. Plaintiff admits ¶ 13.

14. Plaintiff admits ¶ 14.

15. Plaintiff admits ¶ 15.

16. Plaintiff admits ¶ 16.

17. Plaintiff admits ¶ 17.

18. Plaintiff admits ¶ 18.

19. Plaintiff admits ¶ 19.

20. Plaintiff admits ¶ 20.

21. Plaintiff admits ¶ 21.

22. Plaintiff admits ¶ 22.

---

[1] Plaintiff refers to his appendix filed with his Motion for Summary Judgment, (Docs. 27-2 through 27-5), as "Petersen Appx." A hard copy of the appendix was delivered to the Court. In responding to Defendants' Motion for Summary Judgment, Plaintiff does not rely on any new documents. Thus, in both this response to Defendants' statement of material facts and in Plaintiff's response to Defendants' motion for summary judgment, Plaintiff cites to his appendix, Petersen Appx., and his Statement of Undisputed Facts ("SOF"), (Doc. 27-1), in lieu of refiling the documents here. *See* Local R. 56(b)(3)–(4).

23. Plaintiff qualifies ¶ 23 by stating that City Council had the ability to change any agenda item if a majority of the City Council members voted to do so, (Hansen Tr. 22:19–23:10, Petersen Appx. 312–13), and that the City Council did eventually change the language to the Citizen Participation language in ¶ 22, (Newton Tr. 45:16–22, Petersen Appx. 715).

24. Plaintiff admits ¶ 24.

25. Plaintiff admits that other individuals spoke during the "Citizen Participation" period regarding the City's rental inspection program, but Plaintiff qualifies the rest of ¶ 25 by stating that residents were concerned about the contractor that the city hired to perform rental inspections, (Hansen Tr. 114:5–8, Petersen Appx. 404), which included several comments about the rental inspector, (Oct. 3 Video 17:40–21:40 (Fred Rhodes), Petersen Appx. 881; 25:40–26:40 (Barney Bushore); 35:10–34 (Dana VanGilder); 38:45–39:05 (Dave McNear); and that, according to Mayor Hansen, Fred's comment about the rental inspector was "totally false," (Hansen Tr. 117:19–22, Petersen Appx. 407), and Dana's comment about the rental inspector was "wrong," (Hansen Tr. 128:16–24, Petersen Appx. 418).

26. Plaintiff denies ¶ 26. Plaintiff has identified examples of other speakers, including Fred Rhodes and Dana VanGilder, who made comments similar to Plaintiff's comments, but Defendants did not take any adverse actions or enforce the Derogatory Comments Rule against the other speaker. (Petersen MSJ 40–41.)

27. Plaintiff qualifies ¶ 27 by stating that Mayor Hansen also believed that the comments complied with the meeting's rules for other reasons, including that a

comment "was just an opinion" or "was without foundation [or] merit," (Hansen Tr. 117:23–118:4, Petersen Appx. 407–08); a comment "didn't rise to the level of trying to damage the rental inspector's reputation," (Hansen Tr. 118:4–6, Petersen Appx. 408); a comment didn't "lend to any false statement," (Hansen Tr. 124:6–15, Petersen Appx. 414); or a comment was "just the generic term," (Hansen Tr. 130:14–131:8, Petersen Appx. 420–21). Mayor Hansen also explained that comments complied with the meeting's rules because he "knew what [the speaker] was talking about," (Hansen Tr. 123:8–124:5, Petersen Appx. 413–14); he called the speaker after the meeting to explain why the comment was "wrong," (Hansen Tr. 128:16–24, Petersen Appx. 418), or he had "no basis to know whether [the comment was] true or not," (Hansen Tr. 129:25–130:10, Petersen Appx. 419–20).

    28.    Plaintiff admits ¶ 28.

    29.    Plaintiff admits ¶ 29.

    30.    Plaintiff admits ¶ 30.

    31.    Plaintiff admits ¶ 31.

    32.    Plaintiff admits ¶ 32.

    33.    Plaintiff qualifies ¶ 33 by stating that Mayor Hansen believed Plaintiff's speech was defamatory because Mayor Hansen believed Noah "intended to defame the police chief, the police department, and the individual he identified was an abuser," (Hansen Tr. 133:18–23, Petersen Appx. 423), and because Mayor Hansen believed Noah made "false statements" that the Newton police department "were a

violent organization, that they were a violator of civil and human rights," (Hansen Tr. 134:9-12, Petersen Appx. 424).

34. Plaintiff denies ¶ 34. Mayor Hansen called up Chief Burdess "[b]ecause Mr. Petersen refused to stop talking." (Hansen Tr. 137:5–7, Defendants App. 44.)

35. Plaintiff denies ¶ 35. Chief Burdess arrested Plaintiff because Mayor Hansen decided that Noah's government criticism violated the Derogatory Comments Rule. (Hansen Tr. 137:21–138:1, Petersen Appx. 427–28; Burdess Tr. 55:4–11, Petersen Appx. 571.)

36. Plaintiff admits ¶ 36.

37. Plaintiff admits ¶ 37.

38. Plaintiff admits in ¶ 38 that Chief Burdess said he "believed" those things, but Chief Burdess lacked probable cause to arrest Plaintiff for disorderly conduct, Mayor Hansen did not issue a lawful order for Plaintiff to leave the meeting, (*see* Petersen MSJ 45–47), and Plaintiff did not leave the meeting because he "wasn't going to give up [his] rights willingly," (Petersen Tr. 117:16–20, Petersen Appx. 278).

39. Plaintiff denies ¶ 39. To determine whether there was probable cause to arrest Noah, Chief Burdess relied on Mayor Hansen's determination that Noah's speech violated the Derogatory Comments Rule. (Burdess Tr. 49:17–21, 50:15–20, Petersen Appx. 565–66.) And as Plaintiff explained, it is impossible to divorce Noah's alleged violations of the Newton's disorderly conduct laws from Noah's speech and alleged violation of the Derogatory Comments Rule. (Petersen MSJ 32–34.)

40. Plaintiff qualifies ¶ 40 by stating that Chief Burdess testified in his deposition that "in [his] mind" he said that he had a "good-faith believing that these rule were clearly vetted like every other rule and law we've got on the books have been." (Burdess Tr. 75:17–23, Defendants App. 016.)

41. Plaintiff admits ¶ 41.

42. Plaintiff admits ¶ 42.

43. Plaintiff admits ¶ 43.

44. Plaintiff admits ¶ 44.

45. Plaintiff admits ¶ 45.

46. Plaintiff admits ¶ 46.

47. Plaintiff admits ¶ 47.

48. Plaintiff admits ¶ 48.

49. Plaintiff admits ¶ 49.

50. Plaintiff admits ¶ 50.

51. Plaintiff admits ¶ 51.

52. Plaintiff admits ¶ 52.

53. Plaintiff admits ¶ 53.

54. Plaintiff admits ¶ 54.

55. Plaintiff qualifies ¶ 55 by stating that before the quote in ¶ 55, Mayor Hansen also testified, "A fascist to me is somebody that is—it's a derogatory, defaming label of somebody that would kill at a moment's notice." (Hansen Tr. 166:2–4, Defendants App. 047.)

56. Plaintiff admits ¶ 56.

57. Plaintiff admits ¶ 57.

58. Plaintiff admits ¶ 58.

59. Plaintiff qualifies ¶ 59 by stating that, before the October 24, 2022 meeting, Mayor Hansen, Chief Burdess, and the city administrator "came to [a] conclusion" about what to do "if there was a violation of the rules and the person didn't leave the chambers as directed." (Burdess Tr. 98:3–16, Petersen Appx. 614; Burdess Tr. 101:6–13, Petersen Appx. 617; Hansen Tr. 146:25–147:7, Petersen Appx. 436–37.) The plan included arresting and charging "disorderly conduct or some other crime" "if there was a violation of the rules and the person didn't leave the chambers as directed." (Burdess Tr. 98:8–16, Petersen Appx. 614; Burdess Tr. 101:6–13, Petersen Appx. 617.) The plan also included giving "Noah or somebody else" a no-trespass order if this happened again. (Burdess Tr. 86:24–87:20, Petersen Appx. 602–03; Burdess Tr. 98:21–25, Petersen Appx. 614.) And the plan included Chief Burdess directing Lieutenant Wing to be at the next meeting, along with another officer in the police station watching the live feed of the city council meeting. (Burdess Tr. 103:22–104:4, Petersen Appx. 619–20; *see also* Petersen MSJ 48–50 (explaining how the second arrest was made pursuant to an "official policy" or plan "motivated by retaliation" created by Mayor Hansen, Chief Burdess, and the city administrator).)

60. Plaintiff qualifies ¶ 60 by stating the same qualification as ¶ 59.

61.  Plaintiff qualifies ¶ 61 by stating the same qualification as ¶ 59. Further, while Chief Burdess said he "believed" there was probable cause to arrest Plaintiff, Chief Burdess lacked probable cause to arrest him. (Petersen MSJ 45–47.)

62.  Plaintiff qualifies ¶ 62 by stating that Chief Burdess said he "believed" Plaintiff intentionally created a disturbance "because he's being asked to be walked out, and he did that on two occasions," and Chief Burdess "do[esn't] know why you would ask to be walked out if . . . you weren't trying to create some type of disturbance to the meeting," (Burdess Tr. 110:24–111:9), and that Plaintiff testified that he "wasn't going to give up [his] rights willingly," (Petersen Tr. 117:16–20, Petersen Appx. 278).

63.  Plaintiff qualifies ¶ 63 by stating the same qualifications as ¶¶ 35, 59.

64.  Plaintiff admits ¶ 64.

65.  Plaintiff admits ¶ 65.

66.  Plaintiff admits ¶ 66.

67.  Plaintiff admits ¶ 67.

68.  Plaintiff admits ¶ 68.

69.  Plaintiff admits ¶ 69.

70.  Plaintiff admits ¶ 70.

71.  Plaintiff admits ¶ 71.

72.  Plaintiff admits ¶ 72.

73.  Plaintiff admits ¶ 73.

74. Plaintiff qualifies ¶ 74 by stating that the state trial court said, "After reviewing the briefings, argument, and applicable law, the Court finds probable cause is sustained for the above charge." (Order Denying Mot. To Dismiss & Verdict, Defendants App. 109.)

75. Plaintiff admits ¶ 75.

76. Plaintiff qualifies ¶ 76 by stating the same qualification as ¶ 74.

77. Plaintiff admits ¶ 77.

78. Plaintiff admits ¶ 78.

79. Plaintiff admits ¶ 79.

80. Plaintiff admits ¶ 80.

81. Plaintiff admits ¶ 81.

Date: October 28, 2024.                                  Respectfully submitted,

/s/ *Brian A. Morris*
Brian A. Morris*
Patrick Jaicomo*
James T. Knight II*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, Virginia 22203
Tel: (703) 682-9320
bmorris@ij.org
pjaicomo@ij.org
jknight@ij.org

Gina Messamer (AT0011823)
PARRISH KRUIDENIER LAW FIRM
2910 Grand Avenue
Des Moines, Iowa 50312
Tel: (515) 284-5737
gmessamer@parrishlaw.com

*Counsel for Plaintiff Noah Petersen*
*Admitted *Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on October 28, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all registered participants identified on the Notice of Electronic Filing.

                                                    */s/ Brian A. Morris*
                                                    Brian A. Morris